UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
EUREKA V LLC,                             :
        Plaintiff,                       :    Civil Action No.
                                         :
                                         :    3 02 CV 356 (DJS)
VS.                                       :
                                         :
THE TOWN OF RIDGEFIELD, THE BOARD OF       :
SELECTMEN OF THE TOWN OF RIDGEFIELD,       :
THE BOARD OF FINANCE OF THE TOWN OF        :
RIDGEFIELD, THE ECONOMIC DEVELOPMENT       :
COMMISSION OF THE TOWN OF RIDGEFIELD,      :
THE BENNETT'S FARM DEVELOPMENT             :
AUTHORITY, and BARBARA SERFILIPPI, IN      :
HER OFFICIAL CAPACITY AS THE TOWN          :
CLERK OF THE TOWN OF RIDGEFIELD,           :
                                         :
        Defendants.                     :    OCTOBER 27, 2004
---------------------------------------------------------------x

## PLAINTIFF EUREKA V LLC'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO AMEND OR SUPPLEMENT DEFENSES

Plaintiff Eureka V LLC ("Eureka") submits this memorandum in opposition to Defendants' Motion to Amend or Supplement Defenses dated October 6, 2004 ("Motion"). Defendants' Motion should be denied because the proposed new defenses, based on collateral estoppel, are futile.

The trial in Ridgefield v. Eureka, CV-01-0344176 S (Conn. Sup. Ct., J.D. Danbury) (August 26, 2004) involved an entirely different parcel of land than at issue here. The feasibility of Eureka's Affordable Housing Master Plan of Development was not actually litigated and was not necessarily determined in the State Case -- *it was not at issue at all in that case* -- and the Judgment most certainly is not dependent upon the determination of that issue. Moreover, even if the court were to conclude that Eureka's

initial plans for affordable housing were not technically "feasible," that could not possibly constitute a defense to Ridgefield's taking of Eureka's property in bad faith, for an improper purpose and as a pretext to thwart any affordable housing on the site.

## PRELIMINARY STATEMENT

Ridgefield seeks to add two new "affirmative defenses" based on findings it claims were made in <u>Ridgefield v. Eureka</u>, CV-01-0344176 S (the "State Case"), a trial of the value of the 458 acre North Parcel that was taken by Ridgefield by eminent domain for open space. Even though that case involved land that is not the subject of this action, Ridgefield claims that the State Court has "unequivocally and definitively" decided that Eureka's Affordable Housing Master Plan is not "reasonably probable or physically possible." Defendant's Memorandum in Support of Motion for Summary Judgment ("Def. Memo") at 2. This assertion is absolutely false.

The only residential development at issue in the State Case concerned a potential subdivision [10 lots] on the 245 acres zoned for residential use, about which the appraisers differed as to whether open space or residential development was the highest and best use. The potential of the balance of the entire Bennett's Farm Property to support residential development, as contemplated by Eureka's Affordable Housing Master Plan, was never an issue in the State Case, let alone one that was decided adversely to Eureka. That issue could only have been actually litigated and necessarily determined if Eureka and its appraisers had argued that the North Parcel should be valued in accordance with the zone change necessary for Eureka's Affordable Housing Master Plan, an argument Eureka never made.

In reality, the only potential estoppel effect of the State Court decision is against Ridgefield. The State Court squarely held that commercial development on the CDD zoned portion of the North Parcel, which Ridgefield's expert appraiser estimated would support some 800,000 square feet of office development [and which is where the bulk of Eureka's affordable housing was to be built], was reasonably probable and physically possible. This necessarily included a finding that sewer and water were reasonably available to support that development and, a fortiori, that residential development of the site is feasible, the only question being the number of units that could be built on the site.

Moreover, even if Eureka's initial plans for affordable housing were somehow determined not to be "feasible," i.e., not all 710 units (including a 10 lot subdivision) could be built for whatever reason, Ridgefield has made absolutely no showing of how that could possibly be a defense to Plaintiff's claims. Ridgefield has mischaracterized Plaintiff's claims as being dependant on the feasibility of its Affordable Housing Master Plan, when the precise number of units of affordable housing that ultimately might be constructed on the site is simply irrelevant to whether a municipality may take property to thwart affordable housing and violate Federal Fair Housing laws. Ridgefield has not cited to anything in support of its claim that these "affirmative defenses" are or even could be defenses to Plaintiff's claims, or that it is entitled to judgment as a matter of law on any of these defenses.

Indeed, the very notion that the law would condone a municipality taking property in bad faith and to stop affordable housing, simply upon a showing by the municipality that the property owner's initial proposed development was not technically "feasible" is

absurd. Accordingly, the Court should deny Ridgefield's motion to add the Ninth and Tenth Defenses because such defenses would be futile.

## STANDARD FOR GRANTING LEAVE TO AMEND

"A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend 'shall be freely given when justice so requires.'" Am. Home Assurance Co. v. Merck & Co., Inc., 2004 WL 2149103, *1 (S.D.N.Y. 2004) quoting FED. R. CIV. P. 15(a).[1] However, despite the liberal nature of the rule, "it is within the sound discretion of the court whether to grant leave to amend . . . ." Primetime 24 Joint Venture v. DirecTV, Inc., 2000 WL 426396, *4 (S.D.N.Y. 2000), (quoting John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)). The United States Supreme Court has summarized a court's discretion as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc. – the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (Emphasis added).

Thus, a motion to amend a defense may be denied if the amendment would be futile. In the Second Circuit, "an amendment to a pleading is deemed futile 'if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'" Smith v. CPC Int'l, Inc., 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000) (quoting Barrett v.

---

[1] The Defendants have filed a "Motion to Amend or Supplement Affirmative Defenses" to add a ninth and tenth affirmative defense. The Defendants do not cite to specific subsections of Rule 15 in their Motion, but only cite to Rule 15 generally. Rule 15(a) addresses motion for leave to amend, while Rule 15(d) addresses when a party may supplement its pleadings. FED. R. CIV. P. 15(a) & (d). However, "[t]he standard for granting leave under Rule 15(d) is the same as for a motion to amend under 15(a)." Primetime 24 Joint Venture, 2000 WL 426396, *4 n.10.

United States Banknote Corp., 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992)). A court may grant a Rule 12(b)(6) motion to dismiss if "it appears beyond doubt that [a party] can prove no set of facts in support of his claim that would entitle him to relief." Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992). Though whether to allow leave to amend "typically arises when [a] defendant resists an amendment on the ground that it fails to state a cognizable claim . . . the analysis is similar when it is the defendant who seeks to raise a new defense or counterclaim." Primetime 24 Joint Venture, 2000 WL 426396, *7.

## ARGUMENT

**THE ADDITION OF DEFENDANTS' PROPOSED NINTH AND TENTH AFFIRMATIVE DEFENSES BASED UPON COLLATERAL ESTOPPEL WOULD BE FUTILE AS THE ISSUES IN THIS ACTION WERE NEITHER ACTUALLY LITIGATED NOR NECESSARILY DETERMINED IN THE STATE CASE.**

Simultaneously with the filing of their motion to amend, the Defendants have filed a Motion for Summary Judgment premised upon the validity of the new defenses it seeks to add here. Eureka hereby incorporates by reference its opposition to that motion, which establishes the futility of the proposed new defenses, specifically:

1. Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment.

2. Affidavit of Matthew C. Mason in Opposition to Motion for Summary Judgment.

3. Local Rule 56(a)2 Statement.

In short, the State Case involved an entirely different parcel of land than at issue in the case before this court. The feasibility of Eureka's Affordable Housing Master

Plan, or of residential development on the CDD zoned portion of the Bennett's Farm Property, was not litigated in the State Case. Eureka never sought to value the property based upon its Affordable Housing Master Plan and therefore the feasibility of that plan was never at issue.

Moreover, even if the feasibility of the Plan was actually submitted to the state court, the extent to which a proposed affordable housing development plan is or may be feasible has no bearing on a claim that the municipality seeks to take property to prevent any affordable housing on the property. The Motion to add the proposed Ninth and Tenth defenses should be denied as such defenses are completely without support and are legally futile.

Plaintiff
Eureka V LLC

By  *Matthew C. Mason*
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.

190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this day, postage pre-paid on October 27, 2004 to the following parties:

Stewart Edelstein, Esq.
Jonathan S. Bowman, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06601-1821

Monte E. Frank, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810

_____
Matthew C. Mason, Esq.