UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------x
EUREKA V LLC,                                :
       Plaintiff,                           :   Civil Action No.
                                            :
                                            :   3 02 CV 356 (DJS)
                                            :
VS.                                          :
                                            :
THE TOWN OF RIDGEFIELD, THE BOARD OF          :
SELECTMEN OF THE TOWN OF RIDGEFIELD,          :
THE BOARD OF FINANCE OF THE TOWN OF           :
RIDGEFIELD, THE ECONOMIC DEVELOPMENT          :
COMMISSION OF THE TOWN OF RIDGEFIELD,         :
THE BENNETT'S FARM DEVELOPMENT                :
AUTHORITY, and BARBARA SERFILIPPI, IN         :
HER OFFICIAL CAPACITY AS THE TOWN             :
CLERK OF THE TOWN OF RIDGEFIELD,              :
                                            :
       Defendants.                          :   October 27, 2004
-------------------------------------------------------------x

## LOCAL RULE 56(a) 2 STATEMENT

Plaintiff Eureka V, LLC hereby submits the following response to the Local Rule 56(a) (1) Statement in Support of Defendant's Motion for Summary Judgment, dated October 5, 2004:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

9. Denied. Memorandum of Decision dated August 26, 2004 ("Judgment") at 5-11. Affidavit of Matthew C. Mason, sworn to October 27, 2004 ("Mason Aff.") ¶¶ 3-20.

10. Denied. The only residential development litigated in the State Case was a potential 10 lot subdivision proposed for the 245 acre residentially zoned portion of the North Parcel, not Eureka's "Affordable Housing Mixed Use Master Plan of Development" ("Affordable Housing Master Plan"), which was Eureka's plan for development of the entire Bennett's Farm Property, including development of the CDD ("corporate development district") zoned portions of the site. Judgment at 5-11; Mason Aff. ¶¶ 3-20.

11. Denied. The only residential development litigated in the State Case was a potential 10 lot subdivision proposed for the 245 acre residentially zoned portion of the North Parcel, not Eureka's "Affordable Housing Mixed Use Master Plan of Development" ("Affordable Housing Master Plan"), which was Eureka's plan for development of the entire Bennett's Farm Property, including development of the CDD zoned portions of the site. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

12. Denied. The only residential development litigated in the State Case was a potential 10 lot subdivision proposed for the 245 acre residentially zoned portion of the North Parcel, not Eureka's "Affordable Housing Mixed Use Master Plan of Development" ("Affordable Housing Master Plan"), which was Eureka's plan for development of the entire Bennett's Farm Property, including development of the CDD zoned portions of the site. And Eureka did not seek valuation of the North Parcel under that development scenario. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

13. Admitted, with the clarification that of the 560 Units planned for the North Parcel only a 10 lot subdivision was planned for the residentially zoned portion of the North Parcel, the

balance to be built on the 213 acres zoned for CDD, following a change of zone to permit such development. Eureka's Affordable Housing Master Plan was not at issue in the State Case. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

14. Admitted.

15. Denied, including specifically that the referenced statement has anything to do with Eureka's Affordable Housing Master Plan, which was not at issue in the State Case. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

16. Denied, including specifically that the referenced statement has anything to do with Eureka's Affordable Housing Master Plan, which was not at issue in the State Case. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

17. Denied, including specifically that the referenced statement has anything to do with Eureka's Affordable Housing Master Plan, which was not at issue in the State Case. Judgment at 5-11; Mason Aff. ¶¶ 3-16.

18. Denied, except admitted that one of the reasons Eureka brought the Federal Action was to allow it to pursue its plans for affordable housing on the South Parcel. First Amended Verified Complaint ¶¶ 1-89; Mason Aff. ¶¶ 3-20.

19. Denied. First Amended Verified Complaint ¶¶ 1-89; Mason Aff. ¶¶ 3-20.

20. Admitted, with the clarification that the ninth and tenth affirmative defenses are the subject of a pending Motion to Amend or Supplement Affirmative Defenses, to which Eureka objects, and expressly denied that any of the "Affirmative Defenses" are in fact defenses to Plaintiff's claims. First Amended Verified Complaint ¶¶ 1-89; Mason Aff. ¶¶ 3-20.

21. Admitted that Ridgefield has accurately quoted its Second Affirmative Defense, but denied that it is in fact a defense to Plaintiff's claims. First Amended Verified Complaint ¶¶ 1-89; Mason Aff. ¶¶ 3-20.

22. Denied, except admitted that Ridgefield has accurately quoted its Ninth Affirmative Defense, which is the subject of a pending Motion to Amend or Supplement Affirmative Defenses, to which Eureka objects, and denied that it is in fact a defense to Plaintiff's claims. Judgment at 5-11; First Amended Verified Complaint ¶¶ 1-89; Mason Aff. ¶¶ 3-20.

23. Denied, except admitted that Ridgefield has accurately quoted its Tenth Affirmative Defense, which is the subject of a pending Motion to Amend or Supplement Affirmative Defenses, to which Eureka objects, and denied that it is in fact a defense to Plaintiff's claims. Mason Aff. ¶¶ 3-20; First Amended Verified Complaint, Couonts One, Two and Three; Judgment at 5-11.

### DISPUTED ISSUES OF MATERIAL FACT

1. The potential residential development litigated in the State Case was Eureka's proposed subdivision [10 lots] of the residentially zoned portion of the property, not Eureka's Affordable Housing Master Plan. Judgment at 5 - 11; Mason Aff. ¶¶ 3-16. As stated in the Judgment, "the highest and best use of the two hundred forty-seven (247) acres zoned RAAA is a point of contention for the parties." Judgment at 5.

2. The State Court's consideration of residential development only concerned the small proposed subdivision of the residentially zoned portion of the North Parcel, not residential development of the entire North Parcel, or of the entire Bennett's Farm Property, or of Eureka's

Affordable Housing Master Plan, or of the South Parcel. Judgment at 5 – 11; Mason Aff. ¶¶ 3-16.

3. Neither of Eureka's appraisers offered opinions of value of the North Parcel based upon the Affordable Housing Master Plan. Mason Aff. at ¶¶ 8-10.

4. Eureka never argued that the North Parcel should be valued in accordance with the Affordable Housing Master Plan. Mason Aff. at ¶¶ 11-12.

5. Ridgefield's appraiser did not offer any opinion of value relative to the Affordable Housing Master Plan. Mason Aff. at ¶¶ 3-16.

6. In the State Case, the parties did not litigate any aspect of whether Eureka's Affordable Housing Master Plan, or residential development of the CDD zoned portion of the North Parcel or of the South Parcel, was reasonably probable or physically possible. Mason Aff. at ¶¶ 3-16.

7. Ridgefield objected to the introduction into evidence relative to its own Bennett's Farm Preliminary Project Plan, which is at issue in this case and which contains its own plans for water and wastewater, on the grounds that the Preliminary Project Plan was irrelevant because it pertained to the South Parcel, a parcel of land legally distinct from the North Parcel. The Court sustained the objection. Mason Aff. ¶ 15.

8. "[C]ommercial Development on the [CDD portion of] the subject property would be legally permissible, financially possible, maximally profitable and physically possible." Judgment at 5. This conclusion necessarily includes the finding that sewer and water were reasonably available to develop this portion of the property, which is where Eureka planned to build 550 residential units under its Affordable Housing Master Plan. Mason Aff. ¶ 13.

9. The State Court never determined that Eureka's Affordable Housing Master Plan was not feasible. Judgment at 5-11, Mason Aff. ¶¶ 3-20.

10. Eureka has never abandoned its plans for affordable housing on the South Parcel. Eureka had and has intentions to build affordable housing on the South Parcel. Mason Aff. ¶¶ 17-20.

11. Eureka's Complaint is not predicated on the feasibility of its entire Affordable Housing Master Plan. First Amended Verified Complaint, Counts One, Two and Three.

> Plaintiff
> Eureka V LLC
>
> By: *Matthew C. Mason*
> Matthew C. Mason (ct 15291)
> Gregory and Adams, P.C.
> 190 Old Ridgefield Road
> Wilton, CT 06897
> (203) 762-9000 (Tel.)
> (203) 834-1628 (Fax)\
> mmason@gregoryandadams.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this day, postage pre-paid to the following counsel of Record on October 27, 2004:

Stewart Edelstein, Esq.
Jonathan S. Bowman, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06601-1821

Monte E. Frank, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810

_____
Matthew C. Mason