UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL CASE NO: |
| Plaintiff, | : | 3 02 CV 356 (DJS) |
| VS. | : | |
| THE TOWN OF RIDGEFIELD, ET AL. | : | |
| Defendants. | : | NOVEMBER 8, 2004 |

**REPLY TO EUREKA'S MEMORANDUM IN OPPOSITION
TO MOTION TO AMEND OR SUPPLEMENT DEFENSES**

This memo is in reply to Eureka's memo opposing Defendants' October 5, 2004 Motion to Amend or Supplement Affirmative Defenses ("Opposition Memo"). Defendants' motion is based on the collateral estoppel effect of the August 26, 2004 final judgment entered in an condemnation action the Town of Ridgefield brought against Eureka and others and Eureka's appeal of the value paid by the Town for the condemned property in the Superior Court for the Judicial District of Danbury, Docket No. CV 01 – 0344176 S (the "State Court Action"), and the lack of feasibility of Eureka's proposed residential development.

As discussed in Defendants' October 5, 2004 memorandum in support of its motion, leave to amend should be freely given and only denied under limited circumstances, none of which pertain here: "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires,' and we have interpreted this instruction in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129, 138, n. 5 (2d Cir. 2003).

Defendants' memorandum also provides authority that federal courts must give state judgments such collateral estoppel and res judicata effect as would the courts of the rendering

state, and explains why collateral estoppel applies here. Judge Moraghan has already determined in the State Court Action, unequivocally and definitively, that the very residential development that is the subject of this federal action cannot occur – indeed, is not "physically possible."

The two affirmative defenses that the Defendants seek to add (Ninth and Tenth) are based on the collateral estoppel effect of the judgment in the State Court Action and the lack of feasibility of the residential development Eureka proposes, respectively. Eureka does not claim any bad faith or undue prejudice regarding these proposed amendments.

Instead, Eureka contends only that the Ninth and Tenth Affirmative Defenses should not be allowed because of the claimed "futility of the proposed new defenses." See Opposition Memo at 5 – 6. As Eureka necessarily acknowledges, it cannot establish the requisite futility unless "it appears beyond doubt that [a party] can prove no set of facts in support of his claim that would entitle him to relief." Opposition Memo, page 5, citing *Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489, 1494 (2d Cir. 1992).

As discussed comprehensively in Defendants' October 5, 2004 Memorandum in Support of Motion to Amend or Supplement Affirmative Defenses, October 5, 2004 Memorandum in Support of Motion for Summary Judgment, and November 8, 2004 Reply to Eureka's Memorandum in Opposition to Defendants' Motion for Summary Judgment, the collateral estoppel effect of the judgment in the State Court Action (Ninth Affirmative Defense) and the lack of feasibility of Eureka's proposed residential development on the subject property (Tenth Affirmative Defense) are valid defenses to Eureka's claims.

Futhermore, this Court has already rejected the central premise of Eureka's "futility" argument, that "even if the feasibility of the [Eureka Affordable Housing Master] Plan was

2

actually submitted to the state court, the extent to which a proposed affordable housing development plan is or may be feasible has no bearing . . . ." Opposition Memo, page 6.

On July 2, 2002, this Court (Squatrito, J.), denied Eureka's motion to strike Defendants' Seventh Affirmative Defense. Eureka's motion was based on its contention, which this Court rejected, that "the Seventh Affirmative Defense is not a legitimate defense to plaintiff's action . . . since the Plaintiff's intent and *the actual development potential* of the property is irrelevant." (Emphasis supplied.) See Eureka's Motion to Strike the Defendants' Seventh Affirmative Defense dated April 24, 2002, at 2. See also Eureka's memo supporting that motion, in which it contended unsuccessfully: "The Plaintiff's plans and *whether the Plaintiff could ultimately obtain approvals for such plans* is simply irrelevant." (Emphasis supplied.) See Eureka's April 24, 2004 supporting memo, at page 5.

This Court reinforced the validity of the Defendants' "futility" defense in allowing amendment to their Seventh Affirmative Defense. On August 1, 2002, this Court allowed this amendment to clarify that the Defendants' "unclean hands" defense is based in part on the lack of feasibility of Eureka's Master Plan.

Since Defendants' proposed Ninth and Tenth Affirmative Defenses present viable defenses to Eureka's claims, they are not futile. As Eureka necessarily acknowledges, this Court can deny Defendants' motion to add these defenses only if it appears beyond doubt that Defendants can prove no set of facts regarding these defenses that would entitle Defendants to relief, *i.e.*, the successful defense to this action. In light of the liberal allowance of amendments as provided in Fed. R. Civ. P. 15, and Eureka's failure to establish its sole defense of "futility," Defendants respectfully urge this Court to grant their motion to amend or supplement their affirmative defenses by adding their Ninth and Tenth Affirmative Defenses. Eureka does not

claim any prejudice from allowing these affirmative defenses, nor can it, because it has conducted extensive discovery on the feasibility issue.

THE DEFENDANTS

By: *[signature]*

Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct 08526)
Monte E. Frank, Esq. (ct 13666)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tel: 203-368-0211
Fax: 203-576-8504
sedelstein@cohenandwolf.com

## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed by first class, postage prepaid mail on this 8th day of November, 2004, to:

Matthew C. Mason, Esq.
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
Tel: 203-762-9000
Fax: 203-834-1628

                                                  _____
                                                  Stewart I. Edelstein