UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL CASE NO: |
| | : | |
|    Plaintiff, | : | 3 02 CV 356 (DJS) |
| | : | |
| VS. | : | |
| | : | |
| THE TOWN OF RIDGEFIELD, THE BOARD OF SELECTMEN OF THE TOWN OF RIDGEFIELD, THE BOARD OF FINANCE OF THE TOWN OF RIDGEFIELD THE ECONOMIC DEVELOPMENT COMMISSION OF THE TOWN OF RIDGEFIELD, THE BENNETT'S FARM DEVELOPMENT AUTHORITY, and BARBARA SERFILIPPI, IN HER OFFICIAL CAPACITY AS THE TOWN CLERK OF THE TOWN OF RIDGEFIELD | : | |
| | : | |
|    Defendants. | : | OCTOBER 5, 2004 |

## AMENDED AFFIRMATIVE DEFENSES

### First Affirmative Defense

This action is moot because Eureka V LLC ("Eureka") withdrew the application which is the subject of this action on March 12, 2002, after filing the complaint in this action.

### Second Affirmative Defense

The Town of Ridgefield condemned the North Parcel, without any challenge by Eureka. To the extent that the plan alleged in paragraph 24 of the Complaint contemplated affordable housing units on the North Parcel, Eureka can no longer implement that plan and this action is therefore moot.

### Third Affirmative Defense

By availing itself of its adequate remedy at law in connection with the North Parcel, consenting to that taking, receiving $8,500,000 for the North Parcel, and then challenging the value paid pursuant to applicable statutory provisions, Eureka waived any challenge to the taking of the South Parcel based on affordable housing, since the North Parcel contained the majority of the affordable housing units shown on Eureka's concept plan, and that plan no longer exists.

**Fourth Affirmative Defense**

By availing itself of its adequate remedy at law in connection with the North Parcel, consenting to that taking, receiving $8,500,000 for the North Parcel, and then challenging the value paid pursuant to applicable statutory provisions, Eureka is estopped from challenging the taking of the South Parcel based on affordable housing, since the North Parcel contained the majority of the affordable housing units shown on Eureka's concept plan, and that plan no longer exists.

**Fifth Affirmative Defense**

Eureka is estopped from challenging the condemnation on the South Parcel because Eureka withdrew the application which is the subject of this action on March 12, 2002, after filing the complaint in this action.

**Sixth Affirmative Defense**

Eureka is estopped from challenging the condemnation on the South Parcel because Eureka conceded the validity of the taking of the majority of the units which were a part of the same plan alleged in paragraph 24 of the Complaint.

**Seventh Affirmative Defense**

In this action for equitable relief, Eureka has unclean hands in that: (a) it belatedly filed a concept plan which included affordable housing as a pretext to thwart a proper taking of its property by eminent domain, as provided by applicable statutes, and in accordance with the will of the citizens of the Town of Ridgefield, as expressed in the referendum authorizing such taking; and (b) its concept plan which included affordable housing is not feasible.

**Eighth Affirmative Defense**

As to the Second Count and the Third Count, all or some of the defendants have at least qualified immunity as to the claims set forth therein.

**Ninth Affirmative Defense**

By its Memorandum of Decision dated August 26, 2004, the Superior Court for the Judicial District of Danbury, under Docket No. CV 01 - 0344176S, Town of Ridgefield v. Eureka V, LLC, et al., Moraghan, J. (the "State Case") held that the residential development proposed by Eureka is "not reasonably probable or physically possible." The State Case is a final, non-appelable judgment. It constitutes a prior action between the same parties in which that issue was actually litigated, submitted for determination, and in fact determined. Accordingly, Eureka is collaterally estopped from relitigating that issue and is thereby precluded from obtaining any relief in this action.

**Tenth Affirmative Defense**

      The plan of Eureka, which includes affordable housing, is not feasible.  Therefore, Eureka is precluded from obtaining any relief in this action.


                                      THE DEFENDANTS,


                                      By:_____
                                      Stewart I. Edelstein, Esq. (ct06021)
                                      Jonathan S. Bowman, Esq. (ct 08526)
                                      Monte E. Frank, Esq. (ct 13666)
                                      Cohen and Wolf, P.C.
                                      1115 Broad Street
                                      Bridgeport, CT  06604
                                      Tel: 203-368-0211
                                      Fax: 203-576-8504
                                      sedelstein@cohenandwolf.com

**CERTIFICATION**

  This is to certify that a copy of the foregoing was mailed by first class, postage prepaid mail on this 5th day of October, 2004 to:

Matthew C. Mason, Esq.
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT  06897
Tel: 203-762-9000
Fax: 203-834-1628

              _____
              Stewart I. Edelstein