UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
EUREKA V LLC,                            :
                                         :
                  Plaintiff,             :   CIVIL NO.
                                         :   3: 02 CV 356 (DJS)
                                         :
       VS.                               :
                                         :
THE TOWN OF RIDGEFIELD, THE BOARD        :
OF SELECTMEN OF THE TOWN OF              :
RIDGEFIELD, THE BOARD OF FINANCE OF      :
THE TOWN OF RIDGEFIELD, THE              :
ECONOMIC DEVELOPMENT COMMISSION          :
OF THE TOWN OF RIDGEFIELD, THE           :
BENNETT'S FARM DEVELOPMENT               :
AUTHORITY, and BARBARA SERFILIPPI, IN    :
HER OFFICIAL CAPACITY AS THE TOWN        :
CLERK OF THE TOWN OF RIDGEFIELD,         :
                                         :
                  Defendants.            :
                                         :   MARCH 8, 2005
- - - - - - - - - - - - - - - - - - - - - - - - - -:x
```

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SUPPLEMENT OR AMEND FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff Eureka V LLC submits this memorandum of law in support of its motion pursuant to Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure to supplement or amend its First Amended Verified Complaint to add a new paragraph (Paragraph 25) reflecting Eureka's recent filing of an application for a zone change and amendment to the Town Plan of Conservation and Development as part of a development plan for 510 residential units that would constitute affordable housing under Conn. Gen. Stat. §8-30g.

## BACKGROUND

Plaintiff's First Amended Complaint dated July 26, 2002 contains three counts based upon Ridgefield's improper attempts to take Eureka's property to stop affordable housing on the

site. In Count One, plaintiff alleges that the defendants' proposed implementation of the Preliminary Project Plan violates §§ 7-136 and 7-148 and Chapter 132 of the -General Statutes, does not constitute a bona fide plan for a municipal development project, constitutes a bad faith exercise of the authority granted to municipalities by these statutes and is unreasonable and unnecessary. In Count, Two the plaintiff alleges that the intended condemnation of the parcel violates the Fifth and Fourteenth Amendments to the United States Constitution and Article First, § 11, of the Connecticut Constitution, in that it is not being carried out to serve a public use, and that the intended condemnation constitutes a bad faith, unreasonable and unnecessary exercise of the eminent domain power. In Count Three, plaintiff alleges violation of certain provisions of the Federal Fair Housing Act, 42 U.S.C. § 3600 et seq. Ridgefield has asserted various affirmative defenses, including purported defenses based on Eureka's lack of a pending application and the claim that its development plan was not feasible.

On October 5, 2004, the Defendants filed a motion to amend or supplement their affirmative defenses, which motion was granted by the Court on January 7, 2005. On October 5, 2004, Defendants moved for summary judgment on certain of their affirmative defenses, which motion is pending.

On March 7, 2005, Eureka filed an application for a zone change and amendment to the Town Plan of Conservation and Development as part of a development plan for 510 residential units on the South Parcel that would constitute affordable housing under Conn. Gen. Stat. §8-30g. This plan contemplates sewer from the City of Danbury, as evidenced by a letter from the City of Danbury indicating Danbury's willingness and ability to provide such service, and water from Bridgeport Hydraulic Company pursuant to a Diversion Permit application by the

2

Connecticut Department of Environmental Protection. Given that the application was just made, the motion to supplement or amend could not have been filed any sooner.

## STANDARD FOR GRANTING LEAVE TO AMEND

"A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend 'shall be freely given when justice so requires.'" Am. Home Assurance Co. v. Merck & Co., Inc., 2004 WL 2149103, *1 (S.D.N.Y. 2004) quoting FED. R. CIV. P. 15(a).  The United States Supreme Court has summarized the courts' discretion as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

As the court stated in Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995), "leave to file a supplemental pleading should also be freely permitted when the supplemental facts connect it to the original pleading." See also Anthony v. City of New York, 339 F3d 129, __ (2d Cir. 2003).  Rule 15(a) addresses motion for leave to amend, while Rule 15(d) addresses when a party may supplement is pleadings. Fed. R. Civ. P. 15(a) &(d).  However, "[t]he standard for granting leave under Rule 15(d) is the same as for a motion to amend under 15(a)". Primetime 24 Joint Venture, 200 WL 426396 at *4 n. 10.

As noted, on January 7, 2005, the Court recently granted Ridgefield's motion to motion to amend or supplement their affirmative defenses.

**ARGUMENT**

**I.      THE MOTION TO SUPPLEMENT OR AMEND THE FIRST AMENDED VERIFIED COMPLAINT SHOULD BE GRANTED**

Eureka seeks to supplement or amend its First Amended Verified Complaint to reflect a recent event or occurrence relevant to its claims and several of the defendants' affirmative defenses, specifically Eureka's filing on March 7, 2005 of a new application for a 510 unit affordable housing development on the subject South Parcel. The application indicates that sewer service for the site will be obtained from the City of Danbury, which has indicated it has both the capability and willingness to provide sewer service for the project. It also reflects that water service is to be provided by Bridgeport Hydraulic Company, which has filed a Diversion Permit application with the Connecticut Department of Environmental Protection to do so.

The new application is directly relevant to the subject South Parcel, to plaintiff's claims, and to several of defendants' affirmative defenses. The new application directly relates and connects to Eureka's original pleadings. Fed. R. Civ. P. 15(d). Accordingly, under the relevant legal standard, the Motion to Supplement or Amend the First Amended Verified Complaint should be granted.

                                        THE PLAINTIFF

                              By      _____
                                        Matthew C. Mason (ct 15291)
                                        Gregory and Adams, P.C.
                                        190 Old Ridgefield Road
                                        Wilton, CT 06897
                                        (203) 762-9000 (Tel.)
                                        (203) 834-1628 (Fax)
                                         mmason@gregoryandadams.com

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 8th day of March, 2005, to:

Stewart I. Edelstein, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06601-1821

Monte E. Frank, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT  06810

                                              _____
                                              Matthew C. Mason