UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ―x
:
EUREKA V LLC, :
:
                       Plaintiff, :       CIVIL NO.
:       3: 02 CV 356 (DJS)
:
        VS. :
:
THE TOWN OF RIDGEFIELD, THE BOARD :
OF SELECTMEN OF THE TOWN OF :
RIDGEFIELD, THE BOARD OF FINANCE OF :
THE TOWN OF RIDGEFIELD, THE :
ECONOMIC DEVELOPMENT COMMISSION :
OF THE TOWN OF RIDGEFIELD, THE :
BENNETT'S FARM DEVELOPMENT :
AUTHORITY, and BARBARA SERFILIPPI, IN :
HER OFFICIAL CAPACITY AS THE TOWN :
CLERK OF THE TOWN OF RIDGEFIELD, :
:
                   Defendants. :
:      APRIL 5, 2007
― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ―:x

**PLAINTIFF'S MOTION TO SUPPLEMENT AND
<u>AMEND FIRST AMENDED VERIFIED COMPLAINT</u>**

Plaintiff Eureka V LLC hereby moves pursuant to Rules 15(a), 15(d) and 16(b) of the Federal Rules of Civil Procedure to supplement and/or amend its First Amended Verified Complaint to (i) add allegations to the First, Second and Third Counts regarding the adoption on March 20, 2007, effective May 1, 2007, of new zoning regulations by the Town of Ridgefield, acting through its Planning and Zoning Commission, which include changes which are intended to preclude affordable housing on the subject property and discriminate against families with school age children; (ii) add a new Fourth Count against the Town of Ridgefield and its Planning and Zoning Commission[1] for violation of

---

[1] The Planning and Zoning Commission is not presently a party to the action.

the Federal Fair Housing Act, 42 U.S.C.§3600 *et seq.*, by reason of the recent improper and discriminatory amendments to the town's Zoning Regulations,; and (iii) add allegations regarding an application made relative to the subject South Parcel of the Bennett's Farm Property, which application was filed since the date of the First Amended Complaint.

In support of its motion, Plaintiff states as follows:

1. Plaintiffs First Amended Verified Complaint is dated July 26, 2002 and asserts three counts based upon Ridgefield's wrongful efforts to take the subject property to stop affordable housing on the site. In Count One, plaintiff alleges that the defendants' proposed implementation of the Preliminary Project Plan violates §§ 7-136 and 7-148 and Chapter 132 of the General Statutes, does not constitute a bona fide plan for a municipal development project, constitutes a bad faith exercise of the authority granted to municipalities by these statutes and is unreasonable and unnecessary. In Count Two, plaintiff alleges that the intended condemnation of the parcel violates the Fifth and Fourteenth Amendments to the United States Constitution and Article First, § 11, of the Connecticut Constitution, in that it is not being carried out to serve a public use, and that the intended condemnation constitutes a bad faith, unreasonable and unnecessary exercise of the eminent domain power. In Count Three, plaintiff alleges violation of certain provisions of the Federal Fair Housing Act, 42 U.S.C. §3600 *et seq*.

2. Subsequent to filing of the First Amended Complaint, two significant events or occurrences transpired. First, on March 7, 2005, Eureka filed a new application for a zone change and amendment to the Town Plan of Conservation and Development, as part of a development plan for 510 residential units that would constitute affordable

housing under Conn. Gen. Stat. §8-30g. Among other things, this plan contemplated sewer from the City of Danbury, as evidenced by a letter from the City of Danbury indicating Danbury's willingness and ability to provide such service, and water from Bridgeport Hydraulic Company pursuant to a Diversion Permit application by the Connecticut Department of Environmental Protection. That application was withdrawn without prejudice on September 6, 2005 pursuant to the Settlement Agreement between Eureka and the Town of Ridgefield dated August 31, 2005.

3. Second, on March 20, 2007, effective May 1, 2007, the Planning and Zoning Commission of Ridgefield adopted new zoning regulations which include elimination of specified residential uses in the Corporate Development District ("CDD"). By eliminating the specified residential uses from the CDD zone in which the Plaintiff's property is located, the Ridgefield Planning and Zoning Commission has acted to preclude future applications for affordable housing on the property, with the intent or effect of precluding new families with school age children from moving to Ridgefield.

4. The proposed Second Amended complaint adds allegations pertaining to the referenced amendments to the Zoning Regulations to the First, Second and Third Counts; adds a Fourth Count under the Federal Fair Housing Act against Ridgefield and the Planning and Zoning Commission based upon the recent discriminatory amendments to the Zoning Regulations, and adds punitive damages and additional injunctive relief to the relief requested.

5. Apart from necessary re-numbering of paragraphs, the only substantive changes to the First Amended Verified Complaint that are contained in the proposed Second Amended Complaint are as follows:

      a.      Paragraph 10 adds the Planning and Zoning Commission as a defendant.

      b.      Paragraphs 26 and 27 add factual allegations regarding Eureka's March 7, 2005 application to the Planning and Zoning Commission under Connecticut's Affordable Housing Appeals Procedure, C.G.S. §8-30g.

      c.      Paragraphs 71-80 are new allegations concerning the Planning and Zoning Commission's recent amendment of its zoning regulations to eliminate the specified residential uses in the Corporate Development District in which the subject property is located.

      d.      The Fourth Count is a new count under the Federal Fair Housing Act, 42 U.S.C. §3600 *et seq*. arising out of the Planning and Zoning Commission's amendment of its zoning regulations.

      e.      A request for punitive damages is added to the relief requested.

      f.      A request for injunctive relief relative to the new Count Four is added to the relief requested.

6.      Given that the new zoning regulations were approved March 20, 2007, effective May 1, 2007, which will result in termination of the Settlement Agreement between Eureka and Ridgefield, and the action has been stayed while the Settlement Agreement was pursued, the motion to amend could not have been filed any sooner.[2]

7.      For these reasons and those contained in the accompanying Memorandum in Support of Motion to Supplement and Amend First Amended Verified Complaint, Plaintiff respectfully requests that its motion be granted.

---

[2] Plaintiff's Motion to Supplement or Amend First Amended Complaint dated March 8, 2005 to add allegations regarding the March 2005 Application was denied without prejudice.

8. A copy of the proposed Second Amended Complaint is submitted herewith.

WHEREFORE, Plaintiff requests that its Motion to Supplement and Amend First Amended Verified Complaint be granted.

THE PLAINTIFF,

By: /s/ Matthew C. Mason
   Matthew C. Mason (ct 15291)
   Gregory and Adams, P.C.
   190 Old Ridgefield Road
   Wilton, CT 06897
   (203) 762-9000 (Tel.)
   (203) 834-1628 (Fax)
   mmason@gregoryandadams.com

## **CERTIFICATION**

I certify that on April 5, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Michael P. Kaelin (ct01951)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com