UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
EUREKA V LLC, :
:
               Plaintiff, :    CIVIL NO.
:    3: 02 CV 356 (DJS)
:
      VS. :
:
THE TOWN OF RIDGEFIELD, THE BOARD :
OF SELECTMEN OF THE TOWN OF :
RIDGEFIELD, THE BOARD OF FINANCE OF :
THE TOWN OF RIDGEFIELD, THE :
ECONOMIC DEVELOPMENT COMMISSION :
OF THE TOWN OF RIDGEFIELD, THE :
BENNETT'S FARM DEVELOPMENT :
AUTHORITY, and BARBARA SERFILIPPI, IN :
HER OFFICIAL CAPACITY AS THE TOWN :
CLERK OF THE TOWN OF RIDGEFIELD, :
:
               Defendants. :
:    APRIL 5, 2007
- - - - - - - - - - - - - - - - - - - - - - - - - - - :x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO SUPPLEMENT AND AMEND FIRST AMENDED VERIFIED COMPLAINT

Plaintiff Eureka V LLC submits this memorandum of law in support of its motion pursuant to Rules 15(a), 15(d) and 16(b) of the Federal Rules of Civil Procedure to supplement and amend its First Amended Verified Complaint to (i) add allegations regarding adoption of new zoning regulations by the Town of Ridgefield, acting through its Planning and Zoning Commission, whereby Ridgefield has sought to preclude future affordable housing applications on the subject property and discriminate against families with school age children by precluding such new families from moving to Ridgefield; (ii) add a new Count against Ridgefield and its Planning and Zoning Commission (which is not presently a party to the action) for violation of the Federal Fair Housing Act, 42 U.S.C. §3600 *et seq.*, and (iii) add allegations with respect to an

application that was made relative to the subject South Parcel of the Bennett's Farm Property, which application was filed since the date of the First Amended Complaint.

## BACKGROUND

Plaintiff's First Amended Complaint dated July 26, 2002 contains three counts based upon Ridgefield's improper attempts to take Eureka's property to stop affordable housing on the site. In Count One, plaintiff alleges that the defendants' proposed implementation of the Preliminary Project Plan violates §§ 7-136 and 7-148 and Chapter 132 of the General Statutes, does not constitute a bona fide plan for a municipal development project, constitutes a bad faith exercise of the authority granted to municipalities by these statutes and is unreasonable and unnecessary. In Count Two the plaintiff alleges that the intended condemnation of the parcel violates the Fifth and Fourteenth Amendments to the United States Constitution and Article First, § 11, of the Connecticut Constitution, in that it is not being carried out to serve a public use, and that the intended condemnation constitutes a bad faith, unreasonable and unnecessary exercise of the eminent domain power. In Count Three, plaintiff alleges violation of certain provisions of the Federal Fair Housing Act, 42 U.S.C. § 3600 *et seq*. Ridgefield has asserted various affirmative defenses, including purported defenses based on Eureka's lack of a pending application and the claim that its development plan was not feasible.

On March 7, 2005, Eureka filed a new application for a zone change and amendment to the Town Plan of Conservation and Development, as part of a development plan for 510 residential units that would constitute affordable housing under Conn. Gen. Stat. §8-30g. Among other things, this plan contemplated sewer from the City of Danbury, as evidenced by a letter from the City of Danbury indicating Danbury's willingness and ability to provide such service, and water from Bridgeport Hydraulic Company pursuant to a Diversion Permit

2

application by the Connecticut Department of Environmental Protection[1]. That application was withdrawn without prejudice on September 6, 2005 as part of the Settlement Agreement between Eureka and the Town of Ridgefield.

On March 20, 2007, the Planning and Zoning Commission adopted new regulations, effective May 1, 2007, which include changes to the district in which Plaintiff's property lies, i.e. the Corporate Development District ("CDD"), whereby Ridgefield has sought to preclude Eureka from making any further applications under Connecticut's Affordable Housing Appeals Procedure, Conn. Gen. Stat. §8-30g and has sought to preventing new families with school age children from moving to Ridgefield.

The proposed Second Amended complaint adds allegations relating to the new zoning regulations to the First, Second and Third Counts of the complaint, and adds a Fourth Count against the Town of Ridgefield and the Planning and Zoning Commission under the Federal Fair Housing Act by reason of the recent discriminatory changes in Ridgefield's Zoning Regulations.

Given that the new zoning regulations were approved March 20, 2007, effective May 1, 2007, which will result in termination of the Settlement Agreement between Eureka and Ridgefield, and the action has been stayed while the Settlement Agreement was pursued, the motion to amend could not have been filed any sooner.

---

[1] Plaintiff's Motion to Supplement or Amend First Amended Complaint dated March 8, 2005 to add allegations regarding this application was denied without prejudice.

3

**STANDARD FOR GRANTING LEAVE TO AMEND**

"A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend 'shall be freely given when justice so requires.'" Am. Home Assurance Co. v. Merck & Co., Inc., 2004 WL 2149103, *1 (S.D.N.Y. 2004), *quoting* FED. R. CIV. P. 15(a). The United States Supreme Court has summarized the courts' discretion as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 15(d) provides in pertinent part that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." As the court stated in Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995), "leave to file a supplemental pleading should also be freely permitted when the supplemental facts connect it to the original pleading." Rule 15(a) addresses motions for leave to amend, while Rule 15(d) addresses when a party may supplement its pleadings. Fed. R. Civ. P. 15(a) &(d). However, "[t]he standard for granting leave under Rule 15(d) is the same as for a motion to amend under 15(a)". Primetime 24 Joint Venture, 2000 WL 426396 at *4 n. 10.

Finally, as this Court explained in Senich v. American-Republican, Inc., 215 F.R.D. 40, 42 (D.Conn. 2003) (Squatrito, J.):

4

Where a scheduling order has been entered, as is the case here, the lenient standard under Rule 15, which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) of the Federal Rules of Civil Procedure that the Court's scheduling order "shall not be modified except upon a showing of good cause." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir.2000)). "A finding of good cause depends on the diligence of the moving party." Id. (citing Parker, 204 F.3d at 340).

## ARGUMENT
### I. THE MOTION TO SUPPLEMENT AND AMEND THE FIRST AMENDED VERIFIED COMPLAINT SHOULD BE GRANTED

Eureka seeks to supplement and/or amend its First Amended Verified Complaint to reflect recent events or occurrences relevant to its claims and several of the defendants' affirmative defenses, and to add a new claim based on the improper and discriminatory amendments to Ridgefield's zoning regulations. First, Eureka seeks to add allegations pertaining to the Planning and Zoning Commission's March 20, 2007 adoption of new zoning regulations which are intended to preclude affordable housing on the subject property and discriminate against families with school age children. These allegations are directly relevant to and arise out of the same operative set of facts as contained in the three counts in the First Amended Complaint. In short, the supplemental facts connect the supplemental pleading to the original pleading. Quaratino, 71 F.3d at 66. Second, Eureka seeks to update its complaint regarding an additional application it filed since the date of the First Amended Complaint, i.e. its filing on March 7, 2005 of an application for an affordable housing development on the subject property. This application pertains to the subject property, and is directly connected to plaintiff's claims and to several of defendants' affirmative defenses.[2] Id.

Third, Eureka seeks to add a new Federal Fair Housing Act claim against the Town of Ridgefield and its Planning & Zoning Commission by reason of the recent amendments to the

5

town's zoning regulations, which claim is connected to the same operative facts as the original complaint and is a continuation of Ridgefield's efforts to stop affordable housing on the Property and keep new families with school age children from moving to Ridgefield.  If the motion is denied, Eureka will have to commence a new action against Ridgefield and its Planning and Zoning Commission which will involve many of the same underlying facts.  As a matter of judicial economy the Court should grant the motion.  There is no evidence of undue delay, bad faith, or dilatory tactics on the part of Eureka or any undue prejudice to the Defendants or the Planning and Zoning Commission if the motion is granted.  Fed. R. Civ. P. 15(a); Miteva v. Third Point Management Company, L.L.C., 219 F.R.D. 64, 64 (S.D.N.Y. 2003).  Moreover, granting the motion will not cause any undue delay in the action or trial.

Finally, Plaintiff has satisfied the good cause requirement of Rule 16(b) for adding additional factual allegations, a new claim and a new defendant at this stage of the proceeding. Senich v. American-Republican, Inc., 215 F.R.D. 40, 42, 46 (D.Conn. 2003) (Squatrito, J.).

---

[2] As noted, Plaintiff's Motion to Supplement or Amend First Amended Complaint dated March 8, 2005 to add allegations regarding this application was denied without prejudice.

## CONCLUSION

For these reasons, the Motion to Supplement and Amend the First Amended Verified Complaint should be granted.

THE PLAINTIFF

By: /s/ Matthew C. Mason
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

## **CERTIFICATION**

      I certify that on April 5, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Michael P. Kaelin (ct01951)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com