```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
-------------------------------------------------------------x
EUREKA V LLC,                                :
                    Plaintiff,               :        Civil Action No.
                                             :
                                             :        3 02 CV 356 (DJS)
                                             :
VS.                                          :
                                             :
THE TOWN OF RIDGEFIELD, THE BOARD OF         :
SELECTMEN OF THE TOWN OF RIDGEFIELD,         :
THE BOARD OF FINANCE OF THE TOWN OF          :
RIDGEFIELD, THE ECONOMIC DEVELOPMENT         :
COMMISSION OF THE TOWN OF RIDGEFIELD,        :
THE BENNETT'S FARM DEVELOPMENT               :
AUTHORITY, and BARBARA SERFILIPPI, IN        :
HER OFFICIAL CAPACITY AS THE TOWN            :
CLERK OF THE TOWN OF RIDGEFIELD,             :
                                             :
                    Defendants.              :        MAY 7, 2007
```

## DEFENDANTS' OBJECTION TO MOTION TO VACATE STAY AND FOR EXPEDITED DISCOVERY DATED APRIL 5, 2007

Defendants object to Eureka's Motion to Vacate Stay and for Expedited Discovery ("Eureka's Motion") in its entirety.

By pleading dated April 5, 2007, Eureka moved that the Court's October 6, 2006 order be vacated to the extent that it stays the action until July 30, 2007, and that the Court enter an order permitting expedited discovery "on its new claim and new allegations *relating to the recent . . . changes in Ridgefield's zoning regulations. . . .*" (Emphasis supplied.)

Specifically with regard to discovery, Eureka seeks to take the depositions of Planemetrics, through its principal, Glenn Chalder, the Planning and Zoning Commission in Ridgefield (the "Commission") and several of its members, and Betty Brosious, the Ridgefield Town Planner. All of this discovery is objectionable at this

1

juncture because Defendants intend to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss Eureka's new fourth count, assuming the Court allows the new amendment.

In its proposed amended complaint dated April 5, 2007, Eureka asserts, at paragraph 94:

> "By eliminating the specified residential uses from the CDD zone in which the Plaintiff's property is located [in the zone amendments effective May 1, 2007], Ridgefield and its Planning and Zoning Commission have acted to preclude future applications for affordable housing on the property . . . ."

Defendants will contend that Eureka's new claim and new allegations are without merit because they are based on a false premise – that the change in the CDD zone effective May 1, 2007 precludes affordable housing applications. The proposed new count may also be subject to dismissal for other reasons, including Eureka's failure to exhaust its administrative remedies, and its recent filing of an affordable housing application to the Commission before the effective date of the May 1, 2007 amendments, which makes this count premature.

Until the Court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery. Therefore, a ruling on Eureka's Motion should be deferred until the Court rules on Defendants' motion to dismiss.

Defendants further object to Eureka's discovery request for the following reasons:

1) Eureka already took the deposition of Planemetrics, through its principal, Glenn Chalder, on August 16, 2002. Defendants object to Eureka deposing Planemetrics again, through Glenn Chalder or otherwise.

2) Defendants object to the depositions of the Ridgefield Planning and

Zoning Commission and its members, and to the deposition of Betty Brosious, for the reasons set forth above.

3) Defendants object to Eureka seeking an order allowing it to disclose experts on its Federal Fair Housing Act counts. The deadline for such disclosures passed on September 20, 2002, pursuant to the Court's scheduling order of July 29, 2002. Additionally, this case was ready for trial at the end of 2004 when it was effectively stayed pending a decision by the U.S. Supreme Court in Kelo v. New London, 545 U.S. 469 (2005).

In determining whether late disclosure will be permitted, a court should consider the following factors: a) the party's explanation for the failure to comply with the discovery order; b) the importance of the testimony of the precluded witness; c) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and d) the possibility of a continuance. Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997).

Each of the foregoing factors weighs heavily in favor of Defendants. Eureka requests "that the Court enter an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts." Eureka's Motion at 3. However, Eureka gives no explanation for its failure to disclose any such expert prior to the September 20, 2002 discovery deadline, and no information regarding purported expert testimony. Eureka failed to disclose an expert witness on its Federal Fair Housing Act count which had been pled well before the close of discovery and the deadline for disclosing experts and, accordingly, it should not be permitted to reopen discovery to disclose experts now. Furthermore, if a continuance is granted and Eureka is allowed

3

more time to disclose experts and conduct discovery, this will be costly and disrupt the litigation, thereby severely prejudicing Defendants.  See Dunn v. Zimmer, Inc., 2005 U.S. Dist. LEXIS 3505 (D. Conn. 2005), rev'd in part on other grounds, 165 Fed. Appx. 883 (2d Cir. 2006) (Court granted motion to exclude testimony of expert witness because plaintiffs offered no reasonable explanation for late disclosure, and allowing testimony would have been disruptive and costly) (copy attached hereto as Ex. A).

THE DEFENDANTS,

By: /s/ Stewart I. Edelstein

Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct08526)
Monte E. Frank, Esq. (ct13666)
Cohen and Wolf, P. C.
1115 Broad Street
Bridgeport, CT  06604
Tel:  203/368-0211
Fax: 203/576-8504
sedelstein@cohenandwolf.com

4

## CERTIFICATION OF SERVICE

I hereby certify that on May 7, 2007, a copy of Defendants' Objection to Motion to Vacate Stay and for Expedited Discovery dated May 7, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein