UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL ACTION NO: |
| Plaintiff, | : | 3:02 CV 356 (DJS) |
| VS. | : | |
| THE TOWN OF RIDGEFIELD, ET AL. | : | |
| Defendants. | : | JUNE 11, 2007 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS**

I.  **PRELIMINARY STATEMENT**

Defendants The Town of Ridgefield, The Board of Selectmen of the Town of Ridgefield, The Board of Finance of the Town of Ridgefield, The Economic Development Commission of the Town of Ridgefield, The Bennett's Farm Development Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of the Town of Ridgefield (the "Moving Defendants") hereby file this Memorandum of Law in Support of their Motion to Dismiss the Fourth Count of Plaintiff's Second Amended Complaint dated May 24, 2007, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). As more fully set forth below, the Fourth Count should be dismissed because: 1) it is moot; and 2) Plaintiff's allegations fail to state a claim upon which relief can be granted.

II. **STATEMENT OF FACTS**

This action was commenced by Summons and Complaint dated February 27, 2002 to stop the Town of Ridgefield ("Ridgefield") from implementing its properly authorized project plan to support economic development in Ridgefield. On April 5, 2007, Plaintiff filed a Motion to Amend and a Proposed Second Amended Complaint.

This Court granted Plaintiff's Motion to Amend on May 21, 2007 and Plaintiff served the Second Amended Complaint on May 24, 2007 (the "Operative Complaint").[1]

The Fourth Count of the Operative Complaint is a claim for violation of the Federal Fair Housing Act, based on a recent amendment to the Ridgefield Zoning Regulations. Plaintiff makes the following pertinent allegations:

1) The Planning and Zoning Commission (the "Commission") has approved amendments to its zoning regulations which include elimination of specified residential uses in the Corporate Development Zone (the "CDD zone") where Plaintiff's property (the "Property") is located. These actions were taken for the purpose of precluding affordable housing on the Property, to prevent families with school-aged children from moving into and residing in Ridgefield, or to prevent the perceived fiscal consequences of such families moving to and residing in Ridgefield, in violation of the Federal Fair Housing Act. Operative Complaint, Fourth Count, Para. 93.

2) By eliminating the specified residential uses from the CDD zone in which the Property is located, Ridgefield and the Commission have acted to preclude future applications for affordable housing on the Property, with the intent or effect of precluding new families with school-aged children from moving to Ridgefield or otherwise making housing unavailable to families with school-aged children, in violation of the Federal Fair Housing Act. Operative Complaint, Fourth Count, Para. 94.

3) The new regulations, which eliminate specified residential uses on the Property, are discriminatory and are intended to preclude Plaintiff from being eligible to file applications for affordable housing under Section 8-30g of the Connecticut General

---

[1] Plaintiff had filed a Motion to Amend and a Proposed Second Amended Complaint on March 8, 2005. However, because the case was stayed, the Court did not rule on that Motion to Amend and a Second Amended Complaint was not filed at that time.

Statutes after the effective date of the new regulations. Operative Complaint, Fourth Count, Para. 95.

    4)    Plaintiff seeks a temporary and permanent injunction against Ridgefield and the Commission barring or prohibiting implementation of the new regulations to the extent they have eliminated specified residential uses in the CDD zone or include any other changes that preclude or may preclude Plaintiff from filing applications for affordable housing on the Property. Operative Complaint, Fourth Count, Para. 96.

On March 20, 2007, the Commission adopted numerous and significant changes and amendments to its zoning regulations (the "Amendments"). The Amendments did include the elimination of certain language identifying specified *residential uses associated with institutions of higher learning* in the CDD zone. See Affidavit of Betty Brosius dated June 6, 2007 ("Brosius Affidavit") at 1, attached hereto as Ex. A. The Amendments became effective on May 1, 2007. Brosius Affidavit at 2.

On April 25, 2007, prior to the effective date of the new regulations, Plaintiff filed an application with the Commission (the "Application"). The Application included: 1) an Application for Text Change to add a Housing Opportunity District (the "HOD") to Ridgefield's zoning regulations; 2) an Application for Zone Change to rezone 153+ acres from the CDD to the HOD; 3) an Application to Amend the Ridgefield Plan of Conservation and Development as needed, to support the zone and text change; and 4) a Conceptual Plan for 509 dwelling units, with 30% designated as "affordable" pursuant to Connecticut General Statutes Section 8-30g. Brosius Affidavit at 2. Specifically, the Application proposes that 15% of the units in the development shall be offered to families

3

whose income is less than or equal to 60% of the area or state wide median income whichever is less, and 15% of the units in the development shall be offered to families whose income is greater than 60% but less than or equal to 80% of the area or state wide median income, whichever is less. Brosius Affidavit at 2.[2]

III.    ARGUMENT

    A.    **Standard of Review on Motions to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.**

"Dismissal under Rule 12(b)(6) is only proper when it appears beyond doubt that there are no set of facts in support of plaintiff's claim which would entitle plaintiff to relief. . . . In reviewing the dismissal of a complaint for 12(b)(6) insufficiency, the complaint is to be construed in the light most favorable to the plaintiff. . . . [T]he . . . court must accept as true all the factual allegations in the complaint." Harsco Corp. v. Segui, 91 F.3d 337, 341 (2d Cir. 1996) (citations and internal quotation marks omitted).

A motion that includes evidentiary matters outside the pleadings cannot be made under Rule 12(b)(6). However, when subject matter jurisdiction is challenged under Rule 12(b)(1), the movant may present evidentiary matters by affidavit or otherwise. Kamen v. American Telephone and Telegraph Co., 791 F.2d 1006, 1010-11 2d Cir. 1986).

---

[2] Pursuant to Section 8-30g(1), an "affordable housing development" consists either of "assisted housing" or "a set-aside development." Assisted housing is what is commonly known as low-income housing. Section 8-30g(3). The development Plaintiff proposes is *not* assisted housing; it is a set-aside development. Section 8-30g(6).

### B. The Fourth Count of the Operative Complaint Must Be Dismissed Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

"The mootness doctrine, which is mandated by the case or controversy requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties. . . . Thus, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome . . . a case is moot and the federal court is divested of jurisdiction over it. . . . The central question . . . is constant -- whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." Catanzano v. Wing, 277 F.3d 99, 107 (2nd Cir. 2001) (citations and internal quotation marks omitted). When a case is moot, the federal courts lack subject matter jurisdiction. Muhammad v. City of New York, 126 F.3d 119, 122-23 (2d Cir. 1997).

In the Fourth Count of the Operative Complaint, Plaintiff alleges that the Commission has adopted new regulations which prevent Plaintiff from filing an affordable housing application. However, Plaintiff filed the Application -- an affordable housing application -- on April 25, 2007, prior to the date when those new regulations became effective. Accordingly, the new regulations cannot affect the Commission's review of the Application. See Samperi v. Planning & Zoning Commission, 40 Conn. App. 840, 844 (1996) (confirming that pursuant to Conn. Gen. Stat. Section 8-2h(a), a commission's review of a zoning application must conform to the regulations in effect when the application was filed).

Because the new regulations cannot affect the Commission's review of the Application, the Fourth Count of the Operative Complaint is moot and this Court lacks subject matter jurisdiction over that count. Therefore, the Fourth Count of the Operative Complaint must be dismissed.[3]

> C. **The Fourth Count of the Operative Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted.**

Connecticut General Statutes Section 8-30g is the state's affordable housing statute. Section 8-30g shifts the burden of proof in affordable housing appeals from the applicant to the commission. As a result, in an affordable housing appeal, the commission must "prove, based upon the evidence in the record compiled before such commission that (1) the decision from which such appeal is taken and the reasons cited for such decision are supported by sufficient evidence in the record; (2) the decision is necessary to protect substantial public interests in health, safety, or other matters which the commission may legally consider; (3) such public interests clearly outweigh the need for affordable housing; and (4) such public interests cannot be protected by reasonable changes to the affordable housing development." Ensign-Bickford Realty v. Zoning Commission, 245 Conn. 257, 270 (1998) (citations and internal quotation marks omitted). "This burden of proof applies to every type of application filed with a commission in connection with an affordable housing proposal." Wisniowski v. Planning Commission,

---

[3] It is also important to note that "federal courts should not become zoning boards of appeal to review nonconstitutional land-use determinations by the [C]ircuit's many local legislative and administrative agencies. . . . Local zoning boards, subject to direct oversight by state courts, are in a far better position than are the federal courts to balance the needs of their communities with those of individuals seeking development." Harlen Associates v. The Incorporated Village of Mineola, 273 F.3d 494, 502 (2d Cir. 2001) (citations and internal quotation marks omitted). Consequently, in the event the Commission denies the Application, Plaintiff can avail itself of the state's administrative appeal process to seek relief. Indeed, if the Fourth Count is not dismissed and Plaintiff does appeal the Commission's decision on the Application, there is a danger that this Court and the state court may issue inconsistent rulings.

6

37 Conn. App. 303, 313, cert. denied, 233 Conn. 909 (1995) (citation and internal quotation marks omitted).

Because of the burden shifting contemplated by Section 8-30g, a commission cannot deny an affordable housing application on broad grounds such as noncompliance with local zoning regulations. This includes regulations regarding use. Id. at 314-16. Neither can a commission circumvent the statute by designating a specific site as an affordable housing zone. Town Close Associates v. Planning and Zoning Commission, 42 Conn. App. 94, 102, cert denied, 239 Conn. 914 (1996).

There is only one exemption to the burden shifting contemplated by the statute, known as the "industrial use exemption." The burden shifting will *not* occur if: 1) "the application which was the subject of the decision from which [an] appeal was taken would locate affordable housing in an area which is zoned for industrial use and which does not permit residential uses"; and 2) "the development is not assisted housing. . ." Conn. Gen. Stat. Section 8-30g(g)(C)(2)(A) and (B).

However, the courts strictly construe the industrial use exemption to apply only to areas that are zoned exclusively for industrial use. For example, in Jordan v. Old Saybrook Zoning Commission, 2003 Ct. Sup. (LOIS) 11935 (J.D. of New Britain at New Britain, Oct. 31, 2003, Tanzer, J.) (copy attached hereto as Ex. B), the commission took the position that an affordable housing appeal was governed by the industrial use exemption because the plaintiff's property was located in a shopping center business district that permitted some of the same industrial uses permitted in the town's industrial zones, the district excluded all residential uses, and the proposed development was not assisted housing. Reasoning that Section 8-30g is a remedial statute that must be

7

liberally construed in favor of those whom the legislature intended to benefit, and that statutory exceptions are to be strictly construed, the court rejected the commission's position. The court concluded that the district was not "an area zoned for industrial use" within the meaning of the statute and that the exemption was not applicable to the plaintiffs' applications. Id. at *6-7; see also JPI Partners, LLC v. Planning & Zoning Board, 259 Conn. 675, 680, 682 (2002) (referring to the exemption under Section 8-30g(g)(C)(2) as the "exclusive industrial zone exemption").

Here, the Property is located in the CDD zone, abbreviation for "Corporate Development District" zone. Similar to the zone in Jordan, the CDD zone is a mixed use zone that permits commercial, industrial and municipal uses. Specifically, the following are the uses allowed by special permit in the CDD zone:[4]

1. Offices for executive, administrative, business, professional, and data processing activities.

2. Research and development laboratories, including research and development of manufactured, processed or compounded products.

3. The manufacture, production, fabrication, processing, assembling, packing, storing and distribution of:

   a. precision-electrical or precision-mechanical equipment;
   b. optical goods, business machines, precision instruments, surgical and dental instruments;
   c. pharmaceutical, toiletry, and cosmetic; and
   d. any other use of the same general character as any of the uses listed above.

---

[4] Defendants request that this Court take judicial notice of Section 5.5D of the Town of Ridgefield Zoning Regulations. See United States of America v. Robinson, 1995 U.S. Dist. LEXIS 22327, *7-8 (D. Conn. 1995) (copy attached hereto as Ex. C) (Court took judicial notice of sections of the City of New Haven Zoning Ordinance and noted that the taking of judicial notice of facts outside the pleadings does not convert a Rule 12(b)(6) motion to a motion for summary judgment under Rule 56).

    4.    Medical and medical paraprofessional offices and facilities, provided that:

        a.    the parcel is larger than twenty-five (25) acres,
        b.    has frontage on two state highways, and
        c.    no overnight stays are permitted.

    5.    Accredited post-secondary educational institutions.

    6.    Municipal or other governmental uses, including public parking and recreational facilities.

    7.    Licensed child day care centers.

    8.    Public utility substations.

    9.    Uses accessory to the uses listed in Subsection 5.5D when located on the same lot.

Thus, the statutory industrial use exemption does not apply to the CDD zone. Because it is not an area zoned for industrial use within the meaning of the statute, the elimination of specified residential uses from the zone is irrelevant.

Just as before the Amendments took effect, an applicant can file an affordable housing application for property located in the CDD zone, and the Commission must apply the heightened standard required by Section 8-30g in reviewing that application. Accordingly, the Fourth Count of the Operative Complaint fails to state any claim upon which relief can be granted and should be dismissed.

## IV.    CONCLUSION

For the reasons set forth herein, the Moving Defendants respectfully request that this Court grant their Motion to Dismiss the Fourth Count of Plaintiff's Second Amended Complaint.

                    THE DEFENDANTS,
THE TOWN OF RIDGEFIELD, THE
ECONOMIC DEVELOPMENT
COMMISSION OF THE TOWN OF
RIDGEFIELD, THE BENNET'S FARM
DEVELOPMENT AUTHORITY, AND
BARBARA SERFILIPPI, IN HER
OFFICIAL CAPACITY AS THE TOWN
CLERK OF THE TOWN OF RIDGEFIELD

By: ____/s/ Stewart I. Edelstein____

Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct08526)
Monte E. Frank, Esq. (ct13666)
Cohen and Wolf, P. C.
1115 Broad Street
Bridgeport, CT  06604
Tel:  203/368-0211
Fax: 203/576-8504
sedelstein@cohenandwolf.com

10

## CERTIFICATION OF SERVICE

I hereby certify that on June 11, 2007, a copy of Defendants' Memorandum of Law in Support of Their Motion to Dismiss dated June 11, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filing and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein