UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL CASE NO: |
| Plaintiff, | : | 3 02 CV 356 (DJS) |
| VS. | : | |
| THE TOWN OF RIDGEFIELD, THE BOARD OF SELECTMEN OF THE TOWN OF RIDGEFIELD, THE BOARD OF FINANCE OF THE TOWN OF RIDGEFIELD THE ECONOMIC DEVELOPMENT COMMISSION OF THE TOWN OF RIDGEFIELD, THE BENNETT'S FARM DEVELOPMENT AUTHORITY, and BARBARA SERFILIPPI, IN HER OFFICIAL CAPACITY AS THE TOWN CLERK OF THE TOWN OF RIDGEFIELD | : | |
| Defendants. | : | June 13, 2007 |

## MOTION FOR PROTECTIVE ORDER
## OF PLANIMETRICS, LLC AND GLEN CHALDER

Planimetrics, LLC and Glen Chalder are non-parties whom Eureka V LLC ("Eureka") noticed for depositions, requesting that they each produce documents at their depositions. They file this motion for protective order pursuant to Fed. R. Civ. P. 26(c) for two reasons. First, discovery as to the new fourth count in Eureka's Second Amended Complaint should be stayed because on June 11, 2007, all defendants (except Planning and Zoning Commission of Ridgefield) filed a motion to dismiss that new fourth count. The basis for dismissing that new fourth count is that it is moot and its allegations fail to state a claim upon which relief can be granted. Second, to the extent any documents Eureka requests pertain to anything other than the new fourth

1

count, Eureka's document request is beyond the scope of the Court's May 21, 2007 order allowing for new discovery after the end of the pre-existing discovery period.

### Procedural History

The new fourth count is based on the assertion that zoning amendments effective May 1, 2007 preclude the filing of an affordable housing application as to Eureka's property, in violation of the Federal Fair Housing Act because, as recently amended, the new regulations, Eureka contends, do not allow for the filing of affordable housing applications for that property. For the reasons set forth in the memo supporting the pending motion to dismiss, dated June 11, 2007, that new fourth count is moot because Eureka filed an affordable housing application before the effective date of the new regulations, which application is still pending, and Eureka's fourth count fails to state a claim upon which relief can be granted because the new regulations *do* allow for the filing of an affordable housing application as to Eureka's property.

The discovery Eureka now seeks from Planimetrics, LLC and from Glen Chalder primarily pertains to the zoning amendments effective May 1, 2007 – the same amendments that are the subject of Eureka's fourth count that is the subject of the motion to dismiss. Eureka also seeks discovery regarding matters that are beyond the scope of the Court's recent ruling, which allows for new discovery of limited scope related to the new fourth count, after the original discovery period ended.

Specifically, Eureka served a notice of deposition with a document request dated May 25, 2007 on the Custodian of Records of Planimetrics, LLC (attached as Exhibit A), and Eureka served a notice of deposition with a document request dated May 25, 2007 on Glen Chalder, AICP, of Planimetrics, LLC (attached as Exhibit B).

Eureka has made explicit that the discovery it seeks is intended to be limited to the new allegations in its new Fourth Count pertaining to the zone amendments that went into effect May 1, 2007. See Eureka's Reply dated May 21, 2007 (attached as Exhibit C).

Specifically, in the Reply, Eureka stated as follows:

- "... **Plaintiff seeks to take discovery of Planimetrics [through its principal, Glen Chalder], the planning agency that advised the Commission on its regulation changes, on the new regulations and Eureka's new claim** that the regulations are intended to preclude affordable housing and discriminate against families with school age children." Id, at 3. (Emphasis added throughout.)

- "Defendants object to the depositions of the Commission and its new planner, Betty Brosious [sic] .... **the objection is baseless because Plantiff seeks discovery on the new claim and the new factual allegations relating to the new regulations** which are [allegedly] intended to preclude affordable housing on the Property." Id, at 3.

- "... **if the Court allows the** Amended Complaint and Eureka's **new claim** (Count Four) ... **Eureka is entitled to discovery and can disclose experts relative to that claim.**" Id, at 4.

- "**Defendants can't seriously challenge Eureka's right to disclose experts on its new claim.**" Id, at 4.

Eureka seeks the same documents from Planimetrics, LLC and from Mr. Chalder. They are all objectionable either because they pertain to the new fourth count which is subject to the pending motion to dismiss, or because they are beyond the scope of the Court's May 21, 2007 order.

<u>Argument</u>

Pursuant to Fed. R. Civ. P. 26(c), the court "has the discretion to stay discovery for 'good cause,' and ... good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." *Cuartero v. United States of America*, 2006 U.S.

3

Dist. LEXIS 79641 (D. Conn. Nov. 1, 2006) (copy attached as Exhibit D), quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y. Mar. 7, 1966) (copy attached as Exhibit E). In *Cuatero*, the Court stayed discovery until ruling on a pending motion to dismiss.

Factors in determining good cause to stay discovery include the breadth of the discovery sought, the burden of responding to it, the prejudice that would be suffered by the party opposing the stay, and the strength of the dispositive motion that is the basis for the discovery stay application. *Cuatero*, at *4.

In the case at bar, Eureka seeks voluminous documents from Planimetrics, LLC and from Mr. Chalder which would be burdensome to produce, and Eureka suffers no prejudice by not obtaining that discovery, because the ruling on the pending motion to dismiss is a matter of statutory and regulatory construction. Furthermore, the dispositive motion is strong, because the new fourth count is moot and the premise upon which Eureka relies in that count is untenable as a matter of law. Contrary to Eureka's assertion in that count, affordable housing applications *can* be filed in a CDD zone as amended.

For other cases staying discovery pending decision on a dispositive motion, see *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987); *Rivera v. Heyman*, No. 96 civ. 4489, 1997 U.S. Dist. LEXIS 2003, *3 (S.D.N.Y. Feb. 27, 1997) (attached as Exhibit F); and *Spencer Trask Software and Info. Servs. LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Eureka has not limited its document requests to documents solely pertaining to the zone amendments effective May 1, 2007. Specifically, document requests 1, 3, 4,

7, 8, 9, 10 all seek documents pertaining to the Ridgefield zone regulations before the amendments effective May 1, 2007, or other documents that generally pertain to affordable housing, the CDD zone, or the South Parcel. The opportunity for Eureka to conduct such discovery has long since expired.

Accordingly, this Court should stay the depositions of Planimetrics, LLC and of Glen Chalder, and the production of documents related to those depositions, until ruling on the pending motion to dismiss. It should also preclude production of documents beyond the scope of the Court's May 21, 2007 order, *i.e.*, all documents that pertain to anything *other than* the new zone amendments.

As verified by the attached certification, on June 12, 2007, the undersigned and counsel for Eureka conducted a good faith conference in compliance with Fed. R. Civ. P. 26(c) to resolve the dispute pertaining to the subject matter of this motion without court action, but could not resolve that dispute.

THE TOWN OF RIDGEFIELD, THE BOARD OF SELECTMEN OF THE TOWN OF RIDGEFIELD, THE BOARD OF FINANCE OF THE TOWN OF RIDGEFIELD, THE ECONOMIC DEVELOPMENT COMMISSION OF THE TOWN OF RIDGEFIELD, THE BENNETT'S FARM DEVELOPMENT AUTHORITY, and BARBARA SERFILIPPI, IN HER OFFICIAL CAPACITY AS THE TOWN CLERK OF THE TOWN OF RIDGEFIELD

By: /s/ Stewart Edelstein
Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct 08526)
Monte E. Frank, Esq. (ct 13666)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tel: 203-368-0211
Fax: 203-576-8504
sedelstein@cohenandwolf.com

## CERTIFICATION OF SERVICE

I hereby certify that on June 13, 2007, a copy of Defendant's Motion for Protective Order of Planimetrics, LLC and Glen Chalder dated June 13, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein