# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EUREKA V LLC                              :
                                          :
            Plaintiff,                    :     CIVIL ACTION NO.
                                          :     302CV356 (DJS)
- Against -                               :
                                          :
TOWN OF RIDGEFIELD, THE BOARD OF          :
SELECTMEN OF THE TOWN OF                  :
RIDGEFIELD, et al.,                       :
                                          :
            Defendants.                   :
---------------------------------------------------------------X     MAY 25, 2007

### NOTICE OF DEPOSITION

DEPONENT:   Custodian of the Records
            Planimetrics
            31 Ensign Drive
            Avon, CT 06001
            860-677-5267

Please take notice that the undersigned counsel for the Plaintiff in the above-captioned action will take the deposition of Planimetrics, by a Custodian of Records, on June 13, 2007 at 10:00 a.m. at the offices of Gregory and Adams, P.C., 190 Old Ridgefield Road, Wilton, Connecticut 06897 before a notary public or other officer as may be designated. The deponent is requested to produce at such deposition the documents identified on Exhibit A hereto.

The deposition will be recorded by stenographic means and will continue day-to-day until completed. You are invited to attend and cross-examine.

## EXHBIT A

## PLAINTIFF'S REQUESTS FOR DOCUMENTS TO PLANIMETRICS

### INSTRUCTIONS AND DEFINITIONS

A. "Planning & Zoning" means the members of the Planning and Zoning Commission of Ridgefield, the Town Planner, the Zoning Enforcement Officer and their agents, representatives and attorneys.

B. The term "person" means any natural person or any business, legal or governmental entity or association.

C. The term "Document" includes any writings, drawings, graphs, charts, photographs, phonorecords, sound recordings and other data compilations (including but not limited to electronic mail and computer generated or recorded data) from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy of a document is a separate document within the meaning of this term.

D. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise including notes, memoranda, emails, faxes, correspondence, or otherwise.

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. The use of the singular form or any word includes the plural and vice versa; the terms "all" and "each" shall both be construed as all and each; the masculine form shall be interpreted to include the feminine form, and vice versa; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

G. The discovery requests shall be deemed continuing so as to require correction or supplementation as provided by Rule 26 of the Federal Rules of Civil Procedure. If the party responding to these discovery requests cannot comply with any discovery request in full, compliance shall be made to the fullest extent possible, specifying the reasons for the inability to respond in full.

H. With respect to any information or document which is withheld in whole or in part on the ground of privilege, state:

    1. The general subject matter of the information or the document;

2. The type of document for which the privilege is claimed (e.g., letter, memorandum, etc.);

3. The date of the document or information;

4. The identify of the author of the document or the communicator of the information, including the specific capacity in which such person acted;

5. The nature and specific basis for the claim of privilege, including why such basis applies to the document or information in question; and

6. The identity of each person who received the original or a copy of the document or to whom the information or the contents of the document was communicated, including the specific capacity in which such person received the document or information.

I. The "Regulations means the Town of Ridgefield, Connecticut Zoning Regulations in effect prior to the May 1, 2007 effective date of the New Regulations..

J. The "New Regulations" means the Town of Ridgefield, Connecticut Zoning Regulations adopted March 20, 2007 effective May 1, 2007.

K. The "South Parcel" refers to the approximately 155-acre tract located to the south of Bennett's Farm Road that is the subject of this action.

L. "Defendants" means the defendants in this action and their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, agents, representatives and attorneys.

M. "Planimetrics" means Planimetrics, LLP and its officers, directors, employees, partners, corporate parent subsidiaries or affiliates, agents and representatives.

N. "CDD" means the Corporate Development District in Ridgefield.

## REQUESTS

1. All documents and all communications of Planimetrics, or between Planimetrics, Planning and Zoning (or its staff), or any other person (including the Defendants in this action) concerning the Regulations or the New Regulations, including the development and adoption of the New Regulations, to the extent they concern (a) affordable housing or (b) the CDD, including but not limited to residential uses in that district.

2. All documents and all communications concerning any possible or actual changes to Section 410.G.2. (g) of the Regulations, including but not limited to the deletion of the following sentence from Section 410.G.2. (g) of the Regulations, concerning accredited institutions of higher learning: "Facilities for accredited institutions of higher learning may include student dormitories and residences for executive and professional staff."

3. All documents and all communications concerning whether the CDD is an industrial zone under the Regulations or New Regulations.

4. All documents and all communications concerning whether residential uses are permitted in the CDD in the New Regulations or the Regulations.

5. All documents and all communications concerning whether affordable housing applications under Conn. Gen. Stat. §8-30(g) are permitted for properties in the CDD under the New Regulations.

6. All documents including reports, studies, data, tests, analyses, plans, or other things drafted, prepared, reviewed, considered, relied upon or otherwise utilized by Planimetrics in connection with the New Regulations or changes to the Regulations to the extent they concern affordable housing or the CDD zone.

7. All documents and all communications, including without limitation, reports, studies, data, tests, analyses, plans or other things reviewed, considered or relied upon by Planimetrics concerning any investigation or consideration of affordable housing or the need for affordable housing in Ridgefield, or options, ideas or plans for affordable housing or fulfilling the need for affordable housing in Ridgefield.

8. All documents and all communications to or from the Ridgefield Open Space Association (ROSA) regarding affordable housing, the CDD, Plaintiff or the South Parcel.

9. To the extent not previously produced, all documents and all communications by, to or from any of the Defendants regarding affordable housing, the CDD, Plaintiff or the South Parcel to the extent they involve the Regulations or the New Regulations.

10. To the extent not previously produced, all documents and all communications concerning (1) the South Parcel and (2) uses or potential uses of that parcel under the Regulations and New Regulations.

4

THE PLAINTIFF,

By /s/ Matthew C. M.
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed this day, postage prepaid, to all Counsel of Record on May 25, 2007:

Stewart I. Edelstein, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel.: (203) 368-0211
Fax: (203) 394-9901

Monte E. Frank, Esq.
Cohen and Wolf, P.C.
158 Deer Hill Avenue
Danbury, CT 06810

By /s/ Matthew C. M.
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.

MCM/djl
O:\CLIENTS\EurekaVLLC.004\USDC Injunction Case CV-356 (DJS)\Discovery\NOD - Planimetrics. May 2007.doc

STATE OF CONNECTICUT}  
                               SS: Avon, CT         May 29, 2007  
COUNTY OF HARTFORD  }

Then and by virtue hereof, I left a verified true and attested copy of the original Notice of Deposition with and in the hands of Glen Chalder, AICP, person in charge of the office and authorized to accept service for the within named respondent, Custodian of the Records, Planimetrics, 31 Ensign Drive, in the said Town of Avon on May 29, 2007.

The within is the original Notice of Deposition, with my doings thereon endorsed.

ATTEST:

*[signature]*  
ALBENIE GAGNON  
STATE MARSHAL  
HARTFORD COUNTY

Fees:  
Pages     $ 6.00  
End.        1.20  
Service   30.00  
Miles

TOTAL    $37.20