# EXHIBIT E

LEXSEE 1996 U.S. DIST. LEXIS 2684, AT 7

**ANTI-MONOPOLY, INC., Plaintiff, -against- HASBRO, INC., Defendant.**

94 Civ. 2120 (LMM) (AJP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1996 U.S. Dist. LEXIS 2684*

March 6, 1996, DATED
March 7, 1996, FILED

**COUNSEL:** [*1] For ANTI-MONOPOLY, INC., plaintiff: Carl E. Person, [COR LD NTC], New York, NY.

For HASBRO, INC., defendant: Dennis P. Orr, [COR LD NTC], Shearman & Sterling, NY, NY. Gary L. Reback, [COR LD NTC], Susan Abouchar Creighton, [COR LD NTC], Wilson Sonsini Goodrich & Rosati, Palo Alto, CA. Steven A. Maddox, [COR LD NTC], Wilson Sonsini Goodrich & Rosati, Palo Alto, CA.

**JUDGES:** Andrew J. Peck, United States Magistrate Judge

**OPINION BY:** Andrew J. Peck

**OPINION:**

OPINION AND ORDER

**ANDREW J. PECK, United States Magistrate Judge:**

In this antitrust action by Anti-Monopoly, Inc. against major game manufacturer Hasbro, Inc. (the manufacturer of, among other games, "Monopoly"), defendant Hasbro seeks a stay of discovery relating to plaintiff's "secondary-line" Robinson-Patman Act claims until Judge McKenna rules on Hasbro's recently filed motion for judgment on the pleadings on those claims for plaintiff's lack of antitrust standing. For the reasons set forth below, Hasbro's pending motion for judgment on the pleadings provides "good cause" for the stay of discovery, which is granted.

**FACTS**

**Anti-Monopoly's Complaint**

Anti-Monopoly's amended complaint (hereafter, [*2] "complaint") is summarized in Judge McKenna's prior Opinion granting in part defendants' motion to dismiss the complaint, familiarity with which is assumed. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94 Civ. 2120, *1995 U.S. Dist. LEXIS 8822, 1995 WL 380300* (S.D.N.Y. June 27, 1995). Plaintiff Anti-Monopoly, which possesses less than 1% of the market for family board games, developed and marketed a family board game called "Anti-Monopoly." *Id.* at *1. Defendant Hasbro is the leading manufacturer of family board games with more than 80% of the market. *Id.* The complaint also named retailers Toys "R" Us and K-Mart as defendants, *id.*, but plaintiff has subsequently settled with both of them. (See Declaration of Marthe Larosiliere, dated February 22, 1996 [hereafter "Larosiliere Dec."], Exs. A(3)-(4).)

After Judge McKenna's June 1995 decision, the following claims survived against Hasbro: (1) Count I -- violation of § 2 of the Sherman Act "by monopolizing, wilfully attempting to monopolize, and combining and conspiring to monopolize, the manufacturing and sale of family board games" *(1995 WL 380300, at *4-5, 1995 U.S. Dist. LEXIS 8822, *11)*; (2) Count III -- tortious interference with advantageous business relationships under New [*3] York law (id. at *6-7, *1995 U.S. Dist. LEXIS 8822, *17*); (3) Count VI -- Hasbro's violation of § 7 of the Clayton Act by acquiring competitors where the effect has been to substantially lessen competition and to create a monopoly (id. at *8); (4) Count VII -- violation of the Robinson-Patman Act (§ 2 of the Clayton Act) by "'providing substantial discounts, terms and services to major family board game retailers which are not made available on equal terms to competing smaller family board game retailers and wholesalers and which are not either cost justified or otherwise permitted under § 2.'" (id. at *8, *1995 U.S. Dist. LEXIS 8822, *24*, quoting complaint; see also id. at *9, *1995 U.S. Dist. LEXIS 8822, *26*; (5) Count VIII -- violation of § 1 of the Sherman Act through illegal contracts, conspiracies and combinations to restrain trade (id. at *9-10, *1995 U.S.

Dist. LEXIS 8822, *27); and (6) Count IX -- violation of § 3 of the Clayton Act by selling to K-Mart, Toys "R" Us and others on terms which require them not to buy from Anti-Monopoly and other small competitors (id. at *3, 1995 U.S. Dist. LEXIS 8822, *7).

This motion relates to Count VII of the complaint, plaintiff's Robinson-Patman Act claims for price discrimination. See id. at *8-9, 1995 U.S. Dist. LEXIS 8822, *24. Plaintiff has alleged both a primary-line and secondary-line Robinson-Patman [*4] Act claim. Finding that the amended complaint alleged that Hasbro "prices its products below an appropriate measure of its costs," as required by the case law under the Robinson-Patman Act, the Court upheld the claim. Id. at *9, 1995 U.S. Dist. LEXIS 8822, *27. The Court noted, however, that "because the Court agrees that Anti-Monopoly has stated a claim for primary-line injury, the Court does not address at this time Anti-Monopoly's claim that it has suffered a secondary-line injury." Id.

Hasbro has now moved before Judge McKenna to dismiss plaintiff's secondary-line Robinson-Patman Act claim for lack of standing. That motion, which is pending, provides the linchpin for Hasbro's motion to stay discovery.

Because the difference between primary and secondary-line injury is the key to these motions, I quote Judge McKenna's explanation of primary and secondary-line cases:

> Two classes of plaintiffs are recognized to have standing to bring a Robinson-Patman claim. Direct competitors of the predator are said to suffer primary-line injury when they are unable to match the predator's prices and must either sell at a loss or lose market share. Competitors of the favored purchasers are said to suffer secondary-line [*5] injuries when they are forced to compete in the same market as the purchasers who are enjoying the benefit of lower overhead for the same product. Anti-Monopoly has argued that it has suffered both types of injuries.

Id. at *9, 1995 U.S. Dist. LEXIS 8822, *26.

**Anti-Monopoly's Discovery Requests**

After the initial pretrial conference on August 9, 1995, by Order dated August 16, 1995, the Court set a cutoff date of March 15, 1996 for fact discovery and May 10, 1996 for expert discovery. The Court notes that the parties had proposed, and the Court rejected, a much more leisurely schedule -- fact discovery through September 1996 and expert discovery through March 30, 1997. (See 8/9/95 "Proposed Joint Discovery Plan.")

In late December 1995, plaintiff served Requests to Admit and a Second Set of Interrogatories on defendant Hasbro, seeking discovery in support of plaintiff's secondary-line Robinson-Patman Act claim. (Larosiliere Dec. Exs. F-G.) In late January, plaintiff served a Second Set of Requests to Admit, containing requests 201-431, all of which appear directed at the secondary-line claim. (Id. Ex. I.) That same day, plaintiff served its Second Request for Production of Documents, [*6] including 12 requests directed at plaintiff's secondary-line claim. (Id. Ex. J.)

**ANALYSIS**

Pursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for "good cause," and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a "short" period of time and the opposing party (here, plaintiff) will not be prejudiced by the stay. See, e.g., In re Towers Financial Corp. Noteholders Litigation, 93 Civ. 0810, 1996 U.S. Dist. LEXIS 2311, WL (S.D.N.Y. Jan. 29, 1996) (Peck, M.J.); American Booksellers Assoc., Inc. v. Houghton Mifflin Co., 94 Civ. 8566, 1995 U.S. Dist. LEXIS 2044, 1995 WL 72376 at *1 (S.D.N.Y. Feb. 22, 1995); Gandler v. Nazarov, 94 Civ. 2272, 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994); Chrysler Corp. v. Century Power Corp., 137 F.R.D. 209, 211 (S.D.N.Y. 1991); 2 M. Silberberg, Civil Practice in the Southern District of New York § 24.04 at 24-8 (and cases cited therein) (1995).

**The Breadth and Burden of the Requested Discovery**

Two related factors that the courts consider in deciding a motion for a stay [*7] of discovery are the breadth of the discovery sought and the burden of responding to it. E.g., American Booksellers v. Houghton Mifflin, 1995 U.S. Dist. LEXIS 2044, 1995 WL 72376 at *1; Chrysler v. Century, 137 F.R.D. at 211. Here, plaintiff's secondary-line discovery requests are quite extensive. They involve almost 300 Requests to Admit, as well as 14 interrogatories and 12 document requests. (See Hasbro's Brief at 4-5 & nn.7-8, 10; see also Berger 2/29/96 Letter to the Court at 1-2.) These requests will be totally unnecessary if Hasbro's motion for judgment on the pleadings as to the secondary-line Robinson-Patman Act claim is granted. (The Court is relying on Hasbro's assertion that these requests only relate to the secondary-line claim, which has not been challenged by plaintiff.)

**There Is No Prejudice to Plaintiff from a Stay of Discovery**

Another factor that the courts consider is whether the party opposing the stay would be unfairly prejudiced by a stay. E.g., *Gandler v. Nazarov*, 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004 at *4; *Chrysler v. Century*, 137 F.R.D. at 211.

Plaintiff will not be prejudiced by a stay here. Plaintiff argues that "The requested stay would destroy the [*8] accelerated time schedule for discovery under which the parties and the Court have been working, and almost reached." (Person 2/26/96 Letter to the Court, at 1.) It is true that fact discovery is scheduled to be completed by March 15, 1996. The Court notes, however, that the parties originally proposed that fact discovery run through September 1996 (and expert discovery through March 30, 1997.) The deadlines were accelerated only because this Court believes in running a "rocket docket" and suggested that the parties could condense and expedite their discovery schedule, to which they agreed. The Court has every reason to believe that Hasbro's motion will be decided, and if it is denied that the additional fact and expert discovery needed will be conducted, before the original March 30, 1997 cutoff date.

Plaintiff's second prejudice argument is that:

> Plaintiff cannot afford to call witnesses for some of the needed discovery, and then have to go through the process again for the Robinson-Patman type discovery, if a stay is granted. This means additional preparation time, additional travel time to and from the depositions, and other problems associated with bifurcated discovery especially [*9] of third-party witnesses, including re-noticing them at this late date in discovery.

(Person 2/26/96 Letter at 1.) However, as of this date, less than two weeks before the scheduled March 15, 1996 close of fact discovery, plaintiff has noticed only three depositions of senior Hasbro executives (Messrs. Hassenfeld, Dittomassi and Wilson), and no non-party depositions. (See Berger 2/29/96 Letter to the Court at 3.) Further, Hasbro contends that these three senior executives do not "have specific or detailed knowledge of pricing issues." (Id.) Thus, according to Hasbro, if their motion for judgment on the pleadings were denied, no depositions would be repeated. (Id.) Even if Hasbro were incorrect and these three depositions would need to be reopened, any extra cost to plaintiff is more than outweighed by the expense to Hasbro (and to plaintiff) of conducting discovery on a claim that may be dismissed as legally insufficient. Moreover, the "additional travel time to and from the depositions" is a factor that, if necessary, can be obviated in other ways later (e.g., by agreement or order that the depositions occur in New York when the witness is in New York for business [*10] reasons, or permitting telephonic depositions, etc.). It is premature to decide what cost protection, if any, plaintiff will be given later. But it is clear that there is no prejudice to plaintiff from the stay.

### Hasbro's Motion For Judgment on the Pleadings has "Substantial Grounds"

The third and final factor the courts examine is the strength of the dispositive motion that is the basis for the discovery stay application. E.g., *Gandler v. Nazarov*, 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004 at *4 (stay granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law") (emphasis added); *Chrysler v. Century*, 137 F.R.D. at 211 (motions to dismiss "appear to have substantial grounds") (emphasis added).

From the Court's preliminary look at Hasbro's motion for judgment on the pleadings, the motion is "not unfounded in the law" and "appears to have substantial grounds."

Plaintiff's secondary-line standing argument appears to be that Hasbro's price discrimination has put small retailers out of business, and that plaintiff sold or would have sold its game to these retailers if they had not gone out of business. (See Larosiliere Dec. Ex. [*11] D: Plf's 1994 Brief Opposing Motion to Dismiss, at 16.) In *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 (2d Cir.), cert. denied, 133 L. Ed. 2d 304, 116 S. Ct. 381 (1995), the Second Circuit dismissed a similar Robinson-Patman Act claim for lack of standing, holding:

> It follows naturally that a party in a business relationship with an entity that failed as a result of an antitrust violation has not suffered the antitrust injury necessary for antitrust standing. . . .
>
> Although the [plaintiff] distributors undoubtedly suffered injury as a result of the alleged antitrust violation, the injury suffered by the distributors is derivative of the injury suffered by Seven-Up Brooklyn. Thus, . . . it was not the distributors that suffered direct antitrust injury, but Seven-Up Brooklyn. Therefore, the proper party to bring the antitrust action on these facts was Seven-Up Brooklyn. . . .

*55 F.3d at 766-67.* Hasbro argues that the party suffering direct antitrust injury here, and thus the party with standing, are the small retailers allegedly forced out of business by Hasbro's price discrimination, and any injury suffered by plaintiff is derivative and not antitrust [*12] injury.

Hasbro also cites two district court decisions that held that a competing manufacturer (like plaintiff here) has no antitrust standing to bring a secondary-line claim under Sections 2(d) and 2(e) of the Robinson-Patman Act for a competitor's providing discriminatory allowances or services to customers. *Ashkanazy v. I. Rokeach & Sons, Inc., 757 F. Supp. 1527, 1553-54 (N.D. Ill. 1991); Frito-Lay, Inc. v. Bachman Co., 659 F. Supp. 1129, 1140-41 (S.D.N.Y. 1986).*

Plaintiff distinguishes these cases and relies on certain "target area" cases. (See Larosiliere Dec. Ex. D: Plf's *1994 Brief at 16-19.*) The Court need not decide whether Anti-Monopoly or Hasbro is correct -- that motion is before Judge McKenna. The Court's reading of the parties' prior briefs on this issue, and the cases cited above, however, makes clear that not only does Hasbro's motion to dismiss "appear not unfounded on the law" but indeed it "appears to have substantial grounds."

## CONCLUSION

All of the factors relied on by the courts support a stay of discovery. Accordingly, for the reasons set forth above, the Court grants Hasbro's motion to stay fact and expert discovery that relates [*13] solely to plaintiff's secondary-line Robinson-Patman Act claim. The stay will be lifted without further Court order if Judge McKenna denies Hasbro's motion for judgment on the pleadings as to the secondary-line claim.

SO ORDERED.

DATED: New York, New York
March 6, 1996

**Andrew J. Peck**

United States Magistrate Judge