# EXHIBIT F

FOCUS - 1 of 1 DOCUMENT

AMADOR RIVERA, Plaintiff, - against - I. MICHAEL HEYMAN, Secretary, Smithsonian Institution; LUIS A. PALAU; and EDWARD G. DOLAN, Defendants.

96 Civ. 4489 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1997 U.S. Dist. LEXIS 2003*

February 27, 1997, Decided
February 27, 1997, FILED

**DISPOSITION:** [*1] The requested stay of discovery pending disposition of the motion for dismissal GRANTED.

**COUNSEL:** For AMADOR RIVERA, plaintiff: Gregory Antolino, New York, NY.

For I. MICHAEL HEYMAN, Secretary, Smithsonian Institution, LUIS A. PALAU, EDWARD G. DOLAN, defendants: Martin J. Siegel, Mary Jo White, US Attorney for the SDNY, New York, NY.

**JUDGES:** Peter K. Leisure, U.S.D.J.

**OPINION BY:** Peter K. Leisure

**OPINION**

*MEMORANDUM ORDER*

LEISURE, *District Judge:*

The above-captioned matter is an action for employment discrimination on the basis of disability under the Vocational Rehabilitation Act of 1973, 28 U.S.C. § 710 *et seq.*, the New York State Human Rights Law (the "NYSHRL"), *N.Y. Exec. Law § 295 et seq.*, and the New York City Human Rights Law (the "NYCHRL"), Admin. Code § 8-107; for unlawful employment retaliation under Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*, the NYSHRL, and the NYCHRL; and for injuries under various common law theories. Plaintiff claims that defendants discriminated against him on the basis of the fact that he is infected with the Human Immunodeficiency Virus ("HIV"), and retaliated against him for opposing such discrimination.

[*2] Defendants intend to move for dismissal on the grounds of sovereign immunity and failure to exhaust administrative remedies under the Federal Tort Claims Act, *28 U.S.C. § 1346*. Before the Court is defendants' request for a stay of discovery pending disposition of the motion.

**DISCUSSION**

The trial court has considerable discretion to control the discovery process in cases before it. *Rule 26(c) of the Federal Rules of Civil Procedure* allow a district court to stay part or all of the discovery process for good cause shown. For example, in *Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 105 (2d Cir. 1981)*, the Court of Appeals for the Second Circuit held that the district court "acted well within its discretion" when it granted a stay of discovery pending determination of defendants' motion for summary judgment.[1]

1   Plaintiff seeks to distinguish the *Contemporary Mission* case by pointing out that it involved a pending motion for summary judgment whereas the instant action involves a pending motion for dismissal. Plaintiff is correct that the onerous legal standard for dismissal makes such a motion difficult to obtain and thus arguably counsels against the granting of a stay pending decision. However, another difference between a motion for summary judgment and one for dismissal points in the opposite direction. A plaintiff denied discovery because of the filing of a summary judgment motion has a powerful argument that the stay could directly cause plaintiff to fail to meet its burden in opposing the summary judgment motion. In the case of a dismissal motion, evidence outside the pleadings is not considered.

The plaintiff has no need for discovery to oppose the motion, and therefore this reason for denying a stay of discovery is absent.

[*3] Defendants are about to file a motion which could well dispose of many of the issues in this case, if not the entire action. The Court cannot, of course, predict the outcome of the motion until it is brought and briefed by the parties, but it is enough to note that defendants appear at this stage to have a substantial argument for dismissal. Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.

Plaintiff's counsel argues principally that: (1) a stay of discovery will unduly delay this action; and (2) the scope of discovery will not be significantly narrowed because the Title VII retaliation claims -- as to which defendants do not have a sovereign immunity defense -- will require essentially the same discovery as the non-Title VII claims. Neither argument is convincing. Plaintiff bases his first argument on his contention that defendants' motion lacks merit. If the Court were convinced that defendant had a minimal probability of success on its dispositive motion or that such [*4] a motion was merely a delay tactic, then a stay of discovery would be denied. However, the motion, upon preliminary examination, appears to be substantially grounded. This action was commenced in June of 1996. A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.

As to plaintiff's second argument, defendants' apparent position with regard to the Title VII retaliation claims is not that dismissal is warranted on sovereign immunity grounds, but rather on the grounds that plaintiff's claims are not covered under Title VII. Indeed, plaintiff's first amended complaint alleges that defendants retaliated against him on the basis of his filing of discrimination charges in December of 1993. See First Am. Compl. P 90. Those charges related to plaintiff's claim that he was discriminated against on the basis of his HIV status. See id. PP 16-24. Title VII's anti-retaliation provision covers claims of retaliation on the basis of activities protected under Title VII, including the filing of charges of discrimination on the basis of race or gender. See 42 U.S.C. [*5] § 2000e-3(a) (1994). Filing charges of disability discrimination does not appear to constitute an activity protected under Title VII. Thus, contrary to plaintiff's position, the Title VII cause of action may be subject to dismissal as well.

## CONCLUSION

The requested stay of discovery pending disposition of the motion for dismissal is HEREBY GRANTED. The parties are HEREBY ORDERED to comply with the following briefing schedule for the motion to dismiss: (1) defendants shall file the motion on or before March 3, 1997; (2) plaintiff shall file his opposition on or before March 24, 1997; and (3) defendants shall file their reply, if any, on or before March 31, 1997. Failure by defendants to comply with the above deadlines, absent an extension by consent of the parties and endorsed by this Court in advance of the due date, will result in lifting of the stay.

## SO ORDERED

New York, New York

February 27, 1997

Peter K. Leisure

U.S.D.J.