UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
EUREKA V LLC,
          Plaintiff,     :      Civil Action No.

:      3 02 CV 356 (DJS)

VS.

THE TOWN OF RIDGEFIELD, THE BOARD OF
SELECTMEN OF THE TOWN OF RIDGEFIELD,
THE BOARD OF FINANCE OF THE TOWN OF
RIDGEFIELD, THE ECONOMIC DEVELOPMENT
COMMISSION OF THE TOWN OF RIDGEFIELD,
THE BENNETT'S FARM DEVELOPMENT
AUTHORITY, BARBARA SERFILIPPI, IN
HER OFFICIAL CAPACITY AS THE TOWN
CLERK OF THE TOWN OF RIDGEFIELD, AND
PLANNING AND ZONING COMMISSION OF
RIDGEFIELD

          Defendants.     :      JUNE 13, 2007

## MOTION FOR PROTECTIVE ORDER REGARDING DOCUMENT REQUESTS TO DEFENDANTS OTHER THAN PLANNING AND ZONING COMMISSION OF RIDGEFIELD

Defendants Town of Ridgefield, The Board of Selectmen of the Town of Ridgefield, The Board of Finance of the Town of Ridgefield, The Economic Development Commission of the Town of Ridgefield, The Bennett's Farm Development Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of the Town of Ridgefield ("Moving Defendants") file this motion for protective order as to Plaintiff's Second Set of Document Requests dated May 25, 2007.

On April 5, 2007, Eureka filed a Motion to Vacate Stay and for Expedited Discovery, which the court granted. The discovery Eureka sought, which the court allowed, was very limited.

Specifically, Eureka sought discovery and depositions of Planimetrics and its principal, Glen Chalder, the Planning and Zoning Commission in Ridgefield, and Betty Brosius, the Town Planner, regarding the zoning amendments effective May 1, 2007.

The Moving Defendants objected to Eureka's motion, after which Eureka filed a Reply on May 21, 2007, attached as Exhibit A. Eureka's Reply makes explicit that the discovery it seeks is limited to its new allegations pertaining to the zone amendments that went into effect May 1, 2007.

Specifically, in the Reply, Eureka stated as follows:

- ". . . **Plaintiff seeks to take discovery of Planimetrics [through its principal, Glen Chalder], the planning agency that advised the Commission on its regulation changes, on the new regulations and Eureka's new claim** that the regulations are intended to preclude affordable housing and discriminate against families with school age children." Id, at 3.

- "Defendants object to the depositions of the Commission and its new planner, Betty Brosious [sic] . . . . **the objection is baseless because Plantiff seeks discovery on the new claim and the new factual allegations relating to the new regulations** which are [allegedly] intended to preclude affordable housing on the Property." Id, at 3.

- ". . . **if the Court allows the** Amended Complaint and Eureka's **new claim** (Count Four) . . . **Eureka is entitled to discovery and can disclose experts relative to that claim.**" Id, at 4.

- "**Defendants can't seriously challenge Eureka's right to disclose experts on its new claim**." Id, at 4.

While the Moving Defendants are not seeking to re-argue the Court's decision to allow additional discovery and the disclosure of experts at this late date, the Moving Defendants object to any new document requests or disclosure of experts as to Eureka's pre-existing claims, and further object to producing any documents that pertain to the new fourth count until the court rules on the pending motion to dismiss that count.

More specifically, Eureka improperly seeks disclosure of documents that do not pertain to the new regulations or Eureka's new claim, as set forth in its May 25, 2007 document request, attached as Exhibit B, as follows ("Regulations" defined in Eureka's instructions as "the current Town of Ridgefield, Connecticut Zoning Regulations" before the amendments effective May 1, 2007):

Request 1: " All documents and all communications of Planning and Zoning (or its staff), or between Planning and Zoning (or its staff) and any other person (including Planimetrics and the Defendants in this action) concerning *the Regulations* or the New Regulations, including the development and adoption of the New Regulations, to the extent they concern (a) affordable housing or (b) the CDD, including but not limited to residential uses in that district." (Emphasis added by italics.)

Request 4: "All documents and all communications concerning whether the CDD is an industrial zone *under the Regulations* or New Regulations."

Request 8: "*All documents and all communications, including without limitation reports, studies, data, tests, analyses, plans or other things reviewed, considered or relied upon by Planning and Zoning concerning any investigation or consideration of affordable housing or the need for affordable housing in Ridgefield, or options, ideas or plans for affordable housing or fulfilling the need for affordable housing in Ridgefield.*"

Request 9: "All documents written by, or communications between or among, any members of Planning and Zoning or its staff regarding affordable housing and the CDD *as it pertains to the Regulations* and the New Regulations."

Request 10: "Any file of any member of Planning and Zoning or the Town Planner to the extent it contains documents concerning affordable housing or the CDD *as it pertains to the Regulations* or the New Regulations."

Request 11: "*All documents or communications to or from the Ridgefield Open Space Association (ROSA) regarding affordable housing, the CDD, Plaintiff or the South Parcel.*"

Request 12: " To the extent not previously produced, all documents and all communications by, to or from any of the Defendants regarding affordable housing, the CDD, Plaintiff or the South Parcel *to the extent they involve the Regulations* or the New Regulations."

Request 13: " To the extent not previously produced, all documents and all communications concerning (1) the South Parcel and (2) uses or potential uses of that parcel *under the Regulations* and New Regulations."

The Moving Defendants object to all document requests set forth above in italics, because all those document requests go beyond the scope of what this Court allowed, which was limited to discovery pertaining to the new zoning amendments effective May 1, 2007.

Furthermore, the Moving Defendants object to production of documents that pertain to Eureka's new fourth count, which is the subject of their pending motion to dismiss.

Pursuant to Fed. R. Civ. P. 26(c), the court "has the discretion to stay discovery for 'good cause,' and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." *Cuartero v. United States of America*, 2006 U.S. Dist. LEXIS 79641 (D. Conn. Nov. 1, 2006) (copy attached as Exhibit C), quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y. Mar. 7, 1966)(copy attached at Exhibit D). In *Cuatero*, the Court stayed discovery until ruling on a pending motion to dismiss.

Factors in determining good cause to stay discovery include the breadth of the discovery sought, the burden of responding to it, the prejudice that would be suffered by the party opposing the stay, and the strength of the dispositive motion that is the basis for the discovery stay application. *Cuatero*, at *4.

In the case at bar, Eureka seeks voluminous documents from the Moving Defendants which would be burdensome to produce, and Eureka suffers no prejudice by not obtaining that discovery, because the ruling on the pending motion to dismiss is a matter of statutory and regulatory construction. Furthermore, the dispositive motion is strong, because the new fourth count is moot and the premise upon which Eureka relies

in that count is untenable as a matter of law. Contrary to Eureka's assertion in that count, affordable housing applications *can* be filed in a CDD zone as amended.

For other cases staying discovery pending decision on a dispositive motion, see *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987); *Rivera v. Heyman*, No. 96 civ. 4489, 1997 U.S. Dist. LEXIS 2003, *3 (S.D.N.Y. Feb. 27, 1997) (attached as Exhibit E); and *Spencer Trask Software and Info. Servs. LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Accordingly, this Court should stay the production of documents pertaining to the new fourth count until the Court rules on the pending motion to dismiss that count, and the Court should not allow production of any documents that relate to anything other than the new zone amendments effective May 1, 2007. The time for Eureka to seek production of those documents has long since expired.

As verified by the attached certification, on June 12, 2007, the undersigned and counsel for Eureka conducted a good faith conference in compliance with Fed. R. Civ. P. 26(c) to resolve the dispute pertaining to the subject matter of this motion without court action, but could not resolve that dispute.

THE TOWN OF RIDGEFIELD, THE BOARD OF SELECTMEN OF THE TOWN OF RIDGEFIELD, THE BOARD OF FINANCE OF THE TOWN OF RIDGEFIELD, THE ECONOMIC DEVELOPMENT COMMISSION OF THE TOWN OF RIDGEFIELD, THE BENNETT'S FARM DEVELOPMENT AUTHORITY, and BARBARA SERFILIPPI, IN HER OFFICIAL CAPACITY AS THE TOWN CLERK OF THE TOWN OF RIDGEFIELD

By: /s/ 
Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct 08526)
Monte E. Frank, Esq. (ct 13666)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tel: 203-368-0211
Fax: 203-576-8504
sedelstein@cohenandwolf.com

## CERTIFICATION OF SERVICE

I hereby certify that on June 13, 2007, a copy of Defendant's Motion for Protective Order Regarding Document Requests to Defendants Other Than Planning and Zoning Commission of Ridgefield dated June 13, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein