# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x

EUREKA V LLC,

    Plaintiff,

VS.

THE TOWN OF RIDGEFIELD, THE BOARD
OF SELECTMEN OF THE TOWN OF
RIDGEFIELD, THE BOARD OF FINANCE OF
THE TOWN OF RIDGEFIELD, THE
ECONOMIC DEVELOPMENT COMMISSION
OF THE TOWN OF RIDGEFIELD, THE
BENNETT'S FARM DEVELOPMENT
AUTHORITY, and BARBARA SERFILIPPI, IN
HER OFFICIAL CAPACITY AS THE TOWN
CLERK OF THE TOWN OF RIDGEFIELD,

    Defendants.

------------------------------------x

CIVIL NO.
3: 02 CV 356 (DJS)

MAY 21, 2007

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION TO VACATE STAY
AND FOR EXPEDITED DISCOVERY**

Plaintiff Eureka V LLC submits this reply to the Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery ("Def. Obj." or "Objection").

A.   <u>Defendants do not object to the proposed amended complaint.</u>

Defendants have not filed any objection to Plaintiff's motion to file an amended complaint and the deadline to do so, May 11, 2007, has passed. Accordingly, the motion to amend should be granted and, we believe, the court should consider Plaintiff's Motion to Vacate Stay and for Expedited Discovery in the context of the proposed Amended

Complaint which, *inter alia*, adds the Ridgefield Planning and Zoning Commission (the "Commission") as a defendant and adds new allegations and a new claim under the Federal Fair Housing Act arising out of the Commission's changes to its regulations which are intended to preclude affordable housing and discriminate against families with school age children.

B.  Discovery should not be stayed.

Without citation to *any* authority, the Defendants claim that because they intend to move to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) the court should not permit discovery, asserting that "[u]ntil the Court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery." Def. Obj. at 2. In fact, Rule 12(b)(6) does **not** provide for a discovery stay and the Defendants' bald statements regarding the alleged grounds for its potential motion do not demonstrate good cause to stay discovery. *See e.g. Waterbury Hospital v. U.S. Foodservice, Inc.*, 2007 WL 328899, at *2 (D. Conn. 2007) (Magistrate Judge Smith) (denying motion for stay of discovery, noting motion to dismiss hasn't even been filed and Rule 12(b)(6) motions are rarely granted); *Moss v. Hollis*, 1990 WL 138531, at *1 (D. Conn. 1990) (Dorsey, J.) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision.").

In their Objection the Defendants have not identified or articulated any ground for their potential motion to dismiss that implicates the Court's subject matter jurisdiction, which might then provide at least a colorable basis for seeking a stay of discovery. Instead, they have made unsupported, conclusory assertions regarding the purported grounds for the as yet unfiled motion (none of which have merit). Moreover, the

2

Defendants haven't even attempted to argue, let alone make a showing, that "good cause" exists under Fed. R. Civ. P. 26(c) for the Court to issue a stay; accordingly, the Court should permit the requested discovery on Plaintiff's new allegations and new claim.

C. <u>Defendants' additional objections are baseless.</u>

1) Defendants object to Plaintiff taking the deposition of Planemetrics, through its principal, Glenn Chalder, because he was already deposed in this case. Def. Obj. at 2. This objection is baseless because Plaintiff seeks to take discovery of Planemetrics, the planning agency that advised the Commission on its regulation changes, on the new regulations and Eureka's new claim that the regulations are intended to preclude affordable housing and discriminate against families with school age children. The fact that Planemetrics was deposed on Eureka's prior claims is irrelevant and is hardly a reason for precluding Eureka from taking discovery since it will be limited to its new claim and new allegations.

2) Defendants object to the depositions of the Commission and its new planner, Betty Brosious, "for the reasons set forth above." Def. Obj. at 2-3. It is unclear what the Defendants mean here, but it appears that the objection is the same as with Planemetrics above, that discovery has previously been taken of the Commission. Once again, the objection is baseless because Plaintiff seeks discovery on the new claim and the new factual allegations relating to the new regulations which are intended to preclude affordable housing on the Property. The fact discovery was previously taken on Eureka's prior claims is irrelevant.

3) Defendants next object to an order allowing Eureka to disclose experts on its Fair Housing Act counts. Def. Obj. at 3-4.

3

First, the Defendants can't seriously dispute that if the Court allows the Amended Complaint and Eureka's new claim (Count Four), that Eureka is entitled to discovery and can disclose experts relative to that claim.

Second, this case was commenced in February 2002 and originally was to be tried in October 2002. *See* Docket No. 36, Scheduling Order dated July 29, 2002. Eureka did not initially disclose a damages expert on Count Three of the Amended Complaint, its original Fair Housing Act claim, because of the close proximity between the filing of the claim and the expected trial. Through no fault of Eureka (or the Court), trial was delayed for a variety of reasons, including the Defendants' filing of a baseless motion for summary judgment, the pendancy of *Kelo v. New London*, 268 Conn. 1, 843 A.2d 500 (2004), *aff'd* 545 U.S. 469 (2005), and also to permit a settlement procedure that Eureka pursued in good faith but which failed. *See e.g.* Docket Nos. 76, 84, 85, 86, 87, 88, 89. Unfortunately, delay has been the Defendants' objective throughout its dealings with Plaintiff's development of the Property, as they have tried desperately to stop affordable housing on the site.

Moreover, Ridgefield's claims of prejudice if Eureka is allowed to disclose experts and conduct discovery -- "because it will be costly and disrupt the litigation" (Def. Obj. at 3-4) -- rings hollow. The addition of a damages expert is hardly going to overcomplicate this case. Moreover, since the Defendants can't seriously challenge Eureka's right to disclose experts on its new claim, any additional discovery will not be disruptive or prejudicial, particularly since a trial date has not been set. Defendants will have ample time to disclose experts and take discovery of Eureka's experts and therefore

4

there will suffer no prejudice. *See generally Feeney v. Dunham*, 2007 WL 1186046, at *3 (D. Conn. 2007)(Squatrito, J.).

*Dunn v. Zimmer, Inc.*, 2005 U.S. Dist. LEXIS 3505 (D. Conn. 2005), *reversed in part on other grounds*, 165 Fed. Appx. 883 (2d Cir. 2006) (Def. Obj. at 4), is inapposite for several reasons. First, it involved a surprise witness and an expert and expert report disclosed for the first time in response to a summary judgment motion. Second, there was demonstrable prejudice to the Defendant because its expert was unable to consider the opposing expert's report in preparing its motions for summary judgment. Third, allowing the expert disclosure would have been disruptive to the litigation given the disclosure for the first time during the summary judgment motions. Here, by contrast, there would be no surprise to the Defendant, it would not be disruptive to the proceeding and there would be no prejudice to the Defendants.

As the Court is well aware, under Local Rule 16 the court may amend its scheduling order upon a showing of good cause and the Court has discretion to permit experts disclosed outside the time parameters of the court's scheduling order. *E.g. Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d. Cir. 1997). The Second Circuit has identified four factors in assessing whether the court has abused that discretion:

1. The party's explanation for the failure to comply with the discovery order.
2. The importance of the testimony of the precluded witness.
3. The prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and
4. The possibility of a continuance.

*Outley v. City of New York*, 837 F.2d 587, 590 (2d. Cir. 1988).

5

Here, the reason the Plaintiff did not previously disclose a damage expert on Count Three, its Federal Fair Housing Act claim, was, as noted, the fact the case was on the fast track and trial was originally planned well within a year of filing. Second, a damages expert would be relevant and necessary regarding the damages Eureka has sustained given that trial is at least five years later than originally expected.[1] There is no prejudice to the Defendants since it will have ample time to depose Eureka's damages expert(s) and disclose their own rebuttal expert(s). While there is no prejudice to the Defendants, by contrast Eureka will be prejudiced if it is unable to or is limited in its ability to prove damages by reason of being unable to disclose a damages expert, particularly where the passage of time has directly impacted Eureka's damages.

Finally, since the case is not presently scheduled for trial, there is no need for a continuance since the Court can schedule the trial giving the Defendants sufficient time to address the new claim, the new allegations and damages sought under the Fair Housing Act claims. Given that the overriding objective of the Federal Rules of Civil Procedure is to provide substantial justice for the litigants, the Court should permit Eureka to disclose damages experts on its existing Third Count and proposed Fourth Count, both under the Federal Fair Housing Act.

Accordingly, under the circumstances Plaintiff has demonstrated good cause for a modification of the scheduling order to (i) permit the discovery on Plaintiff's new claim and new allegations, (ii) for disclosure of damages experts on Plaintiff's Third Count under the Federal Fair Housing Act, and (iii) for disclosure of damage experts on Plaintiff's Fourth Count, under the Federal Fair Housing Act.

---

[1] As noted, the delay is certainly through no fault of the Court, as it agreed to a stay while the parties attempted to effectuate a settlement.

6

WHEREFORE, Plaintiff requests that its Motion to Vacate Stay and for Expedited Discovery be granted.

THE PLAINTIFF,

By: /s/ Matthew C. Mason
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

7

## CERTIFICATION

I certify that on May 21, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com