UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

– – – – – – – – – – – – – – – – – – – – – – – – – – x
                                                        :

EUREKA V LLC,                         :
                                                        :

                      Plaintiff,        :       CIVIL NO.
                                                     :       3: 02 CV 356 (DJS)
                                                     :

                      VS.                   :

THE TOWN OF RIDGEFIELD, THE BOARD   :
OF SELECTMEN OF THE TOWN OF       :
RIDGEFIELD, THE BOARD OF FINANCE OF  :
THE TOWN OF RIDGEFIELD, THE        :
ECONOMIC DEVELOPMENT COMMISSION  :
OF THE TOWN OF RIDGEFIELD, THE      :
BENNETT'S FARM DEVELOPMENT         :
AUTHORITY, BARBARA SERFILIPPI, IN    :
HER OFFICIAL CAPACITY AS THE TOWN   :
CLERK OF THE TOWN OF RIDGEFIELD and :
THE PLANNING AND ZONING COMMISSION :
OF THE TOWN OF RIDGEFIELD,         :
                                                        :

                     Defendants.    :
                                                       :       JUNE 22, 2007
– – – – – – – – – – – – – – – – – – – – – – – – – – :x

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
OF PLANIMETRICS, LLC AND GLEN CHALDER
AND MOTION FOR PROTECTIVE ORDER OF DEFENDANTS
OTHER THAN PLANNING AND ZONING COMMISSION OF RIDGEFIELD**

Plaintiff Eureka V LLC submits this memorandum of law in opposition to the motions for

a protective order dated June 13, 2007 of (i) non-parties Planimetrics, LLC and Glen Chalder

(collectively "Planimetrics") (Docket No. 127), and (ii) defendants The Town of Ridgefield, The

Board of Selectmen of the Town of Ridgefield, The Board of Finance of the Town of Ridgefield,

The Economic Development Commission of the Town of Ridgefield, The Bennett's Farm

Development Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of

Ridgefield (the "Defendants") (Docket No. 130) (collectively Planimetrics and the Defendants are referred to herein as the "Moving Parties") (collectively the "Motions").[1]  The Moving Parties claim that: (i) discovery should be stayed until the Court rules on the Defendants' pending motion to dismiss; and (ii) discovery should not be allowed to the extent it does not directly pertain to the zoning amendments which became effective May 1, 2007 (the "New Regulations").  The Motions are meritless, dilatory and should be denied.

First, on May 21, 2007, this Court granted Plaintiff's Motion to Vacate Stay and for Expedited Discovery, rejecting the Defendants' objection that discovery should not proceed until the Court ruled on the Defendants' forthcoming motion to dismiss.  Just three weeks later, the Defendants seek reconsideration/reversal of that ruling under the guise of motions for a protective order.  There is no reason for the Court to do so or to change its ruling.

Second, in all events, the Defendants' motion is baseless and its pendency does not provide a basis for delay of discovery.  The Defendants' mootness argument fails because Eureka's filing of an affordable housing application before the effective date of the New Regulations does not render its new claim under the Federal Fair Housing Act Housing Act, 42 U.S.C. §3600 *et seq*. moot.  While it is true the New Regulations will not apply to that application, they will apply to any subsequent application made by Eureka (or any subsequent owner).  In the event the pending application is denied, Eureka would be precluded by the New Regulations from filing another affordable housing application.  Thus, the claim is anything but moot.

Moreover, the Defendants' argument that Eureka's Fourth Count fails to state a claim because the new Corporate Development District ("CDD") zone is not an industrial zone is

---

[1] The Planning and Zoning Commission of the Town of Ridgefield is not a party to the Motions.

entirely undermined by the fact that its co-defendant, the Planning and Zoning Commission, the agency charged with adoption and interpretation of the Town's zoning regulations, has expressly refused to agree with that view.  In addition, Eureka's claim is not dependant on a finding by the Court that the new CDD zone is an industrial zone.  Eureka's claim is that the *intent* and *effect* of the regulation amendments is to preclude, discourage or interfere with affordable housing applications to the detriment of families with school age children.  Eureka undeniably has stated a Federal Fair Housing Act claim.  Finally, Defendants' motion is procedurally defective since it is premised on a misuse or misapplication of the judicial notice doctrine.

Third, contrary to Defendants' claim, Plaintiff does not seek any discovery unrelated to its Fourth Count.  In essence Eureka claims that the zoning regulations that became effective May 1, 2007 (the "New Regulations") are intended to and have the effect of precluding, preventing or interfering with affordable housing in the CDD zone in which its property is located.  Eureka propounded discovery requests pertaining specifically to the New Regulations, as well as narrowly crafted requests regarding affordable housing, the CDD zone and Eureka's property for the time period subsequent to the Defendants' prior productions in this case. Under Rule 26(b) (1), these requests are proper, seek relevant information and unquestionably are "reasonably calculated to lead to the discovery of admissible evidence" on the Fourth Count. Finally, the Moving Parties' claims of burden are entirely unsupported, are baseless and do not provide any basis for entry of the requested protective orders.

## BACKGROUND

### A.    Eureka's New Claim and New Allegations

Plaintiff's First Amended Complaint dated July 26, 2002 contains three counts based upon Ridgefield's improper attempts to take Eureka's property to stop affordable housing on the site.  On April 26, 2007, the Court granted Eureka's motion to amend its complaint to add new factual allegations and a new claim under the Federal Fair Housing Act arising out of the Planning and Zoning Commission's adoption on March 20, 2007 of the New Regulations, effective May 1, 2007.  The New Regulations include changes to the CDD zone in which Plaintiff's property lies, whereby Ridgefield has sought to preclude Eureka from making further applications under Connecticut's Affordable Housing Appeals Procedure, Conn. Gen. Stat. §8-30g.

More specifically, Eureka alleges, *inter alia*, that "[b]y eliminating the specified residential uses from the CDD zone in which the Plaintiff's property is located, Ridgefield and its Planning and Zoning Commission have acted to preclude future applications for affordable housing on the property, with the intent or effect of precluding new families with school age children from moving to Ridgefield (Second Amended Complaint ¶ 78);  "the Planning and Zoning Commission has approved amendments to its Zoning Regulations which include elimination of specified residential uses in the CDD zone where the Property is located.  These actions were taken for the purpose of precluding affordable housing on the Property, or to prevent families with school-aged children from moving into and residing in the Town of Ridgefield . . . ."(Id. ¶ 93); and "[b]y eliminating the specified residential uses from the CDD zone in which the Plaintiff's property is located, Ridgefield and its Planning and Zoning

Commission have acted to preclude future applications for affordable housing on the property, with the intent or effect of precluding new families with school age children from moving to Ridgefield or otherwise making housing unavailable to families with school age children in violation of 42 U.S.C. §§ 3604 and 3617." (*Id*. ¶ 94.)

Thus, Eureka's claim is not simply that the New Regulations preclude affordable housing, but rather the claim is much broader and encompasses the theory that the changes were discriminatory because they were intended to and have the effect of preventing or interfering with families with school-aged children from moving into and residing in Ridgefield.

### B.    Procedural Posture

On April 5, 2007, Eureka filed several related motions including a motion to vacate the stay and for expedited discovery on its new allegations and new claim. *See* Plaintiff's Motion to Vacate Stay and for Expedited Discovery (Docket No. 103). The Defendants objected to the motion and discovery on the new claim on several grounds, including:

> Defendants will contend that Eureka's new claim and new allegations are without merit because they are based on a false premise-that the change in the CDD zone effective May 1, 2007 precludes affordable housing applications. The proposed new count may also be subject to dismissal for other reasons, including Eureka's . . . recent filing of an affordable housing application to the Commission before the effective date of the May 1, 2007 amendments, which makes this count premature.

> Until the court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery. *Therefore, a ruling on Eureka's Motion should be deferred until the Court rules on Defendants' motion to dismiss*.

Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery dated May 7, 2007 ("Defendants' Objection") at 2 (Docket No. 107) (Emphasis added).

By order dated May 21, 2007, the Court granted Plaintiff's motion and overruled the Defendants' Objection. (Docket Nos. 110 and 111).  On May 25, 2007, Eureka served discovery requests on the Defendants and served subpoenas on Planimetrics.

On June 11, 2007, the Defendants filed a motion to dismiss on the grounds Eureka's Fourth Count was moot and failed to state a claim upon which relief can be granted.  (Docket No. 121.)

The subpoena on Planimetrics called for production of documents and a deposition of a custodian of records on June 13, 2007.  On that date the Moving Parties filed motions for protective order seeking to avoid production of documents and related depositions until the pending motion to dismiss is ruled upon.

## ARGUMENT

### I.      THE MOTIONS FOR A PROTECTIVE ORDER SHOULD BE DENIED.

The Moving Parties have made essentially the same motion for a protective order, claiming: (i) that discovery should not proceed on Eureka's new claim until the pending motion to dismiss has been decided, and (ii) the requests seek documents beyond the scope of that authorized by the Court.  The Motions should be denied and the Defendants ordered to produce all responsive documents with seven days of entry of the Court's order denying their motions.

### A.      The Court has already ruled that discovery should proceed notwithstanding the filing of a motion to dismiss.

This court has already ruled that discovery should proceed while the motion to dismiss is pending.  In its Objection to the motion to vacate the stay of discovery, the Defendants argued as follows:

Defendants will contend that Eureka's new claim and new allegations are without merit because they are based on a false premise-that the change in the CDD zone effective May 1, 2007 precludes affordable housing applications. The proposed new count may also be subject to dismissal for other reasons, including . . . its recent filing of an affordable housing application to the Commission before the effective date of the May 1, 2007 amendments, which makes this count premature.

Until the court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery. *Therefore, a ruling on Eureka's Motion should be deferred until the Court rules on Defendants' motion to dismiss.*

Defendants' Objection at 2 (Docket No. 107) (Emphasis added).

The Court rejected these arguments in overruling the Defendants' Objection and granting the motion to vacate the stay and for expedited discovery. *See* Order dated April 26, 2007 (Docket No. 110 and 111.) The Defendants sought clarification of the ruling with respect to disclosure of experts, but not reconsideration of the ruling itself. It does so now, belatedly, under the pretext of a motion for a protective order. There is no reason for the Court to change its original ruling.

### B.    The Motion to Dismiss is meritless

The Defendants erroneously claim that the court should grant the Motions because the merits of their motion to dismiss are strong. Def. Memo at 4; Planimetrics Memo at 4. First, Eureka's claim is not moot because in the event its pending affordable housing application is denied, it will be precluded under the New Regulations from filing a subsequent application (as would any subsequent owner). The mere filing of an application by Eureka before the effective date of the New Regulations does not resolve the issues in Count Four or render the claim moot.

7

Second, Defendants argue that Eureka fails to state a claim because the new CDD zone is not an industrial zone and therefore Eureka can make subsequent applications under Connecticut's affordable housing statute. Def. Motion to Dismiss at 9 (Docket No. 121). However, the Planning and Zoning Commission has refused to join the Defendants in their motion to dismiss to the extent the Defendants' claim the new CDD zone is not an industrial zone. *See* Defendant's Memorandum of Law in Support of Motion to Dismiss, dated June 18, 2007, at 2. (Docket No. 132). Thus, the sole basis for why Eureka purportedly fails to state a claim upon which relief can be granted is completely undermined by the Commission's refusal to agree with that position. Indeed, it is remarkable that the Defendants' motion is predicated on an interpretation of the New Regulations with which the Commission does not agree. Moreover, the Defendants' misstate or mischaracterize the nature of Eureka's claim, which, as noted, includes allegations that the *intent* and *effect* of the regulation changes is to preclude, interfere with or otherwise make unavailable affordable housing to the detriment of families with school age children. *See e.g.* Second Amended Complaint, Fourth Count, ¶¶ 79, 91-96; 42 U.S.C. § 3617; 42 U.S.C. §3604(a). Thus, a finding that the New Regulations in fact preclude affordable housing applications in the CDD zone is not necessary for Eureka to state or establish a claim where the intent or effect of the changes is discriminatory -- here to prevent or interfere with families with school age children from moving to Ridgefield.

### C.    Plaintiff does not seek any discovery unrelated to its new claim and new allegations.

The Moving Parties claim that Eureka seeks discovery beyond the scope of the Court's order to the extent the discovery is not directly related to the New Regulations. Planimetrics' Motion at 4-5; Def. Motion at 4. This argument mischaracterizes Eureka's request of this Court

to take discovery, the scope of the Court's ruling, and is based on an extraordinarily narrow reading of the scope of permissible discovery under the Federal Rules of Civil Procedure.

In its motion to vacate the stay and to take discovery, Eureka stated in pertinent part as follows:

> Eureka requests that the Court vacate its October 6, 2006 Order to the extent it stayed the action and enter a scheduling order respecting discovery on the new Fourth Count for violation of the Federal Fair Housing Act and the new allegations relating to the discriminatory regulation changes.

Motion to Vacate Stay, dated April 5, 2007, at ¶ 5 (Docket No. 103).

Eureka further stated:

> Plaintiff seeks to take discovery of Planimetrics, the planning agency that advised the Commission on its regulation changes, on the new regulations and Eureka's new claim that the regulations are intended to preclude affordable housing and discriminate against families with school age children.

Plaintiff's Reply to Def. Obj. to Motion to Vacate Stay, dated May 21, 2007, at 3 (Docket No. 108). Thus, contrary to the Moving Parties' claim, Eureka never requested that it be permitted to take discovery *solely* on the New Regulations. It did, however, request that it be permitted to take discovery on its new claim and new allegations arising out of the regulation changes.

As the Court is well aware, under Rule 26(b) discovery is permitted regarding any matter relevant to a claim or defense in the matter and "[r]elevant information need not be admissible at the trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b) (1). Simply put, Eureka contends that the regulation changes were intended to and have the effect of precluding or interfering with affordable housing on the South Parcel, which is located in Ridgefield's CDD zone. Thus, in addition to documents directly relating to the New Regulations, Eureka has requested documents that pertain to the

South Parcel, affordable housing or the CDD zone. These requests are not directed to its First, Second or Third Counts, as the Moving Parties' claim, but rather are intended to capture documents and information leading to the regulation changes, which are discoverable and relevant since the regulation changes did not occur in a vacuum.[2] Given that the Defendants have already produced documents in this case on each of the subjects about which it now complains, it should not be particularly difficult (or burdensome) to produce documents on these discrete subjects since the time of its prior productions. In reality, the Defendants' argument regarding the scope of permissible discovery is another attempt to reargue a point already litigated and lost.

### D.     The claims of burden are unsupported and meritless.

The Moving Parties claim that producing the requested documents is unduly burdensome. Def. Br. at 4; Planimetrics Br. at 4. However, these claims of burden are entirely unsupported, as no affidavits have been submitted in support of the conclusory assertion of burden. Moreover, Eureka was extremely careful in drafting its requests, even as they relate directly to the New Regulations, to limit them to documents pertaining to affordable housing, the South Parcel and the CDD. It is hard to fathom how these narrow requests are burdensome in any meaningful sense, let alone unduly burdensome. The absence of supporting affidavits addressed to the burden argument is telling.

---

[2] For example, if the First Selectman wrote a letter or a memo in 2004 to the Planning and Zoning Commission complaining of Eureka's plans for affordable housing, Eureka should be able to obtain that document.

### E.      The Defendants' Objection to Disclosure of Experts is Untimely and has already been ruled upon by the court.

In their Motion the Defendants state: "[w]hile the Moving Defendants are not seeking to re-argue the Court's decision to allow additional discovery and the disclosure of experts at this late date, the Moving Defendants object to … disclosure of experts as to Eureka's pre-existing claims . . . ."  Def. Motion at 2.  However, that is exactly what the Defendants seek -- re-argument of another prior ruling of the Court.  The Defendants have not made a motion for reconsideration and it is procedurally improper for them to try, yet again, to reargue the issue in the context of a motion for protective order.  Moreover, this "objection" is not properly before the Court since it pertains to Eureka's ability to disclose experts, not a request for an order to protect the Defendants from a discovery burden or abuse.

### F.      Eureka is prejudiced by the delay.

The Defendants erroneously claim that Eureka is not prejudiced by entry of a protective order "because the ruling on the pending motion to dismiss is a matter of statutory and regulatory construction."  Def. Motion at 4.  First, Eureka is prejudiced by the delay occasioned by the motion, which could hinder its ability to complete discovery in the time frame ordered by the Court.  Second, given the nature of Eureka's claim, which is significantly broader than the Defendants suggest, discovery is necessary before the Court can determine whether the new CDD zone is an industrial zone and whether the Commission intended to or hoped to make affordable housing unavailable in the CDD zone under the New Regulations.  Therefore, the basis for the Defendants' claim that there is no prejudice is wrong. Third, there may be

documents in the Defendants' and Planimetrics' files that are relevant to the motion to dismiss and which shed light on the Commission's motives and intent in changing the Regulations.[3]

## CONCLUSION

The Defendants, under the guise of motions for a protective order, are asking this Court to change its prior rulings that (i) discovery should proceed on the new claims and new allegations notwithstanding the Defendants' motion to dismss, (ii) Eureka can take discovery on its new claim, and (iii) Eureka can disclose experts on its claims. The Court should not permit the Defendants second and third bites at the apple and should deny the motions for a protective order. Enough is enough.

THE PLAINTIFF

By:     /s/ Matthew C. Mason
        Matthew C. Mason (ct 15291)
        Gregory and Adams, P.C.
        190 Old Ridgefield Road
        Wilton, CT 06897
        (203) 762-9000 (Tel.)
        (203) 834-1628 (Fax)
        mmason@gregoryandadams.com

---

[3] For example, if Planimetrics wrote a memo explaining that deleting the residential uses in the zone would allow the Commission to argue the industrial zone exemption, such a memo would or could be directly relevant to the Defendants' argument on the motion to dismiss.

## <u>CERTIFICATION</u>

I certify that on June 22, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Matthew C. Mason</u>
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com