UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUREKA V LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | No. 3:02cv356(DJS) |
| : | |
| THE TOWN OF RIDGEFIELD; THE BOARD : | |
| OF SELECTMEN OF THE TOWN OF : | |
| RIDGEFIELD; THE ECONOMIC : | |
| DEVELOPMENT COMMISSION OF THE : | |
| TOWN OF RIDGEFIELD; THE BENNETT'S : | |
| FARM DEVELOPMENT AUTHORITY; : | |
| BARBARA SERFILIPPI, IN HER OFFICIAL : | |
| CAPACITY AS THE TOWN CLERK OF : | |
| THE TOWN OF RIDGEFILED; AND the : | |
| ZONING COMMISSION OF THE TOWN OF : | |
| RIDGEFIELD. : | |
| : | |
| Defendants. : | |

## ORDER

Pending before the court are the motions for a protective order dated June 13, 2007 of (i) non-parties Planimetrics, LLC and Glen Chalder (collectively "the non-parties") **(dkt. # 127)**; and (ii) defendants The Town of Ridgefield, The Board of Selectmen of the Town of Ridgefield, the Board of Finance of the Town of Ridgefield, The Economic Development Commission of the Town of Ridgefield, the Bennett's Farm Development Authority, and Barabara Serfilippi, in her official capacity as the Town Clerk of the Town of Ridgefield (collectively "the moving defendants") **(dkt. # 130)**. Both the non-parties and the moving defendants ask this court to (1) stay discovery until the court rules on the motion to dismiss that was recently filed by the moving defendants, and (2) preclude discovery to the extent that it does not directly pertain to the zoning amendments that became effective May 1, 2007.

## BACKGROUND

On February 27, 2002, plaintiff Eureka V LLC ("Eureka") commenced this action. After extensive litigation, the parties submitted a joint motion, dated September 12, 2005, which informed the Court that they had reached a Settlement Agreement on August 31, 2005 and requested that the Court stay the case to allow Eureka to file certain applications with agencies of the Town of Ridgefield. The Court granted the parties' request and extended the stay several times due to the fact that the parties continuously assured the Court that this case was settling. Despite these assurances, the case did not settle. Then on April 5, 2007, Eureka filed a motion to vacate the stay and for expedited discovery. On that same day, Eureka also filed a motion to amend its first amended complaint. Indeed, Eureka sought to add allegations concerning Ridgefield's new zoning regulations, which became effective May 1, 2007.

In its motion to vacate the stay and for expedited discovery, Eureka asked the Court to "enter an order permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . ." (Dkt. # 104.) Specifically, Eureka stated,

> 5. Eureka requests that the Court vacate its October 6, 2006 Order to the extent it stayed the action and enter a scheduling order respecting discovery on the new Fourth Count for violation of the Federal Fair Housing Act and the new allegations relating to the discriminatory regulation changes.
>
> 6. Eureka anticipates that it will need written discovery (primarily if not exclusively documents) and depositions of (i) Planemetrics (and Glenn Chalder, its principal), the consulting firm that has advised the Ridgefield Planning and Zoning Commission on its zoning regulation changes, (ii) the Planning and Zoning Commission in Ridgefield and several of its members, and (iii) potentially Betty Brosious, the Ridgefield Town Planner. We believe discovery could be completed within 60 to 90 days. Eureka also requests that the Court enter an order regarding expert disclosures and discovery of experts on its Federal Fair Housing

Act counts.

(Id.)  The moving defendants opposed Eureka's motion to vacate the stay and for expedited discovery.  In their opposition memorandum, they noted that they intended to file a motion to dismiss the fourth count of the complaint and argued, "[u]ntil the Court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery."  (Dkt. # 107.)  On May 21, 2007, the Court granted Eureka's motion to amend its first amended complaint absent objection.  On the same day, the Court issued two other orders.  One order granted Eureka's motion to vacate the stay.  The other order granted Eureka's motion to expedite discovery.  This order read, "NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT SHALL ISSUE. ORDER granting 104 Motion to Expedite Discovery.  Discovery shall be completed by July 31, 2007. Signed by Judge Dominic J. Squatrito on 05/21/2007."  (Dkt. # 111.)   Thereafter, the moving defendants filed a motion for clarification of the Court's Order dated May  21, 2007.  This motion sought clarification on Eureka's request that "the Court enter an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts."  (Dkt. # 113.)  On May 24, 2007, the Court granted the motion for clarification.  Specifically, the Court ordered,

> ORDER granting 113 Motion for Clarification.  All discovery, including but not limited to expert depositions and reports, shall be completed by August 24, 2007.  Dispositive motions shall be filed by September 21, 2007 and if no dispositive motions are filed, the parties shall file their joint trial memorandum by October 5, 2007.  This case shall be trial ready November, 2007.  Signed by Judge Dominic J. Squatrito on 5/24/07.

(Dkt. # 115.)

## THE PENDING MOTIONS

The Court hereby **ORDERS** the following:

**1. To the extent that the non-parties and the moving defendants seek to have this Court enter an order staying discovery until the Court rules on the moving defendants' motion to dismiss, their request is DENIED**.

**2. To the extent that the non-parties seek a protective order limiting document requests 1, 3, 4, 7, and 8 to documents solely pertaining to the zone amendment changes effective May 1, 2007, their request is GRANTED** because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . .*" (Dkt. # 104) (emphasis added). **However, with respect to document requests 9 and 10, the non-parties' motion for a protective order is DENIED** because, pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

**3. To the extent that the moving defendants seek a protective order limiting document requests 1, 4, 8, 9, 10, 11, 12, and 13 to documents solely pertaining to the zone amendment changes effective May 1, 2007, their request is GRANTED in part and DENIED in part**.

      a. Request 1 seeks, "All documents and all communications of Planning and Zoning (or its staff), or between Planning and Zoning (or its staff) and any other person (including Planimetrics and the Defendants in this action) concerning the Regulations or the New Regulations, including the development and adoptions of the New Regulations, to the extent they concern (a) affordable housing or (b) the Corporate Development District ("CDD"), including but not limited to residential uses in that district." (Dkt. # 130.) **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is sustained** because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . .*" (Dkt. # 104) (emphasis added).

      b. Request 4 seeks, "All documents and all communications concerning whether the CDD is an industrial zone under the Regulations or the New Regulations." (Id.) **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is sustained** because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . .*" (Dkt. # 104) (emphasis added).

      c. Request 8 seeks, "All documents and all communications, including without limitation reports, studies, data, tests, analyses, plans or other things reviewed, considered or relied upon by Planning and Zoning concerning any investigation or consideration of affordable housing or the need for affordable housing in Ridgefield or options, ideas or plans for affordable housing or

fulfilling the need for affordable housing in Ridgefield." (Id.)  **To the extent the moving defendants object to this document request, their objection is overruled.**

  d.  Request 9 seeks, "All documents written by, or communications between or among, any members of Planning and Zoning or its staff regarding affordable housing and the CDD as it pertains to the Regulations and the new Regulations." (Id.)  **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is sustained** because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . .*" (Dkt. # 104) (emphasis added).

  e.  Request 10 seeks, "Any file of any member of Planning and Zoning or the Town Planner to the extent it contains documents concerning affording housing or the CDD as it pertains to the Regulations or the New Regulations." (Id.)  **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is sustained** because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory changes in Ridgefield's zoning regulations. . . .*" (Dkt. # 104) (emphasis added).

  f.  Request 11 seeks, "All documents or communications to or from the Ridgefield Open Space Association (ROSA) regarding affordable housing, the CDD, Plaintiff or the South Parcel" (Dkt. # 130.)  **To the extent the moving defendants object to this document request, their objection is overruled.**

g. Request 12 seeks, "To the extent not previously produced, all documents and all communications by, to or from any of the Defendants regarding affordable housing, the CDD, Plaintiff, or the South Parcel to the extent they involve the Regulations or the New Regulations." **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is overruled** because "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

h. Request 13 seeks "To the extent not previously produced, all documents and all communications concerning (1) the South Parcel and (2) uses or potential uses of that parcel under the Regulations and the New Regulations." (Dkt. # 130). **To the extent the moving defendants object to all document requests relating to the prior Regulations, their objection is overruled** because pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

## CONCLUSION

In light of the foregoing, the "Motion for Protective Order of Planimetrics, LLC and Glen Chalder" **(dkt. # 127)** is **GRANTED in part and DENIED in part**, and the "Motion for

7

Protective Order Regarding Document Requests to Defendants Other than Planning and Zoning Commission of Ridgefield" **(dkt. # 130)** is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this ___29th_____ day of June, 2007.

                        **/s/DJS**

                        **DOMINIC J. SQUATRITO**
                        **UNITED STATES DISTRICT JUDGE**