A True & Attested Copy
Attest
Phillips G. Terhune Jr.
State Marshal
Fairfield County

RETURN DATE:   MAY 29, 2007        SUPERIOR COURT
---------------------------------x
EUREKA V LLC,                    :
                                 :
          Plaintiff,             :  J.D. DANBURY
                                 :
                                 :  AT DANBURY
          VS.                    :
                                 :                    RECEIVED
THE PLANNING AND ZONING COMMISSION :
OF THE TOWN OF RIDGEFIELD,       :                    APR 13 2007
                                 :
          Defendants.            :                Planning & Zoning Commission
                                 :                   Inland Wetlands Board
                                 :  APRIL 13, 2007
---------------------------------x

## CITATION

TO ANY PROPER OFFICER:

By authority of the State of Connecticut, you are hereby commanded to summon the PLANNING AND ZONING COMMISSION OF THE TOWN OF RIDGEFIELD to appear before the Superior Court within and for the Judicial District of Danbury at Danbury with the return date of MAY 29, 2007, the appearance to be made by filing a written statement of appearance with the Clerk of the Court, 146 White Street, Danbury, CT 06810, on or before the second day following the return date, then and there to answer the attached appeal of EUREKA V LLC by leaving a true and attested copy of the attached Appeal and of this Citation, at least 12 days before the return date,


DEFENDANT'S EXHIBIT A

with or at the office of the Town Clerk, Barbara Serfilippi, 400 Main Street, Ridgefield, Connecticut 06877 and to the Chairman of the Planning and Zoning Commission of the Town of Ridgefield, Rebecca Mucchetti, Town Hall Annex, 66 Prospect Street, Ridgefield, Connecticut 06877.

The plaintiff, as principal, and J. Casey Healy, 180 Drum Hill Road, Wilton, Connecticut, as surety are hereby recognized in the sum of Two Hundred Fifty Dollars ($250.00), payable to the Planning and Zoning Commission of the Town of Ridgefield to prosecute this appeal to full effect and comply with all orders and decrees of the Court.

HEREOF FAIL NOT, but of this writ with your doings thereon make due service and return according to law.

Dated at Wilton, Connecticut, this 13th day of April, 2007.

*Matthew C. Mason*
Matthew C. Mason
Commissioner of the Superior Court

A True & Attested Copy
Attest: [signature]

Phillips G. Terhune Jr.
State Marshal
Fairfield County

| | |
|---|---|
| RETURN DATE: MAY 29, 2007 | SUPERIOR COURT |
| EUREKA V LLC, | |
| Plaintiff, | J.D. DANBURY |
| VS. | AT DANBURY |
| THE PLANNING AND ZONING COMMISSION OF THE TOWN OF RIDGEFIELD, | |
| Defendants. | APRIL 13, 2007 |

RECEIVED
APR 1 3 2007
Planning & Zoning Commission
Inland Wetlands Board

## APPEAL UNDER SECTIONS 8-2 AND 8-8
## OF CONNECTICUT GENERAL STATUTES

1. The plaintiff Eureka V LLC is the owner of 153± acres of real property located south of Bennett's Farm Road and west of Connecticut Route #7, north of Route #35, Ridgefield, Connecticut (the "Property"). The Property is located in Ridgefield's Corporate Development District ("CDD").

2. The defendant, Planning and Zoning Commission of the Town of Ridgefield (the "Commission"), is the town agency empowered, inter alia, pursuant to Conn. Gen. Stat. §8-1, et seq. to adopt and amend Zoning Regulations of the Town of Ridgefield.

3. Ridgefield's current Zoning Regulations include the following permitted use in its CDD Zone:

> Section 410.0 G.2 (e) Accredited institutions of higher learning. Facilities for accredited institutions of higher learning may include student dormitories and residences for executive and professional staff.

4. Thus, Section 410.0 G.2 (e) of the Regulations, which includes specified residential uses in the CDD zone, falls squarely within the ambit of Connecticut's Affordable Housing Act, C.G.G. 8-30g and permits property owners within the CDD zone to file affordable housing applications, as Plaintiff had on two prior occasions and intended to do again in the future, and avail themselves of the affordable housing appeals procedure.

5. Following public hearings, on March 20, 2007, effective May 1, 2007, the Commission adopted new zoning regulations "(New Regulations")".

6. The New Regulations eliminate the specified residential uses from the CDD zone.

7. At various times, including by letter dated December 26, 2006, Eureka objected to the proposed changes to Section 410.0 G.2 (e) and elimination of the specified residential uses from the CDD zone, noting that the change was intended to preclude affordable housing on the Property and discriminate against families with school age children.

8. In <u>Eureka v. Town of Ridgefield</u>, Docket No. 302 CV 356, United States District Court, District of Connecticut (DJS), Plaintiff has brought an action, which is pending, against

2

the Town of Ridgefield, its Board of Selectmen and others to enjoin the Defendants from (i) taking by eminent domain the Plaintiff's Property located in Ridgefield, Connecticut, and (ii) implementing the Bennett's Farm Corporate Park Preliminary Project Plan. The essence of the claim is that in early 2001, the Selectmen of the Town of Ridgefield decided in bad faith to take the Property and stop Eureka's plans for developing affordable housing on the Property, and set about to create a pretext for doing so. The proposed taking is unlawful and constitutes an abuse of the municipal power of eminent domain for several reasons including that it is undertaken in bad faith and as a pretext to take control of the Property from Eureka and stop its development plans, in particular its plans for affordable housing on the site.

9. In its December 26, 2007 letter to the Commission, Eureka noted that given the pendancy of the lawsuit against Ridgefield alleging that the municipality was seeking to take the South Parcel by eminent domain to stop affordable housing, and Eureka's well known intension to develop the Property with affordable housing, the proposed regulation change to delete specified residential uses in the CDD zone was especially troublesome.

10. The Commission has a history of an animus towards affordable housing.

11. In Terrar, LLC v. Town of Ridgefield Planning and Zoning Commission, 2006 WL 1000314 (Conn. Super.2006), an appeal of the Commission's denial of Terrar's affordable

housing applications, the court described the need for affordable housing in Ridgefield as follows:

> Only 2.13 percent of the housing units in Ridgefield qualify as "affordable" so as to exempt the town from the appeal procedures provided by §8-30g. This places Ridgefield in the bottom third of Connecticut's towns. Ridgefield is far below the 10% threshold for it to fall into one of the categories exempted from the Affordable Housing appeals statute. Ridgefield's need for affordable housing is, therefore, substantial.

2006 WL 1000314, at *3. The Court sustained Plaintiff's appeal of the denial of its applications for affordable housing and ordered the creation of an affordable housing district (the "Housing Opportunity District") for its property in Ridgefield. Nonetheless, the New Regulations do not include the court ordered Housing Opportunity District.

12. By eliminating the specified residential uses from the CDD zone in which the Plaintiff's Property is located, the Commission has acted in bad faith and for the improper and unlawful purpose of precluding future applications for affordable housing on the Property.

13. Notice of the adoption of the New Regulations was published on March 29, 2007.

14. Plaintiff is aggrieved by the actions of the Commission complained of, in accordance with Conn. Gen. State. §8-8(b), in that it is the owner of property located in the CDD zone and is adversely affected by the New Regulations to the extent they eliminate specified residential uses in the CDD zone or otherwise preclude or seek to preclude affordable housing in

the CDD zone including on Plaintiff's Property and discriminate against families with school age children.

15. The Commission's adoption of the New Regulations for the CDD zone in which Plaintiff's Property lies, to the extent the New Regulations delete the specified residential uses from the CDD zone or otherwise are intended to or have the effect of precluding affordable housing on the Property, or discriminate against new families with school age children from moving into Ridgefield, was undertaken in bad faith, for an improper purpose, and was unreasonable, arbitrary, illegal, and/or otherwise is in violation of §8-1 et seq. of the Connecticut General Statutes. The Commission's actions are consistent with and in furtherance of the Town's ongoing unlawful attempts to stop affordable housing on the Property and preclude new families with school age children from moving to Ridgefield.

THE PLAINTIFF,

By _____
Matthew C. Mason
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com