DOCKET NO. DBD-CV-07-4007262-S : SUPERIOR COURT

EUREKA V LLC : JUDICIAL DISTRICT OF DANBURY

    VS. : AT DANBURY

RIDGEFIELD PLANNING AND : JULY 12, 2007
ZONING COMMISSION

## ANSWER OF THE DEFENDANT, RIDGEFIELD PLANNING AND ZONING COMMISSION

1. Admit.

2. Admit.

3. Admit that this is the language of that section prior to May 1, 2007.

4. Admit that section 410.0.G.2(e) of the Regulations falls within the ambit of Connecticut's Affordable Housing Act, C.G.S. section 8-30g and permits property owners within the CDD zone to file affordable housing applications. The Commission further admits that Eureka had previously filed two applications pursuant to section 8-30g concerning various portions of the Property. Except as specifically admitted, the remaining allegations of paragraph 4 are denied.

5. Admit.

6. Admit.

7. It is admitted that Eureka V LLC objected as alleged in this paragraph and that Eureka V LLC claimed that the proposed changes were intended to preclude affordable housing on the Property and


DEFENDANT'S EXHIBIT B

to discriminate against families with school-age children. The Commission denies the substantive allegation that the change was intended to preclude affordable housing on the Property or to discriminate against anyone.

8. The first two sentences of paragraph 8 are admitted. The last sentence of paragraph 8 is denied.

9. Admit that the letter speaks for itself.

10. Denied.

11. Admit.

12. The Commission denies that the elimination of the specified residential uses from the CDD Zone Regulation precludes an affordable housing application pertaining to the Property and denies the balance of the allegations in paragraph 12.

13. Admit.

14. The Commission admits that the Plaintiff is aggrieved, in accordance with Conn. Gen. Stat. §8-8 by virtue of being the owner of property located in the CDD Zone, but the Commission denies that the Plaintiff is aggrieved by the actions of the Commission in amending the CDD Zone Regulation and denies that the Plaintiff is adversely affected by the new regulations and denies that the elimination of specified residential uses in the revised CDD Zone Regulation precludes or seeks to preclude an

application for affordable housing pertaining to the Plaintiff's property in the CDD Zone or to discriminate against families with school-age children.

15. The Commission denies the allegation that the deletion of the specified residential uses from the CDD Zone Regulation prohibits an application for affordable housing on the Property or was intended to preclude affordable housing or to discriminate against families with school-age children or that the Commission acted in bad faith or for an improper purpose and denies the other allegations contained in this paragraph.

THE DEFENDANT,
RIDGEFIELD PLANNING AND
ZONING COMMISSION

By_____
Thomas W. Beecher
COLLINS, HANNAFIN, GARAMELLA,
JABER & TUOZZOLO, P.C.
148 Deer Hill Avenue
Danbury, CT 06810
Its Attorneys
Telephone: (203) 744-2150
Juris No. 13472

COLLINS, HANNAFIN, GARAMELLA, JABER & TUOZZOLO, P. C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • P.O. BOX 440 • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed on the date hereof, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Matthew C. Mason, Esq.
GREGORY AND ADAMS, P.C.
190 Old Ridgefield Road
Wilton, CT 06897

_____
Thomas W. Beecher
Commissioner of the Superior Court

COLLINS, HANNAFIN, GARAMELLA, JABER & TUOZZOLO, P.C.
ATTORNEYS AT LAW • 148 DEER HILL AVENUE • P.O. BOX 440 • DANBURY, CONNECTICUT 06810
JURIS NUMBER 13472 • (203) 744-2150