UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
EUREKA V LLC,                              :
                                           :
                    Plaintiff,             :    CIVIL NO.
                                           :    3: 02 CV 356 (DJS)
                                           :
         VS.                               :
                                           :
THE TOWN OF RIDGEFIELD, THE BOARD          :
OF SELECTMEN OF THE TOWN OF                :
RIDGEFIELD, THE BOARD OF FINANCE OF        :
THE TOWN OF RIDGEFIELD, THE                :
ECONOMIC DEVELOPMENT COMMISSION            :
OF THE TOWN OF RIDGEFIELD, THE             :
BENNETT'S FARM DEVELOPMENT                 :
AUTHORITY, BARBARA SERFILIPPI, IN          :
HER OFFICIAL CAPACITY AS THE TOWN          :
CLERK OF THE TOWN OF RIDGEFIELD, and       :
THE PLANNING AND ZONING COMMISSION         :
OF THE TOWN OF RIDGEFIELD,                 :
                                           :
                    Defendants.            :
                                           :    July 17, 2007
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**EXHIBIT 1**
**PLAINTIFF'S PROPOSED SUR-REPLY MEMORANDUM OF LAW**
**IN RESPONSE TO REPLY OF**
**DEFENDANT PLANNING AND ZONING OMMISSION OF RIDGEFIELD**

Plaintiff Eureka V LLC respectfully submits this sur-reply brief in response to Defendant Planning and Zoning Commission of Ridgefield's Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss dated July 12, 2007 (the "Reply").

The new claims and arguments in the Reply of the Planning and Zoning Commission of Ridgefield (the "Commission") are procedurally improper and should be summarily rejected or stricken by the Court. First, the Reply is not a reply at all under Local Rule 7(d) since it does not respond or reply in any fashion to the Plaintiff's Memorandum of Law in Opposition to

Defendant Planning and Zoning Commission's Motion to Dismiss (filed on June 28, 2007), which addressed the only claim made by the defendant in its motion -- the Fourth Count was moot. Thus, the Reply violates Local Rule 7(d) which mandates that the reply "must be strictly confined to a discussion of matters raised by the responsive brief . . . ."

Second, in the Reply the Commission now purports to "join" in the Town Defendants' Motion to Dismiss for failure to state a claim (Commission Br. at 3-4) and thereby, in effect, amend its motion to dismiss. The attempt to add additional grounds for its motion to dismiss is procedurally defective and clearly violates Fed. R. Civ. P. 12. The Commission can't simply add new or additional grounds for a motion to dismiss in a reply brief.

Third, the Commission improperly bases its "Reply" on events that have occurred *after* the filing of the Defendants' motions and after the filing of Plaintiff's briefs in opposition to the motions to dismiss.

Fourth, the Commission's litigation based position does not mean that Plaintiff has failed to state a claim, which claim includes allegations that the Commission *intended* to interfere with or have a chilling effect on affordable housing applications in Ridgefield. Indeed, the Commission still has not explained why it deleted the specified residential uses in the CDD zone.

## BACKGROUND

1.      On May 21, 2007 the Court granted Eureka's motion to amend its complaint to add new factual allegations and a new claim under the Federal Fair Housing Act (Docket No. 109) arising out of adoption by the Planning and Zoning Commission of new regulations effective May 1, 2007 (the "New Regulations"). *See* Second Amended Complaint, Fourth Count (Docket No. 112).

2. Defendants The Town of Ridgefield, The Board of Selectmen of the Town of Ridgefield, The Board of Finance of the Town of Ridgefield, The Economic Development Commission of the Town of Ridgefield, The Bennett's Farm Development Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of the Town of Ridgefield (the "Town Defendants") filed their motion to dismiss on June 11, 2007 on the grounds the Plaintiff's Fourth Count (i) was moot and (ii) failed to state a claim (Docket No. 121).

3. Defendant Planning and Zoning Commission of Ridgefield (the "Commission") filed its Motion to Dismiss on June 18, 2007 on the sole ground that the Plaintiff's Fourth Count was moot (Docket No. 132). The Defendant expressly declined to join in that portion of the Town Defendants' motion to dismiss for failure to state a claim. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss at 2.

4. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Plaintiff's Memorandum of Law in Opposition to Defendant Planning and Zoning Commission's Motion to Dismiss were filed on June 28, 2007.

5. The Reply was filed July 12, 2007 and does not address in any manner the Defendant's claim of mootness. Instead it purports to join in a portion of the Town Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

## ARGUMENT

I. **THE COMMISSION'S REPLY IS PROCEDURALLY DEFECTIVE AND IS AN IMPROPER ATTEMPT TO ADD NEW GROUNDS FOR ITS MOTION TO DISMISS.**

A. **The Reply Violates Local Rule 7(d) and Should Be Stricken or Ignored By the Court.**

Local Rule 7(d) requires that a reply brief "must be strictly confined to a discussion of matters raised by the responsive brief . . . ." The Commission moved to dismiss on one ground --

3

mootness -- and Plaintiff's answering brief addressed that basis for the motion. The Reply purports to join in the co-defendants motion to dismiss for failure to state a claim. Thus, the Reply is not a reply at all under Local Rule 7(d) since it does not respond or reply in any fashion to the Plaintiff's Memorandum of Law in Opposition to Defendant Planning and Zoning Commission's Motion to Dismiss, which addressed only the defendant's claim of mootness.

**B. The Reply is an Improper Attempt to Add New Grounds for its Motion to Dismiss in Violation of Fed. R. Civ. P. 12.**

Under Rule 12 of the Federal Rules of Civil Procedure the Commission was required to make a motion to dismiss within 20 days of being served with the complaint. The Court granted the Commission an additional seven days to file its motion and thereafter the Commission filed its motion to dismiss asserting that the Fourth Count in the Amended Complaint was moot. Neither Rule 12 nor Local Rule 7 permits a party to simply add new or additional grounds for a motion to dismiss in a reply brief. *See also. Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 ((2d Cir. 1999) ("new arguments may not be made in a reply brief."). The Commission has not asked the Court for permission to amend its motion and its attempt to add new or additional grounds in the Reply should be summarily rejected.

**C. The Commission Improperly Bases its New Claim on Events Subsequent to the Filing of the Amended Complaint.**

The Commission attempts to base its new ground for dismissal -- that Eureka fails to state a claim in its Fourth Count upon which relief can be granted -- on events that occurred *after* the filing of the Amended Complaint, *after* the filing of the Defendants' motions to dismiss, and *after* the filing of Plaintiff's briefs in opposition to the motions to dismiss. The Reply states that the Commission "had not had an opportunity to take a formal position on the issue [of whether the new CDD zone was an industrial zone]" at the time the Commission filed its motion to

4

dismiss. Reply at 1. The Federal Rules and our Local Rules provide definitive dates for the filing of motions and responses which can not be unilaterally altered by one party. The Commission has not asked the Court for permission to amend its motion to dismiss or otherwise suggested any procedural basis for the Court to consider its new arguments and new claim now that it has "had an opportunity to take a formal position on the issue."

In addition, the public record indicates that the Commission met in executive session to discuss litigation with Eureka on April 17, 2007, April 24, 2007, May 2, 2007, May 15, 2007, and July 3, 2007 (copies attached as Exhibit A hereto). The fact that it took the Commission until July 3, 2007 to take a "formal position" on the issue of whether the new CDD regulations created an industrial zone is hardly an excuse for not filing a complete motion to dismiss on June 18, 2007 as required by the Federal Rules and the Court's order of June 12, 2007.

    **D. In the Event the Court Considers the Commission's New Claim, in All Events the Commission's Litigation Based Position, After Five Executive Sessions, that the New CCD Zone is not an Industrial Zone Does Not Mean Eureka has Failed to State a Claim Upon Which Relief Can Be Granted.**

In the event the Court decides to consider the Reply, the Commission's litigation position that the CDD zone in the New Regulations is not an industrial zone is not determinative of the issues raised in Count Four of Eureka's Second Amended Complaint. In fact, it highlights the issues surrounding the Commission's intent in eliminating the residential uses from the CDD zone, which Eureka alleges was for a wrongful and discriminatory purpose.

The Commission had every opportunity during the course of its public hearings and deliberations on its new zoning regulations to publically state that the new CDD zone was not an industrial zone, particularly after Eureka directly raised the issue, and it chose not to do so. The record and factual allegations before the Court on the Motion to Dismiss includes the following:

5

- During the hearings on Eureka's March 2005 [affordable housing] Application, the Commission challenged Eureka about its authority for applying for affordable housing under section 8-30g of the Connecticut General Statutes. In response, Eureka identified the specified residential uses in Section 410.0 G.2 (e) of Ridgefield's zoning regulations.

- The Commission proposed elimination in the New Regulations of the very language identified by Eureka as providing it a basis to proceed under section 8-30g of the Connecticut General Statutes.

- Eureka objected to the proposed changes to Section 410.0 G.2 (e) and elimination of the specified residential uses in that Section.

- Nonetheless, the Commission adopted New Zoning Regulations which eliminate all residential uses as a permitted use in the CDD zone.

- In the course of the public hearings and deliberations on the New Regulations, the Commission never stated that the new CDD zone was not an industrial zone nor explained why it was eliminating the residential uses from the CDD zone.

- In *Terrar, LLC v. Town of Ridgefield Planning and Zoning Com'n*, 2006 WL 1000314 (Conn. Super. March 29, 2006) (No. HHBCV0504004079Z) the Connecticut Superior Court ordered the Commission to adopt a new "Housing Opportunity Development" ("HOD") District pursuant to Conn. Gen. Stat. 8-30g. The Commission's New Zoning Regulations do not include the HOD zone ordered by the Court in *Terrar*.

- As of June 18, 2007, when the Commission filed its motion to dismiss, it was unable or unwilling to state its position on whether the CDD zone was an industrial zone under the New Regulations, notwithstanding the fact the amendments were made as part of a major revision of the Town's zoning regulations.

- After five meetings in executive session, the Commission has taken the position in litigation with Eureka that the new CDD zone is not an industrial zone.

Second Amended Complaint, Fourth Count, ¶¶ 72-80, 92-96; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss dated June 28, 2007 at 8; *see supra* at 5 and Exhibit A hereto.

The Commission's belated litigation position that under the New Regulations the CDD zone is not an industrial zone, a position taken after five meetings in executive session, is an

6

unexplained reversal of its prior actions and is obviously intended to try to limit the Commission's liability in this action.[1] This litigation based position does not compel the conclusion that Eureka has failed to state a claim for a violation of the Federal Fair Housing Act. In fact, it highlights a key question -- why was the language providing for residential uses in the CDD zone eliminated in the New Regulations if not to create an industrial zone or at a minimum convey the appearance the new zone was an industrial zone so as to discourage or interfere with potential affordable housing applications? Indeed, the Commission still not offered any explanation of its actions. That is precisely why discovery is necessary and the motion to dismiss for failure to state a claim is improper.[2]

Moreover, as we have previously explained to the Court, Eureka's Fourth Count is not limited to and does not require a finding that the New Regulations in fact preclude affordable housing applications in the CDD zone. Eureka alleges that the *intent* and/or *effect* of the regulation changes is to preclude, prevent or interfere with applications for affordable housing in the CDD zone (and specifically on Eureka's property), and thereby prevent or interfere with new families with school age children from moving to Ridgefield in violation of the Federal Fair Housing Act, 42 U.S.C. §3600 *et seq.* Thus, Eureka alleges not just that the Commission deleted residential uses from the prior CDD zone regulations in order to create an industrial zone, but also that the Commission amended its regulations in order to discourage and interfere with affordable housing applications. Neither the Town Defendants nor the Commission have even

---

[1] The new CDD zone on its face is an "industrial zone" because it includes industrial uses and is the only zone in Ridgefield to include such uses. There are no Connecticut appellate court cases construing the industrial zone exemption under Conn. Gen. Stat. 8-30g.

[2] For example, Vice Chairman John Katz made numerous statements like the following during the hearings on the New Regulations: "Anyone who can afford to extend the sewer, whether it is in Ridgefield or Danbury, can in effect turn a residentially zoned property, or in the case of 8-30g a non-residentially zoned property in any zone, into a high density use that we would not have intended in our hard-fought regulations." *Commission Minutes of February 27, 2007.*

attempted to respond to Eureka's claim to the extent it is based on the intent of the Commission in amending its CDD zone regulations to eliminate residential uses, which Eureka alleges was intended to interfere with or preclude affordable housing on the Property.

In sum, even if the Court were eventually to conclude the new CDD zone is not an industrial zone, Eureka has still alleged facts that entitle it to relief. The Commission's intent in changing the regulations is at the heart of Eureka's claim and the Commission's after the fact litigation driven change of position hardly defeats Eureka's claim. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss dated June 28, 2007 at 8-12.

## CONCLUSION

For these reasons, the Defendants' motion to dismiss should be denied.

THE PLAINTIFF

By: /s/ Matthew C. Mason
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

**CERTIFICATION**

I certify that on July 17, 2007 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com
