APPROVED / REVISED
MINUTES
PLANNING AND ZONING COMMISSION
**SPECIAL MEETING**

April 17, 2007       Present:   Michael Autuori
                                Joseph Fossi
                                Nelson Gelfman
                                John Katz, Vice Chair
                                James McChesney
                                Rebecca Mucchetti, Chairman
                                Walter Slavin
                                Patrick Walsh
                                Lillian Willis

Also Present:   Betty Brosius, Director of Planning

*The Special Meeting for Executive Session commenced after all other business for the Inland Wetlands Board and the Planning and Zoning Commission had been concluded.*

**The Chairman** asked for a motion and second to go into Executive Session.

**Mr. Katz** motioned to go into Executive Session, seconded by Mr. McChesney, to discuss litigation in the matter of Eureka V, LLC v. Planning and Zoning Commission of the Town of Ridgefield. The Planner was asked to attend the session, and the Recording Secretary was asked to leave. The motion passed, 9-0.

At 9:17 p.m., Chairman Mucchetti called the Executive Session to order.

**Dr. Autuori** motioned to conclude the Executive Session, seconded by Mr. Fossi. The motion passed, 9-0.

There was no action and no vote taken following the Executive Session.

A second Executive Session will be scheduled with counsel, for Tuesday, April 24, 2007.

Hearing no further discussion, the Chairman adjourned the Special Meeting at 9:30 p.m.

Respectfully submitted,


Betty Brosius
Director of Planning

APPROVED / REVISED
MINUTES
**SPECIAL MEETING**
PLANNING AND ZONING COMMISSION

| April 24, 2007 | Present: | Michael Autuori |
| | | Joseph Fossi |
| | | Nelson Gelfman |
| | | John Katz, Vice Chair |
| | | James McChesney |
| | | Rebecca Mucchetti, Chairman |
| | | Walter Slavin |
| | | Patrick Walsh |
| | | Lillian Willis |

Also Present:  Betty Brosius, Director of Planning
Rudy Marconi, First Selectman
Thomas Beecher, Esq., Land Use Counsel

At 7:30 p.m. Chairman Mucchetti called the meeting to order.

**ITEMS**

1. **Executive Session with Land Use Counsel:** Eureka V LLC vs. the Planning and Zoning Commission of the Town of Ridgefield.

   **Chairman Mucchetti** asked for a motion and second to go into Executive Session, to discuss pending litigation, filed against the Planning and Zoning Commission by Eureka V, LLC.

   **Mr. Fossi** motioned, seconded by Mr. Walsh, to enter into Executive Session with Land Use Counsel, with the Planner to remain. Mr. Marconi was present as an ex-officio member of the Commission in his position as First Selectman.

   At 9 p.m., **Mr. Walsh** made a motion to adjourn the Executive Session, seconded by Dr. Autuori. The vote was 9-0 to adjourn.

   There were no votes and no action taken by the Commission during the Executive Session.

   Attorney Beecher and First Selectman Marconi left the meeting at the conclusion of the Executive Session.

2. **Discussion: Village District Consultant and the Architectural Advisory Committee,** c/o Chairman and Planner.

   **Chairman Mucchetti** noted that this was a continuation of the discussion started at the meeting on 4/17/07, where the Commission agreed by consensus to appoint the Architectural Advisory Committee (AAC) as the Village District Consultant (VDC) for a period from May 1 through July 31, at which time a decision would be made about designation of the VDC for the future.

   **The Planner** explained that since the Village District Consultant is a group appointed by the Commission (whereas the AAC is appointed by the Board of Selectmen), the VDC should represent the wishes of the Commission in the protection of the character of the downtown business area (the CBD zone). The Commission should convey its expectations to the VDC, and should understand the VDC's methods and criteria for review of applications under the Village District regulations.

   **Mr. Walsh** said he thought it was important for the VDC to preserve the "streetscape" of the Village District, and to maintain the village character. They should avoid anything that promotes the strip-mall effect.

   **Mr. Katz** agreed, but also pointed out that it may not always be desirable to preserve or reconstruct a building demolished by fire or other means if it would not improve the streetscape. For example, the Bissell's building is designed to replicate the old building and it will be very attractive, but another building on the street (such as the Finch building) may not be as attractive. Compatibility with the Village District is key. Re-creation of the old, original structure may not always be appropriate.

   **Mr. McChesney** felt that it was important to get the perspective of the AAC, and a joint discussion of the PZC and the AAC (VDC) would be beneficial. The AAC may have an excellent idea of its role and function, but they also need to know when compromise is needed. It is important to have a joint meeting to convey the wishes of the PZC to the AAC, and to understand the AAC's position and opinions.

   **Chairman Mucchetti** said the Commission needs to explain the parameters of review to the AAC. For example, the state statutes do not support requirements for black and white signs, and legally the Town cannot prevent the use of corporate logos. The AAC sometimes seems frustrated that their opinions are only advisory, and sees its role as carrying out a "peer review." Sometimes the AAC's opinions are strong, and they leave applicants frustrated and confused. The AAC may be seen as over-reacting, and its opinions are dismissed. On the other hand, the AAC has provided excellent advice in its review of applications like Toll Brothers and the housing to be built on the Red Lion site, where the design was significantly improved because of AAC input.

   There is also a concern that at least one of the AAC members is also on the Historic District Commission, and now will also be on the VDC. A member should not be wearing "too many hats."

2

**Mr. Fossi** would like to bring the AAC to a PZC meeting, to "set some ground rules" and to have dialogue.

**Dr. Autuori** asked about the regulatory powers of the AAC in its role as VDC. The Planner explained the process for the Village District review, and that the VDC is still an <u>advisory</u> review. The difference is that the application also comes to the Planning and Zoning Commission, and the PZC turns the VDC recommendations into "conditions" as it deems appropriate. The decision of the Commission must be filed on the land records and it is binding on the applicant.

**Chairman Mucchetti** says that a joint meeting with the AAC should be a positive discussion geared toward advancing the goals and objectives of the Village District.

**Mr. Katz** notes that the AAC may prove to be an excellent agency for long-term appointment as the VDC, and the interim period should help the Commission to make its decision. But he also sees the advantage of having one or two members as the VDC, so that applicants are not frustrated and confused with varying and diverse opinions.

**Mr. McChesney** felt that a one-member VDC may not be enough. The applicant needs to know that there is more than one person behind the opinion and recommendations that result from the review.

By consensus, it was decided that the Planner should notify the AAC of its interim appointment as the VDC for the period from May 1 through July 31, and invite them to attend a PZC meeting for joint discussion. May 8th was selected as a likely date.

Hearing no further discussion, the Chairman adjourned the meeting at 9:25 p.m.

Respectfully submitted,


Betty Brosius
Director of Planning

APPROVED / REVISED
MINUTES
**SPECIAL MEETING**
PLANNING AND ZONING COMMISSION

| | | |
|---|---|---|
| May 2, 2007 | Present: | Joseph Fossi |
| | | Nelson Gelfman |
| | | John Katz, Vice Chair |
| | | James McChesney |
| | | Rebecca Mucchetti, Chairman |
| | | Walter Slavin |
| | | Patrick Walsh |
| | | Lillian Willis |
| | Absent: | Michael Autuori |

Also Present:  Betty Brosius, Director of Planning
        Rudy Marconi, First Selectman
        Thomas Beecher, Esq., Land Use Counsel

At 7:04 p.m. Chairman Mucchetti called the meeting to order.

## ITEMS

1. **Executive Session with Land Use Counsel:** Eureka V LLC vs. the Planning and Zoning Commission of the Town of Ridgefield.

    **Chairman Mucchetti** asked for a motion and second to go into Executive Session, to discuss pending litigation, filed against the Planning and Zoning Commission by Eureka V, LLC.

    **Mr. Slavin** motioned, seconded by Mr. Fossi, to enter into Executive Session with Land Use Counsel, with the Planner to remain. Mr. Marconi was present as an ex-officio member of the Commission in his position as First Selectman.

    At 8:09 p.m., **Mr. Fossi** made a motion to adjourn the Executive Session, seconded by Mr. Walsh. The vote was 8-0 to adjourn.

    There were no votes and no action taken by the Commission during the Executive Session, and there was no further business conducted.

Hearing no further discussion, the Chairman adjourned the meeting at 8:10 p.m.

Respectfully submitted,


Betty Brosius
Director of Planning

1

UNAPPROVED/UNREVISED
MINUTES
EXECUTIVE SESSION
PLANNING AND ZONING COMMISSION

May 15, 2007               Present:   Michael Autuori
                                      Joseph Fossi
                                      Nelson Gelfman
                                      John Katz, Vice Chair
                                      James McChesney
                                      Rebecca Mucchetti, Chairman
                                      Walter Slavin
                                      Patrick Walsh
                                      Lillian Willis

RECEIVED
MAY 16 2007
Planning & Zoning Commission
Inland Wetlands Board

Also Present:  Betty Brosius, Director of Planning
               Thomas Beecher, Esq., Land Use Counsel
               Rudy Marconi, First Selectman

At 7:00 p.m. Chairman Mucchetti called the meeting to order.

**ITEM:  Executive Session**

**Chairman Mucchetti** asked for a motion and second to go into Executive Session, to discuss pending litigation, Eureka V, LLC and the Planning and Zoning Commission of the Town of Ridgefield.

**Mr. Katz** motioned, seconded by Mr. Walsh, to enter into Executive Session with Land Use Counsel Thomas Beecher, Esq. The Planner was also in attendance. Mr. Marconi was present as an ex-officio member of the Commission in his position as First Selectman.

At 7:28 p.m., **Dr. Autuori** made a motion to adjourn the Executive Session, seconded by Mr. Slavin. The vote was 9-0 to adjourn.

There were no votes and no action taken by the Commission during the Executive Session.

Hearing no further discussion, the Chairman adjourned the meeting at 7:29 p.m.

Respectfully submitted,

*Betty Brosius*
Betty Brosius
Director of Planning

1

INLAND WETLANDS BOARD MEETING
Recording of Votes

**NOTE: The minutes below are being recorded to show the VOTES of the Inland Wetlands Board actions only, shown in underlined type. More detailed minutes will be filed within 7 days of the meeting as required by Connecticut General Statutes.**

July 3, 2007                Present:    Michael Autuori
                                        Joseph Fossi
                                        Nelson Gelfman
                                        John Katz, Vice Chair
                                        James McChesney
                                        Rebecca Mucchetti, Chairman
                                        Walter Slavin
                                        Patrick Walsh
                                        Lillian Willis

Also Present:   Betty Brosius, Inland Wetlands Agent
                Linda Caponetti, Recording Secretary

*Public hearings were held prior to the meeting.*

At 10:27 p.m. Chairman Mucchetti called the meeting to order.

## PENDING ITEMS

1. **#2007-046-PR:** #2007-046-PR: Plenary Ruling application for construction of a single family residence and septic system within upland review areas on 3.775 acres of land located at **Water's Edge Way** in the RA zone. Owner: Hearing and Hearing, Inc. Auth. Agent: Donnelly, McNamara and Gustafson, P.C. *Received 5/8/2007. Walked 5/20/2007. Public hearing commenced 7/3/2007, continued to 7/24/07.*

    **Chairman Mucchetti noted that the public hearing had been continued to 7/24/07, and the item was tabled.**

2. **#2007-071-REV (SR):** Revision to Summary Ruling required under Section 11.9 of the IWWR for the Town of Ridgefield for modifications of existing permit to allow minor re-arrangement of proposed structures to be constructed on **Bryon Avenue** in the SD R-20 zone. Owner/Appl.: Country Club Development, LLC. Auth. Agent: Robert R. Jewell, Esq. *Received 6/12/2007. Walked 6/24/2007. Public hearing commenced 7/3/2007, continued to 7/24/07.*

    **Chairman Mucchetti noted that the public hearing had been continued to 7/24/07, and the item was tabled.**

1

3. **#2007-073-SR:** Summary Ruling application for disturbance in the wetlands and upland review area to remove existing shed and restore area with wetland shrub species and construct new shed on property located at **86 Regan Road** in the RAA zone. Owners/Appls.: Giordano and Catherine Katin-Grazzini. *65-day action period ends 8/23/2007. Received 6/19/2007, walked for July 1, 2007.* <u>Determine significance/discussion/ action.</u>

   **<u>Mr. McChesney made a motion to approve the application based on the plans submitted. The motion was seconded by Mr. Katz. The Agent suggested that the comments in the Wetlands Inspector/Agent's memorandum of 6/29/07 be added as conditions, and the Board agreed unanimously. The motion to approve the application with the conditions passed, 8-0-1. Mrs. Willis abstained.</u>**

4. **#2007-074-SR:** Summary Ruling application for disturbance in upland review area for construction of in-ground pool and house addition on property located at **4 Weir Farm Lane** in the RAA zone. Owners/Appls.: Bruce J. and Nicole Doyle Walker. Auth. Agent: Douglas MacMillan, AIA. *65-day action period ends 8/23/2007. Received 6/19/2007, walked July 1, 2007.* <u>Determine significance/discussion/ action.</u>

   **Chairman Mucchetti** noted that the Board had walked the property and asked the Agent, Doug MacMillan, to start the discussion. Mr. MacMillan explained that additional information on soils and engineering was needed as a result of observations on the site walk, and suggested postponing the discussion so that additional information could be provided.

   **<u>Mr. Katz made a motion, seconded by Dr. Autuori, to table discussion on the application. The motion passed, 9-0. The item will return to the table when the applicant is ready with additional information.</u>**

5. **#2007-075-SR:** Summary Ruling application for disturbance in upland review area for construction of tennis court on property located at **245 Old Branchville Road** in the RAA zone. Owners: Stephan and Margaret Galistinos. Appl.: Stephan Galistinos. Auth Agent: Douglas MacMillan, AIA. *65-day action period ends 8/23/2007. Received 6/19/2007, walked July 1, 2007.* <u>Determine significance/discussion/ action.</u>

   **<u>As part of the discussion, Chairman Mucchetti asked Conservation Commission member Carol Stoddard to read the CC Chairman's letter into the record.</u>**

   **<u>Mr. Katz made a motion, seconded by Dr. Autuori, to ask the Agent to draft a resolution of approval, conditioning the permit on saving trees outside of the boundary of the proposed tennis court, and moving the piping of the swale as needed, to save trees. The motion passed, 6-2-1. Mr. Walsh and Chairman Mucchetti voted against, and Mrs. Willis abstained.</u>**

**NEW ITEMS**
There were no new items.

2

**BOARD WALKS**

During the public hearing on **#2007-046-PR, Water's Edge Way** (Hearing and Hearing), the Board scheduled a second site walk for **July 22, 2007.**

**REQUESTS FOR BOND RELEASES/REDUCTION**

- **#2006-085-SR:** request for release of $500.00 balance on bond posted for mitigation plantings. Property located at **25 Lookout Point**. Owners: Andrew & Kathleen Wile. Agent recommends 100% release.

    **Mr. Katz motioned, seconded by Mr. McChesney, to release the bond as recommended by Wetlands Inspector/Agent Aimee Pardee. The motion passed, 9-0.**

**CORRESPONDENCE**

There was no correspondence.

**MINUTES**

**Mr. Katz made a motion to approve the minutes of June 19, 2007, seconded by Mr. McChesney. The motion passed, 9-0.**

Hearing no further discussion, the Chairman adjourned the meeting at 10:44 p.m.

Respectfully submitted,


Betty Brosius
Inland Wetlands Agent

3

PLANNING AND ZONING COMMISSION MEETING
Recording of Votes

**NOTE: The minutes below are being recorded to show the VOTES of the Planning and Zoning Commission actions only, shown in underlined type. More detailed minutes will be filed within 7 days of the meeting as required by Connecticut General Statutes.**

July 3, 2007                    Present:     Michael Autuori
                                             Joseph Fossi
                                             Nelson Gelfman
                                             John Katz, Vice Chair
                                             James McChesney
                                             Rebecca Mucchetti, Chairman
                                             Walter Slavin
                                             Patrick Walsh
                                             Lillian Willis

Also Present:   Betty Brosius, Director of Planning
                Linda Caponetti, Recording Secretary

*Public hearings were held prior to the meeting.*

At 10:19 p.m., Chairman Mucchetti called the meeting to order, and asked for a motion to deal with item #10 (Ridgefield Playhouse), to accommodate the applicant. **Dr. Gelfman motioned, seconded by Dr. Autuori, to convene the meeting for item #10, and the motion passed, 9-0.** The Commission adjourned at 10:26 to covene the Inland Wetlands Board meeting, and re-convened for Planning and Zoning at 10:45 p.m.

## PENDING ITEMS

1. **#2007-004-SP:** Application for Special Permit under Sec. 312.0 as required by Sec. 411.0B of the Ridgefield Zoning Regulations, (1) to demolish an existing office/residential structure and replace with new 7,756 s.f. commercial structure at **35/37 Danbury Road,** and (2) construct new 10,026 s.f. commercial structure on adjoining property at **16 Roberts Lane,** on properties located in the B-1 zone. Owner: Eppoliti Realty Corporation. Auth. Agent: Douglas MacMillan, Architect. *Received 2/6/2007, walked 2/11/2007, public hearing commenced 3/6/2007, continued and closed 3/20/2007. Draft Resolution of Approval requested 3/20/2007.Tabled 4/4/2007, 4/10/2007, 4/17/2007, 5/1/2007and 5/8/2007. 65-day action period ends 5/24/2007. Letter granting extension received 5/14/2007. Extension acknowledged 5/15/2007, extended action period ends 7/28/2007.Tabled 5/22/2007.Tabled 6/5/2007.Tabled 6/12/2007.Tabled 6/19/2007. Tabled 6/26/2007. For action.*

**Chairman Mucchetti noted that the easement agreement between property owners had not been signed, and the item was tabled. It was noted by the Planner and the Chairman that discussions continue, and a meeting on the easement was held in the Planner's office earlier in the day.**

2. **#2007-061-SP:** Special Permit Application under Section 9.2 required by Sec. 5.4 of the Ridgefield Zoning Regulations to construct a 3,150 s.f. branch bank (**HSBC Bank USA**) and related improvements on property located at **108 Danbury Road** in a B-3 zone. Owner: Fred's Servicenter, Inc. Appl.: HSBC Bank, USA. Auth. Agent: Attorney Ward J. Mazzucco and Attorney Camille DeGalan. *Received 6/5/2007, walked 6/10/2007. Public hearing commenced 6/26/2007 continued and closed 7/3/2007. 65-day action period ends 9/6/2007.*

    **Mr. Katz motioned, seconded by Mr. Walsh, to request the Planner to draft a resolution of approval for the application, based on the new driveway configuration shown to the Commission in the continued public hearing. The Planner noted that the need for detailed engineering drawings of the revised plan would be included in the conditions of approval. The motion passed, 9-0.**

3. **#2007-066-REV-(SP)-VDC:** Revision to Special Permit under Section 9.2.A.7.e.ii of the Ridgefield Zoning Regulations for replacement of bulk storage tanks and related site improvements and in conjunction with the Special Permit, receipt of Village District Consultant application under Section 8.3 for property located at **26 Bailey Avenue** in the CBD zone. Owner: DMWS, LLC. Appl.: Michael Casey, President. Auth. Agent: Michael Brown. *65-day action period ends 8/9/2007. 35 days to receive report from Village District Consultants ends 7/10/2007. Received 6/5/2007, walked 6/24/2007. Draft Resolution of Approval requested 6/26/2007. For action.*

    **Chairman Mucchetti asked for discussion and action on the proposed draft resolution of approval for the Special Permit. The Planner explained that the Village District decision was a separate action, and the need for Village District review should be acknowledged in the Special Permit, but it was not necessary for that decision to be complete in order to act on the Special Permit.**

    **Mr. Katz motioned, seconded by Mr. McChesney, to approve the resolution as drafted. The motion passed, 9-0.**

4. **#2007-068-SP:** Special Permit Application under Section 9.2 as required by Section 3.2.C.10 of the Ridgefield Zoning Regulations for a development plan for single family dwellings and detached garages on previously approved seven (7) lot subdivision located on **Bryon Avenue** in the SD R-20 Zone. Owner: Country Club Development, LLC. Auth. Agent: Donnelly, McNamara and Gustafson, P.C. *Received 6/5/2007, walked 6/24/2007, public hearing commenced 7/3/2007, continued to 7/24/2007.*

5

**Chairman Mucchetti noted that the public hearing had been continued to 7/24/07, and the item was tabled.**

5. **#2005-106-PR-SP:** Request for Commission site walk and approval of light fixture, Laurelwood Phase III (aka "Regency at Ridgefield") located at **638 Danbury Road** in the ARHD zone. Owner: Toll Land XVIII Limited Partnership. *Walked 7/1/2007. For action.*

   **Mr. Katz motioned, seconded by Mr. McChesney, to approve the street light fixture as inspected by the Commission on the 7/1/07 site walk. The motion passed, 7-0-2. Dr. Autuori and Mrs. Willis abstained.**

6. Letter to Board of Selectmen re enforcement of open space violations and easement violations. *For discussion.*

   **Chairman Mucchetti read aloud Mr. Katz's suggested letter and the Planner's proposed alternative. After some discussion supporting the succinct and direct message of Mr. Katz's letter, it was agreed that the Planner's letter, although lengthy, should be sent because it offered more background information for the Board of Selectmen.**

7. Changes to Rail Trail Entrances c/o Michael J. Autuori. *For discussion.*

   **There was no vote or action taken on this item.**

## NEW ITEMS

8. **#2002-63-S-SR:** Request for extension of time, for a period of two years, for construction of subdivision improvements located on **Great Hill Road and Limestone Road** (Seven Oaks Subdivision). Owner: Basha Szymanska. Auth. Agent: Robert A. Fuller, Esq. *For action.*

   **Mr. Katz motioned, seconded by Dr. Autuori, to approve the request for extension of the subdivision approval for a period of two years to October 4, 2009, as requested by Attorney Fuller on behalf of the owner. The motion passed, 8-0-1. Mr. Walsh recused.**

9. **#2007-078-VDC:** Village District Application under Sec. 8.3 required by Sec. 5.1.B. of the Ridgefield Zoning Regulations to review proposed exterior alterations on building located at **441 Main Street** in the CBD zone. Owner: Addessi Center II, LLC. Appl./Auth. Agent: DCA Architects/Planners, LLC. *35-days to receive report for Village District consultants ends 8/7/2007. For receipt.*

6

**Mr. McChesney motioned, seconded by Mr. Katz, to acknowledge receipt of the Village District application. The motion passed, 9-0. The application will return to the agenda for action following review by the Village District Consultant.**

10. **#2007-079-REV(SP):** Revision to Special Permit under Section 9.2.A.7.e as required by Section 3.2.C. of the Ridgefield Zoning Regulations for loading dock improvements at **80 East Ridge Road** in the RA zone. Owner: Town of Ridgefield. Appl./Auth. Agent: Allison Stockel, The Ridgefield Playhouse. *65-day action period ends 9/6/2007.* *For receipt/discussion/action.*

    **Mr. McChesney motioned, seconded by Mr. Slavin, to approve the parking space for a loading zone in front of the Annex, as requested by the applicant. The Planner asked for confirmation that the items listed in the staff memo, with the exception of those things eliminated during the discussion, be included as conditions. The Commission agreed, and the motion passed, 7-2. Dr. Gelfman and Dr. Autuori were opposed.**

11. **Executive Session**, c/o Chairman re Litigation, Eureka V LLC v. Planning and Zoning Commission. **[Note: This item was handled last, following completion of all other agenda items listed below. Planner Betty Brosius recorded the minutes below, for this item.]**

    At 11:08, **Chairman Mucchetti** asked for a motion and second to go into Executive Session, with the Planner and the First Selectman to remain. Mr. Walsh motioned, seconded by Mr. McChesney, to enter into Executive Session. The motion passed, 9-0, and all persons left the room except those noted by the Chairman to remain.

    At 11:18, Dr. Autuori made a motion to adjourn the Executive Session, seconded by Mr. Slavin. The motion passed, 9-0.

    **Mr. Katz made a motion that the Ridgefield Planning and Zoning Commission adopt the following Official Statement:**

    > The Ridgefield Planning and Zoning Commission hereby stipulates, and states for the public record, that the Corporate Development District (CDD)Zone regulation, section 5.5 of the Ridgefield Zoning Regulations, which became effective on May 1, 2007, and any property located within that zone, are not subject to the industrial use exemption set forth in the Affordable Housing Statute, Connecticut General Statutes Section 8-30g(g)(2)(A) and (B).

    **The motion was seconded by Dr. Autuori, and the Chairman called for a vote. The motion passed unanimously, 9-0.**

**COMMISSION WALKS**
There were no walks scheduled.

7

**REQUESTS FOR BOND RELEASE / REDUCTION**
There were no requests for bond release or reduction.

**CORRESPONDENCE**
**Chairman Mucchetti pointed out the following correspondence:**
- Letter from the Redding Planning Commission, response to a referral re the Eureka application for affordable housing.

**MINUTES**

**Mr. Katz made a motion to approve the minutes of June 19, 2007, seconded by Mr. McChesney. Chairman Mucchetti and Mrs. Willis offered some corrections. The motion to approve the minutes, with the corrections, passed, 9-0.**


Hearing no further discussion, the Chairman adjourned the meeting at 11:20 p.m.

Respectfully submitted,


Betty Brosius
Director of Planning