UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

EUREKA V LLC,

        Plaintiff,          CIVIL NO.
                                3: 02 CV 356 (DJS)

        VS.

THE TOWN OF RIDGEFIELD, et al,

        Defendants.

                                             SEPTEMBER 5, 2007

---

**MOTION TO RECONSIDER COURT'S ORDER
ON DEFENDANTS' MOTION FOR EXTENSION OF TIME**

     Plaintiff Eureka V LLC hereby moves for reconsideration of the Court's ruling of this date on the Defendants' Joint Motion for Extension of Time dated August 23, 2007 ("Def. Mot." or "Motion"), which was granted before the Plaintiff had filed its response to the Motion (Docket #144).

     Following the Court's order of May 24, 2007 (Docket #115), which directed that all discovery including expert reports and depositions be completed by August 24, 2007, the Defendants sat on their hands and failed to conduct discovery of Plaintiff in a diligent fashion or to engage an expert to review/rebut the Plaintiff's damages expert report.  In an effort to avoid the consequences of these failures, the Defendants hope the Court will bail them out by granting an extension of time to complete discovery – not just for a few weeks, but until 90 days after the court rules on their pending motions to dismiss and the Defendants' Objection to Expert Report and Testimony (dated August 21, 2007) (the "Objection"). Def. Mot. at 1 -- 2.  The grounds for the motion are (i) the pendancy of the

motion to dismiss, (ii) the pendancy of the Objection; and (iii) the purported need to review the Plaintiff's responses to written discovery to determine what additional discovery is necessary. None of these grounds provides a basis for the relief requested by the Defendants. Indeed, the Motion is yet another attempt by the Defendants to re-litigate issues that have been decided by the Court and delay trial of this matter.

### 1. The Pendancy of the Motion to Dismiss

The Court has already ruled on two prior occasions that the pendancy of the Defendants' motion to dismiss will not delay discovery or completion of discovery in this case. First, in the Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery, dated May 7, 2007 (at page 2), the Defendants asserted that "[u]ntil the Court rules on Defendants' motion to dismiss, Eureka has no right to conduct any new discovery. Therefore, a ruling on Eureka's Motion should be deferred until the Court rules on Defendants' motion to dismiss." (Docket No. 107) The Court rejected this argument in its order dated May 21, 2007, where it granted Plaintiff's Motion to Vacate Stay and for Expedited Discovery. (Docket Nos. 110 and 111).

The Defendants made this same argument in a motion for a protective order claiming that discovery should not proceed on Eureka's new claim until the pending motion to dismiss has been decided. *See* Motion for Protective Order Regarding Document Requests to Defendants Other Than Planning and Zoning Commission of Ridgefield, dated June 13, 2007 at 2, 4, 5 (Docket No. 130). The Court again rejected this argument, stating: "To the extent that the non-parties and the moving defendants seek to have this Court enter an order staying discovery until the Court rules on the

moving defendants' motion to dismiss, their request is DENIED."  Order dated June 29, 2007 at 4 (¶ 1) (Docket No. 136).

Nonetheless, the pendancy of the motions to dismiss is claimed by the defendants as justification for a lengthy extension of the discovery deadlines.  *See* Def. Mot. at ¶ 2 ("If the court denies the Moving Defendants' pending Motions to Dismiss, the Moving Defendants must complete discovery on Plaintiff's new Fourth Count"); Def. Mot. at ¶ 4 ("It would be a waste of the Moving Defendants' resources to complete discovery as to Plaintiff's Fourth Count . . . unless the court denies the Moving Defendants Motions to Dismiss . . ."); Def. Mot. at ¶ 5 ("The Moving Defendants will require 90 days to conduct the necessary discovery if the court denies their Motions to Dismiss . . . ").[1]

Thus, even though the Court has previously denied two prior requests for a discovery stay until the motions to dismiss are decided, the Defendants have the audacity to ask the Court for what is the functional equivalent of a request for a stay, coupled with a further request for an extension of the discovery cut-off until 90 days after the Court rules on the motion to dismiss.[2]

The Plaintiff submits that enough is enough and the Defendants repeated efforts to re-litigate this and other issues before the Court must end.

---

[1]  This argument begs the question why the defendants waited until July 17th to serve written requests, did not engage an expert, did not notice a deposition of the Plaintiff's expert, and otherwise did not complete discovery within the 90 days provided for in the Court's June 29, 2007 order.

[2]  The request is made even though the Defendants have already had 90 days to conduct whatever discovery they needed on the new claim and they have not identified any discovery they need or might still need on the claim.

### 2. Defendants' Objection to the Expert Report and Testimony

The Defendants have served and attempted to file a document entitled "Defendants Objection to Expert Report and Testimony," dated August 21, 2007 ("Objection"). The Court's Order correctly notes that this is not a proper pleading.

### 2. The Need to Complete Discovery on the Fourth Count

The Defendants purported need for time – at least 90 days after the Court rules on the Objection and the motion to dismiss – to complete discovery on the Plaintiff's Fourth Count is disingenuous in the extreme. On May 24, 2007, the Court granted the Defendants' motion for clarification and set August 24, 2007 as the discovery cut-off. (Docket # 115.) The Defendants waited almost two months, to July 17, 2007, to serve written discovery requests on the Plaintiff (served by mail no less); to the extent that the Defendants were so confident in their motion to dismiss that they choose not to "waste" their "resources" conducting discovery on the Fourth Count, they did so at their own peril.[3]

Plaintiff's responses to the discovery requests were due August 17th – seven days before the discovery cut-off. Plaintiff sought and received a one week extension to respond to the requests principally so that its responses could include information obtained from review of documents from non-party Planemetrics, which were not made available until August 16, 2007, and depositions of Planemetrics, the Ridgefield Town Planner and two members of the Planning and Zoning Commission of Ridgefield (all

---

[3] By contrast, Eureka served its discovery requests on May 25, 2007.

4

taken August 21, 2007), which could not be taken until after production of documents by the defendants and non-parties.[4]

Having waited to serve discovery requests until July 17, 2007, it is unclear what discovery the Defendants thought they might even have the right to take after receiving Plaintiff's responses, which as noted were not due until August 17, 2007, seven days before the discovery cut-off. In all events, the Defendants have not identified any discovery they need or even potentially need on the Fourth Count.[5] The purported potential need to take additional discovery is a red herring at best.

WHEREFORE, Plaintiff requests that the Court reconsider its ruling and deny the Defendants' Joint Motion for Extension of Time.

                  THE PLAINTIFF,

                  By: /s/ Matthew C. Mason
                    Matthew C. Mason (ct 15291)
                    Gregory and Adams, P.C.
                    190 Old Ridgefield Road
                    Wilton, CT 06897
                    (203) 762-9000 (Tel.)
                    (203) 834-1628 (Fax)
                    mmason@gregoryandadams.com

---

[4] The Court ruled on the motions for protective order on June 29, 2007, and under Local Rule 37(a) 5 compliance with that order was due July 9th. Nonetheless, the Defendants did not produce documents until July 31, 2007, and non-party Planemetrics did not comply until August 16, 2007. Eureka worked diligently and completed its discovery on the Fourth Count (albeit hastily) within the Court's deadlines notwithstanding the late compliance by the Defendants and Planemetrics.

[5] Moreover, all but one of the Defendants' interrogatories and requests for production concern the basis for Plaintiff's factual allegations in the Fourth Count, which would not necessitate any additional discovery by the Defendants. The one other interrogatory concerns damages and also should not necessitate any additional discovery by the Defendants.

## **CERTIFICATION**

I certify that on September 5, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Matthew C. Mason
        Matthew C. Mason (ct15291)
        Gregory and Adams, P.C.
        190 Old Ridgefield Rd.
        Wilton, CT 06897
        (203) 762-9000
        Fax: (203) 834-1628
        E-mail: mmason@gregoryandadams.com