UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL ACTION NO: |
| | : | |
| Plaintiff, | : | 3:02 CV 356 (DJS) |
| | : | |
| VS. | : | |
| | : | |
| THE TOWN OF RIDGEFIELD, ET AL. | : | |
| | : | |
| Defendants. | : | SEPTEMBER 12, 2007 |

### MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY

Defendants The Town of Ridgefield, The Board of Selectmen of the Town of

Ridgefield, The Board of Finance of the Town of Ridgefield, The Economic

Development Commission of the Town of Ridgefield, The Bennett's Farm Development

Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of the Town

of Ridgefield (the "Moving Defendants") hereby move that Plaintiff be precluded from

introducing at trial the expert report of Plaintiff's new expert, Walter Dolde, PhD (the

"Expert Report"), and that Dolde be precluded from testifying at trial.[1]

In support of this motion, the undersigned represents the following:

1)      Plaintiff commenced this action by Complaint dated ***February 26, 2002***

(the "Initial Complaint").  The Initial Complaint contained two counts.  In the First

---

[1] The Moving Defendants reserve the right to further challenge Plaintiff's expert testimony and/or evidence on grounds not addressed in this Motion, including but not limited to, challenges based on <u>Daubert</u> and other substantive grounds.

Count, Plaintiff sought to enjoin the Moving Defendants from implementing their project plan. The Town's project plan sought to develop the subject property, which is raw land, consistent with its commercial zone designation for purposes of economic development. In the Second Count, Plaintiff sought to enjoin the Moving Defendants from condemning the property, as approved by the Town at referendum. *The Initial Complaint contains no Federal Fair Housing Act ("FFHA") claim and no claim for damages*.

    2)    Through interrogatories and requests for production dated ***March 21, 2002***, the Moving Defendants asked Plaintiff to identify each person it expected to call as an expert witness at trial and to provide all information required by Fed. R. Civ. P. 26(a)(2). The Moving Defendants also asked Plaintiff to produce all documents prepared by their experts.

    3)    Plaintiff and the Moving Defendants filed a Rule 26(f) Report dated ***July 23, 2002***, in which Plaintiff proposed to designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by ***August 15, 2002***.

    4)    By Amended Complaint dated ***July 26, 2002***, Plaintiff added a Third Count to its Initial Complaint, alleging that the Moving Defendants used eminent domain to keep families with school aged children out of Ridgefield, in violation of the FFHA.

    5)    On July 29, 2002, this Court ordered that all discovery, including all discovery relating to expert witnesses, experts' reports and experts' depositions be

completed by *September 20, 2002*, and that the case be ready for trial by October 7, 2002.

      6)     Plaintiff filed a motion for continuance dated October 8, 2002, seeking a continuance of the discovery deadline.  The Court granted the motion on October 24, 2002 and set a new discovery deadline of *December 15, 2002*.  As of December 15, 2002, Eureka had not disclosed any expert on any issue related to damages, including its Third Count brought pursuant to the FFHA.

      7)     On *August 27, 2004,* Plaintiff filed a Supplemental Rule 26 Expert Disclosure, disclosing five expert witnesses.  Not one of these expert witnesses was disclosed as a damages expert on Plaintiff's FFHA claim.

      8)     On October 6, 2006, this Court ordered that the case be stayed to permit Plaintiff to make certain land use applications in accordance with the parties' August 31, 2005 Settlement Agreement.

      9)     In a proposed Second Amended Complaint dated April 5, 2007, Plaintiff added a Fourth Count to its Amended Complaint, alleging that the adoption of new zoning regulations in March 2007 by the Town of Ridgefield Planning and Zoning Commission (the "Commission") violated the FFHA.  Plaintiff served its Second Amended Complaint on the Moving Defendants on May 24, 2007.

      10)    By motion dated April 5, 2007, Plaintiff requested "that the Court enter an order permitting expedited discovery on its new claim and new allegations relating to the

recent discriminatory changes in Ridgefield's zoning regulations. . ." Plaintiff's Motion

to Vacate Stay and for Expedited Discovery dated April 5, 2007 at 1. At pages 2-3 of this

motion, Plaintiff makes explicit the limited scope of the new discovery it seeks in

requesting that the Court vacate its stay to "enter a scheduling order respecting discovery

*on the new Fourth Count* for violation of the Federal Fair Housing Act *and the new*

*allegations* relating to the discriminatory regulation changes." Id. at 3. (Emphasis

added.)

   11) The Moving Defendants objected to Plaintiff's motion, and in its May 21,

2007 Reply to Defendants' Objection, Plaintiff stated: "[W]e believe, the court should

*consider Plaintiff's Motion* to Vacate Stay and for Expedited Discovery *in the context of*

*the proposed Amended Complaint which . . . adds new allegations and a new claim* under

the Federal Fair Housing Act *arising out of the Commission's changes to its regulations*

which are intended to preclude affordable housing and discriminate against families with

school age children." Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to

Vacate Stay and for Expedited Discovery dated May 21, 2007 at 1-2. (Emphasis added.)

   12) On May 21, 2007, this Court entered an order as follows: "ORDER

granting [104] Motion to Expedite Discovery. The discovery shall be completed by July

31, 2007." On May 23, 2007, the Moving Defendants filed a Motion for Clarification of

this order because the Court had not indicated whether it was granting Plaintiff

4

permission for late disclosure of expert witnesses and, if so, the Court had not provided a scheduling order.

13)    On May 24, 2007, this Court granted Defendant's Motion for Clarification and ordered that "[a]ll discovery, including but not limited to expert depositions and reports, shall be completed by August 24, 2007."

14)    Significantly, on June 29, 2007, the Court ruled on Defendants' and non-parties' motion to limit certain discovery during this phase of the case to the new regulations. The Court specifically ordered:

> To the extent that the non-parties seek a protective order limiting document requests 1, 3, 4, 7, and 8 to documents solely pertaining to the zone amendment changes effective May 1, 2007, their request is GRANTED because Eureka, in its motion to vacate the stay and for expedited discovery, asked the Court to "enter an order *permitting discovery on its new claim and new allegations relating [sic] the recent discriminatory charges in Ridgefield's zoning regulations...." (*Dkt # 104)(emphasis added by the Court).

With respect to the Town's motion, the Court ruled similarly, except that it pointed out the Town's continuing duty to supplement responses.

15)    On July 25, 2007, the Moving Defendants received a disclosure of Plaintiff's new expert witness and the Expert Report. It contains a detailed damages analysis from February 2002 to the present that does not relate to events that occurred in 2007. The Expert Report goes well beyond the claims in the new Count Four concerning the new regulations. The Expert Report is a damages analysis concerning the entire case, including the original FFHA claim first raised in Count Three just one day shy of FIVE

years earlier, and much more than FOUR years after the deadline to disclose. Even though Plaintiff disclosed additional experts in 2004, it did not disclose a damages expert on any issue, regarding the FFHA or otherwise. It should not be able to do so now. The Expert Report, if permissible at all, should be limited to the new Count Four.

In light of the procedural background of this case, the recent requests for additional discovery made by Plaintiff, and the orders issued by this Court based on those requests, Plaintiff's additional discovery and disclosure of expert witnesses must be limited to discovery and disclosure relating to the Fourth Count of Plaintiff's Second Amended Complaint, because the Fourth Count is the only "new claim."

The Court should also be mindful that both the Town Defendants and the Planning & Zoning Commission have moved to dismiss Count Four of Plaintiff's Second Amended Complaint. In the event this Court grants the Motions to Dismiss Count Four, the Expert Report and Dolde's testimony must be precluded.

In the event this Court denies the Motions to Dismiss, the Expert Report and Dolde's testimony should still be precluded because the Expert Report fails to analyze damages concerning the allegations made in the new Count Four, *i.e,.* the impact, if any, of the new zoning regulations adopted by the Commission in May, 2007. As a result, the Expert Report and Dolde's testimony are irrelevant to the allegations in the new Count Four.

With the Expert Report and Dolde's testimony, Plaintiff is attempting to introduce, through the "back door," expert testimony on issues related to its Third Count – the FFHA count that Plaintiff pled well before the close of discovery and the deadline for disclosing experts in *2002*.

In determining whether late disclosure will be permitted, a court should consider the following factors:  a) the party's explanation for the failure to comply with the discovery order; b) the importance of the testimony of the precluded witness; c) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and d) the possibility of a continuance.  <u>Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.</u>, 118 F.3d 955, 961 (2d Cir. 1997).  Almost all of these factors weigh heavily in favor of the Moving Defendants.

Plaintiff has contended that it "did not initially disclose a damages expert on Count Three of the Amended Complaint, its original Fair Housing Act claim, because of the close proximity between the filing of the claim and the expected trial." Plaintiff's Reply to Defendants' Objection To Plaintiff's Motion To Vacate Stay and For Expedited Discovery dated May 21, 2007 at 4.  That contention is groundless.  Plaintiff filed its Amended Complaint in July 2002 and then on October 8, 2002 sought a continuance of the September 20, 2002 discovery deadline.  This Court granted Plaintiff's motion and set a new discovery deadline of December 15, 2002.  That should have been more than adequate time for Plaintiff to disclose a damages expert on its FFHA claim.  If Plaintiff

did not believe the timing was adequate, then Plaintiff could have sought a longer continuance or filed a second motion for continuance years ago.  Plaintiff also disclosed experts on August 27, 2004, more than two years after filing Count Three, its first FFHA claim.  Plaintiff could have included a damages expert in that disclosure as well.

The Moving Defendants are prejudiced by Plaintiff's late disclosure.  Plaintiff only recently sent the Expert Report to the Moving Defendants and has not yet provided them with the documents relied on by Plaintiff's new expert, despite the fact that the Moving Defendants asked for these documents in their March 21, 2002 requests for production.  See Fed. R. Civ. P. 26(e) (imposing duty to supplement disclosure to include information thereafter acquired).  Additionally, on September 5, 2007, this Court ordered that all discovery must be completed no later than 45 days from the date of a ruling on Defendants' Motions to Dismiss.  Under these circumstances, the Moving Defendants may not have insufficient time to depose Plaintiff's new expert and disclose their own damages expert.

The Moving Defendants also would have to spend a significant amount of time and incur great expense to hire their own damages expert.  See Dunn v. Zimmer, Inc., 2005 U.S. Dist. LEXIS 3505 (D. Conn. 2005), rev'd in part on other grounds, 165 Fed. Appx. 883 (2d Cir. 2006) (Court granted motion to exclude testimony of expert witness because plaintiffs offered no reasonable explanation for late disclosure, and allowing testimony would have been disruptive and costly) (copy attached hereto as Ex. A).  The

scope of the work (and the expense) would be much more limited if they concerned the

new regulations effective as of May 2007, the subject of the new Count Four, as opposed

to a damages analysis concerning the period of time from February 2002 to the present,

which is the subject of Count Three, originally asserted in July 2002.

Furthermore, Plaintiff has been disingenuous with respect to these discovery

issues.  In its General Objections to the Moving Defendants' discovery requests, Plaintiff

stated the following:  "The Defendants have not requested the Court's permission to take

discovery on Eureka's prior claims or the allegations contained in the Complaint or First

Amended Complaint."  Plaintiff's Objections and Responses to Second Set of

Interrogatories and Requests for Production of Documents to Eureka V LLC dated

August 24, 2007 at 2.  Plaintiff then asserted the following response to the Moving

Defendants' request that Plaintiff  "[s]tate the exact amount [it] claims is due and owing

for its 'financial losses' . . . as set forth in paragraph 98 of the Fourth Count of the Second

Amended Complaint. . .":

> Eureka further objects to the extent that paragraph 98 of the Fourth Count is
> duplicative of paragraph 94 of the Third Count and Defendants have had an
> opportunity to conduct discovery regarding that allegation and have not sought or
> received permission from the Court to obtain additional discovery as to
> allegations in the Third Count of the Second Amended Complaint.

Plaintiff's Objections and Responses to Second Set of Interrogatories and Requests for

Production of Documents to Eureka V LLC dated August 24, 2007 at 9.  Certainly, if it is

too late for Defendants to obtain additional discovery as to allegations in the Third Count,

then it is too late for Plaintiff to disclose an expert on damages with respect to allegations in the Third Count.

Finally, this case has been pending for over five years. Plaintiff would not have had a damages expert on its Third Count if trial had occurred when it originally was scheduled in 2002. The passage of time, alone, should not allow Plaintiff to disclose a new expert on an old count.

For all of these reasons, the Moving Defendants respectfully request that this Court preclude Plaintiff from introducing the Expert Report and Dolde's testimony in the trial of this case.

> THE DEFENDANTS,
> THE TOWN OF RIDGEFIELD, THE
> ECONOMIC DEVELOPMENT
> COMMISSION OF THE TOWN OF
> RIDGEFIELD, THE BENNETT'S FARM
> DEVELOPMENT AUTHORITY, AND
> BARBARA SERFILIPPI, IN HER
> OFFICIAL CAPACITY AS THE TOWN
> CLERK OF THE TOWN OF RIDGEFIELD
>
> By: _____
>
> Stewart I. Edelstein, Esq. (ct06021)
> Jonathan S. Bowman, Esq. (ct08526)
> Monte E. Frank, Esq. (ct13666)
> Cohen and Wolf, P. C.
> 1115 Broad Street
> Bridgeport, CT 06604
> Tel: 203/368-0211
> Fax: 203/576-8504
> sedelstein@cohenandwolf.com

**CERTIFICATION OF SERVICE**

I hereby certify that on September 12, 2007, a copy of Defendants' Motion to Exclude Expert Report and Testimony dated September 12, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein

11