Get a Document by Citation - 2005 U.S. Dist. LEXIS 3505
Case 3:02-cv-00356-DJS   Document 148-2   Filed 09/12/2007   Page 1 of 5
Page 1 of 5

Service: Get by LEXSEE®
Citation: 2005 u.s. dist. LEXIS 3505

*2005 U.S. Dist. LEXIS 3505, **

DOLORES DUNN, et. al., Plaintiffs, v. ZIMMER, INC., Defendant.

View the Full Docket from LexisNexis CourtLink for 3:00cv1306

3:00CV1306 (DJS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2005 U.S. Dist. LEXIS 3505

March 9, 2005, Decided

**SUBSEQUENT HISTORY:** Summary judgment granted by, Claim dismissed by, Judgment entered by Dunn v. Zimmer, Inc., 2005 U.S. Dist. LEXIS 5201 (D. Conn., Mar. 29, 2005)

**PRIOR HISTORY:** Dunn v. Zimmer, Inc., 2005 U.S. Dist. LEXIS 3503 (D. Conn., Mar. 4, 2005)

**DISPOSITION:** Defendant's motion to exclude expert testimony granted.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant moved the court to exclude the testimony of an expert retained by plaintiffs as a rebuttal witness on the ground that plaintiffs failed to disclose the witness as an expert in a timely fashion.

**OVERVIEW:** Plaintiffs sought damages from defendant arising out of the manufacture of allegedly defective artificial hip implants. Plaintiffs retained a variety of experts to aid in the presentation of their case. The witness was not among the experts disclosed by plaintiffs. Defendant disclosed its experts in August 2002, and plaintiffs were scheduled to complete depositions of defendant's experts in September 2002. There scheduling order did not provide for the disclosure of rebuttal experts. Defendant filed for summary judgment. Plaintiffs then produced the witness and her expert report in the responses to defendant's motions for summary judgment. Defendant moved to preclude the witness's expert testimony as untimely. The court found that plaintiffs failed to disclose the witness as a rebuttal expert within the time set forth by Fed. R. Civ. P. 26(a)(2)(C) and that defendant suffered prejudice to its case as a result of plaintiffs' use of a surprise witness and that such prejudice could not be cured in a reasonable fashion. Plaintiffs offered no explanation for their failure to properly disclose the witness, and absent some explanation, the witness had to be excluded.

**OUTCOME:** The court granted the motion.

**CORE TERMS:** rebuttal, disclosure, disclose, Federal Rules, summary judgment, scheduling, expert report, expert testimony, cure, expert witnesses, failed to disclose, discovery, untimely, default, cured, rebuttal witness

**LEXISNEXIS® HEADNOTES**  ⊟ **Hide**

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures
Civil Procedure > Discovery > Methods > Expert Witness Discovery

HN1 ⬇ The Federal Rules of Civil Procedure provide that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(C). The rule is a default that may be avoided by court order or by stipulation of the parties. Failure to meet the deadlines set forth in either the Rules or the court's orders may result in the exclusion of the rebuttal expert's testimony. More Like This Headnote

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures
Civil Procedure > Discovery > Misconduct
Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend

HN2 ⬇ Fed. R. Civ. P. 37(c) governs the court's authority to remedy violations of Fed. R. Civ. P. 26(a). More Like This Headnote

Civil Procedure > Discovery > Misconduct

HN3 ⬇ The remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Federal Rules of Civil Procedure, which is to provide substantial justice for litigants. The decision to preclude considers the existence of prejudice in fact against the surprised party, the ability to cure the prejudice, the extent to which the improperly disclosed testimony would disrupt trial and whether the failure to disclose is a bad faith or willful act. More Like This Headnote

**COUNSEL:** [*1] For Dolores Dunn and Donald Dunn, Plaintiffs: Robert I. Reardon, Jr., and Robert T. Rimmer, The Reardon Law Firm, New London, CT.

For John Vino, Cynthia Vino, and Sonia Fuentes-Weed, Consol Plaintiffs: Robert I. Reardon, Jr., The Reardon Law Firm, New London, CT.

For Zimmer, Inc., Defendant: Albert J. Dahm and Michael S. Elvin, Dahm & Elvin, Fort Wayne, IN; Allan B. Taylor and Francis H. Morrison, III, Day, Berry & Howard, Hartford, CT.

For Kent Bachus, Movant: Stephen V. Manning, O'Brien, Tanski & Young, Hartford, CT.

For William H. Harris, Dr., Movant: Michael P. Ungaro, Bingham McCutchen, Hartford, CT.

**JUDGES:** DOMINIC J. SQUATRITO, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** DOMINIC J. SQUATRITO

OPINION

### MEMORANDUM OF DECISION

Defendant, Zimmer, Inc. ("Zimmer"), has moved the court [**doc. # 207**] to exclude the testimony of Dr. Lisa A. Pruitt ("Pruitt"), an expert retained by the plaintiffs as a rebuttal witness, on the grounds that the plaintiffs failed to disclose Dr. Pruitt as an expert in a timely fashion. The court **GRANTS** the motion for the following reasons.

## Background

Plaintiffs Dolores Dunn, Stacia Bogden, Sonia Fuentes-Weed, Joann Lopes [*2] and Cynthia Vino (collectively "Plaintiffs" or "Dunn") filed the present lawsuit on July 10, 2000. All of the plaintiffs seek damages from Zimmer arising out of the manufacture of allegedly defective artificial hip implants. Plaintiffs have retained a variety of experts to aid in the presentation of their case. Dr. Pruitt was not among the experts disclosed by the plaintiffs. Defendant disclosed its experts in August 2002 and plaintiffs were scheduled to complete depositions of Zimmer's experts in September 2002. There was no provision in the court's scheduling order for the disclosure of rebuttal experts. Zimmer filed motions for summary judgment on December 5, 2002. Plaintiffs then produced Dr. Pruitt as an expert and produced her expert report in the responses to Zimmer's motions for summary judgment filed on March 14, 2003. Zimmer then moved to preclude Dr. Pruitt's expert testimony as untimely on April 30, 2003.

## Discussion

Zimmer has moved to preclude Dr. Pruitt's testimony on the grounds that Plaintiffs failed to properly and timely disclose her as an expert in accord with the court's orders and the Federal Rules of Civil Procedure. Plaintiffs respond with the assertion [*3] that Dr. Pruitt is a rebuttal witness and thus need not be disclosed at the same time as other expert witnesses under the Federal Rules. Further, Plaintiffs dispute that Zimmer will be prejudiced in any fashion through the admission of Dr. Pruitt's testimony.

HN1 The Federal Rules provide that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within thirty days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(C). [1] The rule is a default that may be avoided by court order or by stipulation of the parties. In re Kreta Shipping, S.A., 181 F.R.D. 273, 276 (S.D.N.Y. 1998). Failure to meet the deadlines set forth in either the Federal Rules or the court's orders may result in the exclusion of the rebuttal expert's testimony. Id.

### FOOTNOTES

[1] Zimmer claims that Local Rule of Civil Procedure 16(b) establishes the standard for review of the motion to exclude. Rule 16(b) establishes that the court's scheduling order may not be modified except by a showing of good cause by the party seeking modification. D.Conn.L.Civ.R. 16(b). There is not, however, any motion to modify any scheduling order pending in this case. The court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore the Rule 26(a)(2)(C) applies as a default. Thus, the court will apply the standard for reviewing motions made pursuant to HN2 Fed.R.Civ.P. 37(c), which governs the court's authority to remedy violations of Rule 26(a).

[*4] HN3 The remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants. Cartier, Inc. v. Four Star Jewelry Creations, Inc., 2003 U.S.Dist LEXIS 16887, No. 01Civ.11295, 2003 WL 22471909 *1, (S.D.N.Y. Oct. 31, 20003). The decision to preclude considers the existence of prejudice in fact against the surprised party, the ability to cure the prejudice, the extent to which the improperly disclosed testimony would disrupt trial and whether the failure to disclose was a bad faith or willful act. See, In re Kreta, 181 F.R.D. at 277; Cartier, 2003 WL 22471909 at *2.

The facts here show that the thirty day window for disclosure of rebuttal experts began to tick at some point during September 2002. The report of Dr. Pruitt was not disclosed until

March 2003, in response to Zimmer's motions for summary judgment. The post-motion disclosure of a witness that the plaintiffs were obligated to disclose, pursuant to Rule 26(a)(2)(C), no later than Nov. 1, 2002, at the latest, must be considered highly prejudicial. Zimmer was deprived of an opportunity [*5] to consider and respond to Dr. Pruitt's testimony in its motions for summary judgment. Re-opening the period for discovery, a necessary step to cure the prejudice suffered by Zimmer, would be disruptive and costly and is certainly unwarranted at this time. The prejudice to Zimmer is serious and extremely difficult to cure without severe disruptions of the case.

Plaintiffs offer no explanation for the late disclosure of Dr. Pruitt beyond an assertion that they are entitled to use rebuttal experts. The court does not question the right to use rebuttal experts, but that right is not unlimited and plaintiffs do not cite to, or show any awareness of, the time restrictions set forth in Rule 26(a)(2)(C). Plaintiffs make no claim that the late conclusion of discovery regarding defendants' experts led to the untimely disclosure of Dr. Pruitt, and there is nothing in the present record that would permit such an inference. Plaintiffs contend that there is no prejudice to Zimmer because Dr. Pruitt's testimony is rebuttal evidence that merely bolsters the testimony of other expert witnesses, but, even if that is the case, Zimmer was still entitled to consider Dr. Pruitt's report while preparing [*6] its motions for summary judgment. Plaintiffs' failure to properly disclose Dr. Pruitt has resulted in prejudice to Zimmer that cannot easily be cured.

### Conclusion

Plaintiffs failed to disclose Dr. Pruitt as a rebuttal expert within the time set forth by Rule 26(a)(2)(C). Zimmer suffered prejudice to its case as a result of plaintiffs use of a surprise witness and that prejudice cannot be cured in a reasonable fashion. Plaintiffs offer no explanation for their failure to properly disclose Dr. Pruitt, and absent some explanation the witness must be excluded. Dr. Pruitt is not permitted to testify in this action and her expert report and affidavit are stricken from the record. The motion to preclude expert testimony [doc. # 207] is **GRANTED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this *9th* day of March, 2005.

/s/DJS

**DOMINIC J. SQUATRITO**

**UNITED STATES DISTRICT JUDGE**

Service: Get by LEXSEE®
Citation: 2005 u.s. dist. LEXIS 3505
View: Full
Date/Time: Tuesday, September 11, 2007 - 3:20 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
i - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.