UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

|  |  |  |
|---|---|---|
| EUREKA V LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. |
| | : | 3: 02 CV 356 (DJS) |
| | : | |
| VS. | : | |
| | : | |
| THE TOWN OF RIDGEFIELD, THE BOARD | : | |
| OF SELECTMEN OF THE TOWN OF | : | |
| RIDGEFIELD, THE BOARD OF FINANCE OF | : | |
| THE TOWN OF RIDGEFIELD, THE | : | |
| ECONOMIC DEVELOPMENT COMMISSION | : | |
| OF THE TOWN OF RIDGEFIELD, THE | : | |
| BENNETT'S FARM DEVELOPMENT | : | |
| AUTHORITY, and BARBARA SERFILIPPI, IN | : | |
| HER OFFICIAL CAPACITY AS THE TOWN | : | |
| CLERK OF THE TOWN OF RIDGEFIELD, | : | |
| | : | |
| Defendants. | : | |
| | : | SEPTEMBER 25, 2007 |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ :x

## PLAINTIFF'S MOTION TO AMEND AND/OR
## SUPPLEMENT SECOND AMENDED COMPLAINT

Plaintiff Eureka V LLC hereby moves pursuant to Rules 15(a), 15(d) and 16(b) of

the Federal Rules of Civil Procedure to amend or supplement its Second Amended

Complaint to add additional factual allegations to its complaint and modify or expand

certain other allegations based on information obtained in discovery and events that have

occurred since the filing of the Second Amended Complaint. These additional allegations

are directly pertinent to Eureka's claims, particularly its Fourth Count for violation of the

Federal Fair Housing Act 42 U.S.C. §3600 *et seq.* arising out of Ridgefield's recent

adoption of new zoning regulations which are discriminatory in intent and effect.  The

proposed amendments will also clarify Eureka's claim in the Fourth Count.  In support of its motion, Plaintiff states as follows:

1.     On May 21, 2007 this Court granted Eureka's motion to amend or supplement its First Amended Verified Complaint, at which time Eureka's Second Amended Complaint was filed.  The Second Amended Complaint added allegations to the First, Second and Third Counts pertaining to recent amendments to the Town of Ridgefield's Zoning Regulations and added a Fourth Count under the Federal Fair Housing Act against Ridgefield and the Commission based upon those same discriminatory amendments to the Zoning Regulations.  Defendants' have moved to dismiss the Fourth Count and their motions are pending.

2.     Following filing of the Second Amended Compliant, in accordance with the Court's discovery orders, Eureka conducted discovery and obtained significant additional information directly pertinent to its claims, and specifically its Fourth Count, evidencing the Commission's intent to create an industrial zone in which residential uses were not permitted and therefore exempt from C.G.S. 8-30g, and/or at a minimum create the impression in the public that was the case, all for the purpose of precluding or interfering with affordable housing on the site by Eureka.

3.     The new information obtained in recent discovery and/or events that occurred after filing of the Second Amended Complaint include but is not limited to the following:

- In the 1970's, Ridgefield's IL – 40, light industrial zone was changed to the CDD zone.

- In response to Eureka's December 26, 2006 letter objecting to the proposed changes and elimination of the specified residential uses form the CDD zone, which letter was forwarded to counsel to the Commission, counsel to the Commission "had a very simple answer, that the Planning and Zoning Commission is the land use authority in the Town, and it is within its purview to write and adopt regulations as it sees fit."

- No one from the Commission, including staff and its legal counsel, advised Eureka or publicly indicated that the position expressed in Attorney Healy's letter of December 26, 2006, that the proposed change was intended to preclude affordable housing in the CDD zone, was incorrect.

- During the February 27, 2007 public hearings on the proposed new regulations, ROSA, the group opposed to Eureka's affordable housing plans and development of the site, through one of its spokesman, Erik Kristofferson, inquired of the Commission whether a day care center can be considered a residential use and thereby provide a basis for Eureka to make application under 8-30g since under the proposed new regulations the property is in an industrial zone that precludes residential use.  The Town Planner confirmed that a day care center was not a residential use that would remove the exemption from 8-30g.

- No member of the Commission challenged, corrected or disagreed with Mr. Kristofferson's statement that under the new regulations Eureka's property was in an industrial zone that did not allow residential uses and therefore was exempt from 8-30g, or the Town Planner's confirmation that Mr. Kristoffersen's statement was accurate.

- In the course of the public hearings and deliberations on the New Regulations, the Commission never stated that the new CDD zone was not an industrial zone, or that residential uses were permitted in the zone, or explained why it was eliminating the second sentence of Section 410.0.G.2 (e) regarding residential uses in the CDD zone.

- Neither Glenn Chalder of Planemetrics, the planning company engaged by the Commission to assist it in revising its Regulations, the Chairman of the Commission, the Vice-Chairman of the Commission, or the Town Planner had any specific recollection of why the language permitting a residential use was deleted.

- Following filing of the Second Amended Complaint, the Defendants moved to dismiss the Fourth Count for violation of the Federal Fair Housing Act.  As of June 18, 2007, the Commission, which is statutorily charged with adopting and implementing the Town's zoning regulations, and which had just undergone a wholesale review and revision of its regulations, stated in a

pleading to this Court that the Commission did not have "any formal position on the exclusive industrial zone exemption issue."

- Only after meeting in executive session on five occasions and in the context of two litigations brought by Plaintiff against the Commission arising out the changed regulations, did the Commission conclude that the new CDD zone was not exempt from C.G.S. 8-30g.

- The Commission's position/intent stated in the Defendant Planning and Zoning Commission of Ridgefield's Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, filed July 12, 2007, was not formed at the time it modified Section 410.0 G.2 (e) to repeal the residential uses in the CDD zone.

- The Commission's recent determination for trial purposes that the CDD zone is not exempt from 8-30g is based on its analysis of the revised text and perceived risk of litigation, and not based on its actual intent at the time it proposed and adopted the new regulations.

4.     The changes to the Second Amended Complaint are found in the section of the proposed Third Amended Complaint with the heading "The Planning and Zoning Commission's Recent Changes to the Town's Zoning Regulations to Preclude Affordable

Housing and Discriminate Against Families With School Age Children," paragraphs 71-96,[1] as well as paragraphs 109, 100 and 111 of the Fourth Count.

5.      These facts, and others provide additional compelling evidence that in eliminating the specified residential uses from the CDD zone in which the Plaintiff's property is located, the Commission intended to create an industrial zone in which residential uses were not permitted and which therefore was exempt from C.G.S. 8-30g, or alternatively, or in addition to, the Commission intended that the public would believe that to be the case and therefore not make any applications under C.G.S. 8-30g.  Thus, the Commission and Ridgefield have acted to interfere with and/or preclude future applications for affordable housing on the property, with the intent and/or effect of precluding new families with school age children from moving to Ridgefield, in violation of the Federal Fair Housing laws.

6.      Given that the most recent phase of discovery ended on August 24, 2007, and Eureka needed time to review transcripts of depositions taken August 21st and analyze documents produced by the defendants and Planemetrics, the motion to amend or supplement the complaint realistically could not have been filed any sooner.

7.      For these reasons and those contained in the accompanying Memorandum in Support of Motion to Amend and/or Supplement Second Amended Complaint, Plaintiff respectfully requests that its motion be granted.

8.      A copy of the proposed Third Amended Complaint is submitted herewith.

---

[1]      Accounting for the renumbering required by the additional allegations, paragraphs 77, 79, 80, 81, 82, 83, 84, 87, 88, 89, 91, 92, 93, 94, 95 and 96 are entirely new allegations and paragraphs  72, 73,  76, 78, 83 and 86 are modifications of previously existing allegations.

WHEREFORE, Plaintiff requests that its Motion to Amend and/or Supplement Second Amended Verified Complaint be granted.

THE PLAINTIFF,

By: /s/ Matthew C. Mason
     Matthew C. Mason (ct 15291)
     Gregory and Adams, P.C.
     190 Old Ridgefield Road
     Wilton, CT 06897
     (203) 762-9000 (Tel.)
     (203) 834-1628 (Fax)
     mmason@gregoryandadams.com

**CERTIFICATION**

I certify that on September 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com