UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
:
EUREKA V LLC,  :
:
         Plaintiff, : CIVIL NO.
: 3: 02 CV 356 (DJS)
:
    VS. :
:
THE TOWN OF RIDGEFIELD, THE BOARD :
OF SELECTMEN OF THE TOWN OF :
RIDGEFIELD, THE BOARD OF FINANCE OF :
THE TOWN OF RIDGEFIELD, THE :
ECONOMIC DEVELOPMENT COMMISSION :
OF THE TOWN OF RIDGEFIELD, THE :
BENNETT'S FARM DEVELOPMENT :
AUTHORITY, and BARBARA SERFILIPPI, IN :
HER OFFICIAL CAPACITY AS THE TOWN :
CLERK OF THE TOWN OF RIDGEFIELD, :
:
         Defendants. :
: SEPTEMBER 25, 2007
------------------------------:x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO AMEND AND/OR SUPPLEMENT SECOND AMENDED COMPLAINT**

    Plaintiff Eureka V LLC submits this memorandum of law in support of its motion pursuant to Rules 15(a), 15(d) and 16(b) of the Federal Rules of Civil Procedure to amend and/or supplement its Second Amended Complaint to add additional factual allegations to its complaint and modify or expand certain other allegations based on information obtained in discovery and events that have occurred since the filing of the Second Amended Complaint. These additional allegations are directly pertinent to Eureka's claims, particularly its Fourth Count for violation of the Federal Fair Housing Act 42 U.S.C. §3600 *et seq.* arising out of Ridgefield's recent adoption

of new zoning regulations which are discriminatory in intent and effect. The proposed amendment also clarifies Eureka's claims in its Fourth Count.

## BACKGROUND

Plaintiff's First Amended Complaint dated July 26, 2002 contained three counts based upon Ridgefield's improper attempts to take Eureka's property to stop affordable housing on the site. In Count One, plaintiff alleges that the defendants' proposed implementation of the Preliminary Project Plan violates §§ 7-136 and 7-148 and Chapter 132 of the General Statutes, does not constitute a bona fide plan for a municipal development project, constitutes a bad faith exercise of the authority granted to municipalities by these statutes and is unreasonable and unnecessary. In Count Two the plaintiff alleges that the intended condemnation of the parcel violates the Fifth and Fourteenth Amendments to the United States Constitution and Article First, § 11, of the Connecticut Constitution, in that it is not being carried out to serve a public use, and that the intended condemnation constitutes a bad faith, unreasonable and unnecessary exercise of the eminent domain power. In Count Three, plaintiff alleges violation of certain provisions of the Federal Fair Housing Act, 42 U.S.C. § 3600 *et seq*.

On May 21, 2007, the Court granted Eureka's motion to amend or supplement the First Amended Complaint to add certain allegations to its existing counts and to add a new Fourth Count pertaining to the Commission's adoption on March 20, 2007, effective May 1, 2007, of new zoning regulations which include changes to the zone in which Plaintiff's property lies, i.e. the Corporate Development District ("CDD"). These changes included elimination of specified residential uses in the CDD zone, which uses provided property owners in that zone including Plaintiff the right to make applications for affordable housing under C.G.S. 8-30g. The elimination of such uses was intended to create an industrial zone in which residential uses are

not permitted or, at a minimum, convey that impression to the public – all to interfere with or preclude affordable housing and thereby discriminate against families with school age children.

Eureka seeks to add additional factual allegations to its complaint and modify and refine certain other allegations based on information obtained in discovery and events that have occurred since the filing of the Second Amended Complaint, as well as clarify its Fourth Count.

## STANDARD FOR GRANTING LEAVE TO AMEND

"A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend 'shall be freely given when justice so requires.'" *Am. Home Assurance Co. v. Merck & Co., Inc.,* 2004 WL 2149103, *1 (S.D.N.Y. 2004), *quoting* FED. R. CIV. P. 15(a). The United States Supreme Court has summarized the courts' discretion as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

Rule 15(d) provides in pertinent part that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." As the court stated in *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995), "leave to file a supplemental pleading should also be freely permitted when the supplemental facts connect it to the original pleading." Rule 15(a) addresses motions for leave to amend, while Rule 15(d) addresses when a party may supplement its pleadings. Fed. R. Civ. P. 15(a) & (d). However, "[t]he standard for granting leave under Rule

3

15(d) is the same as for a motion to amend under 15(a*)"*. *Primetime 24 Joint Venture,* 2000 WL 426396 at *4 n. 10.

Finally, as this Court explained in *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 42 (D.Conn. 2003) (Squatrito, J.):

> Where a scheduling order has been entered, as is the case here, the lenient standard under Rule 15, which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) of the Federal Rules of Civil Procedure that the Court's scheduling order "shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir.2003) (citing *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339 (2d Cir.2000)). "A finding of good cause depends on the diligence of the moving party." *Id.* (citing *Parker,* 204 F.3d at 340).

## **ARGUMENT**

### I. THE MOTION TO AMEND AND/OR SUPPLEMENT THE SECOND AMENDED COMPLAINT SHOULD BE GRANTED

Eureka seeks to amend and/or supplement its Second Amended Complaint to add additional factual allegations to its complaint and modify or expand certain other allegations based on information obtained in discovery and events that have occurred since the filing of the Second Amended Complaint. These additional allegations are directly pertinent to Eureka's claims, particularly its Fourth Count for violation of the Federal Fair Housing Act 42 U.S.C. §3600 *et seq.* The proposed amendment also seeks to clarify Eureka's claims in its Fourth Count. The new information obtained in recent discovery and/or that occurred after filing of the Second Amended Complaint includes the following:

- In the 1970's, Ridgefield's IL – 40, light industrial zone was changed to the CDD zone.

- In response to Eureka's December 26, 2006 letter objecting to the proposed changes and elimination of the specified residential uses from the CDD zone, which letter was forwarded to counsel to the Commission, counsel to the Commission "had a very simple answer, that the Planning

4

and Zoning Commission is the land use authority in the Town, and it is within its purview to write and adopt regulations as it sees fit."

- No one from the Commission, including staff and its legal counsel, advised Eureka or publicly indicated that the position expressed in Attorney Healy's letter of December 21, 2006, that the proposed change was intended to preclude affordable housing in the CDD zone, was incorrect.

- During the February 27, 2007 public hearings on the proposed new regulations, Erik Kristofferson of ROSA, the group opposed to Eureka's affordable housing plans and development of the site, asked the Commission whether a day car center can be considered a residential use and thereby provide a basis for Eureka to make application under 8-30g since the property under the new regulations is in an industrial zone that precludes residential use. The Town Planner confirmed that a day care center was not a residential use that would remove the exemption from 8-30g.

- No member of the Commission challenged, corrected or disagreed with Mr. Kristofferson's statement that under the new regulations Eureka's property was in an industrial zone that did not allow residential uses and therefore was exempt from 8-30g, or the Town Planner's confirmation that Mr. Kristoffersen's statement was accurate.

- In the course of the public hearings and deliberations on the New Regulations, the Commission never stated that the new CDD zone was not an industrial zone, or that residential uses were permitted in the zone, or explained why it was eliminating the second sentence of Section 410.0.G.2 (e) regarding residential uses in the CDD zone.

- Neither Glenn Chalder of Planemetrics, the planning company engaged by the Commission to assist it in revising its Regulations, the Chairman of the Commission, the Vice-Chairman of the Commission, or the Town Planner had any specific recollection of why this language was deleted.

- Following filing of the Second Amended Complaint, the Defendants moved to dismiss the Fourth Count for violation of the Federal Fair Housing Act. As of June 18, 2007, when it filed its Motion to Dismiss, the Commission, which is statutorily charged with adopting and implementing the Town's zoning regulations, did not have "any formal position on the exclusive industrial zone exemption issue."

- Only after meeting in executive session on five occasions and in the context of two litigations brought by Plaintiff against the Commission

5

- The Commission's intent/position stated in the Defendant Planning and Zoning Commission of Ridgefield's Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, filed July 12, 2007, was not formed at the time it modified Section 410.0 G.2 (e) to repeal the residential uses in the CDD zone.

- The Commission's recent determination for trial purposes that the CDD zone is not exempt from 8-30g is based on its analysis of the revised text and perceived risk of litigation and not based on its actual intent at the time it proposed and adopted the new regulations.

In amending its CDD regulations the Commission intended to create an industrial zone in which residential uses were not permitted and which therefore was exempt from C.G.S. 8-30g, or alternatively, or at a minimum, the Commission intended that the public would believe that to be the case and therefore not make any applications under C.G.S. 8-30g. Thus, the Commission and Ridgefield have acted to interfere with and/or preclude future applications for affordable housing on the property, with the intent and/or effect of precluding new families with school age children from moving to Ridgefield, in violation of the Federal Fair Housing laws.

As noted, Eureka seeks to add additional allegations pertaining to its claims, and in particular it's Fourth Count under the Federal Fair Housing Act, based on information that was obtained in discovery or events that have occurred since the filing of the Second Amended Complaint  Thus, there is no evidence of undue delay, bad faith, or dilatory tactics on the part of Eureka or any undue prejudice to the Defendants if the motion is granted. Fed. R. Civ. P. 15(a); *Miteva v. Third Point Management Company, L.L.C.,* 219 F.R.D. 64, 64 (S.D.N.Y. 2003). Moreover, granting the motion will not cause any undue delay in the action or trial.

Finally, Plaintiff has satisfied the good cause requirement of Rule 16(b) for adding additional factual allegations at this stage of the proceeding. *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 42, 46 (D.Conn. 2003) (Squatrito, J.).

## CONCLUSION

For these reasons, the Plaintiff's Motion to Amend and/or Supplement the Second Amended Complaint should be granted.

THE PLAINTIFF

By: /s/ Matthew C. Mason
Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
mmason@gregoryandadams.com

## CERTIFICATION

I certify that on September 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com