UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. |
| | : | 3: 02 CV 356 (DJS) |
| VS. | : | |
| | : | |
| THE TOWN OF RIDGEFIELD, et al, | : | |
| | : | |
| Defendants. | : | |
| | : | OCTOBER 12, 2007 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY**

Plaintiff Eureka V LLC submits this memorandum in opposition to the Defendants' Motion to Exclude Expert Report and Testimony ("Def. Mot." or "Motion to Exclude") in which the Defendants argue, for the *third* time, that Eureka should not be allowed to disclose a damages expert on its Third Count under the Federal Fair Housing Act ("FFHA"), which is not a "new" count, or its new Fourth Count, and that they will be prejudiced if Eureka is permitted to do so.  Def. Mot. at 5-6, 8-10.

In its May 21, 2007 Order granting Plaintiff's Motion to Vacate Stay and for Expedited Discovery ("Motion to Vacate") and May 24, 2007 Order on Defendants' Motion For Clarification of Order Dated May 21, 2007 ("Motion for Clarification"), the Court expressly ruled on this very issue and ordered that Eureka could disclose a damages expert on its long standing Third Count, as well as its new Fourth Count under the FFHA.  Nonetheless, the Defendants have filed a motion to exclude precisely such an expert report and testimony based upon the very same grounds and reasons they

unsuccessfully argued in opposing Eureka's Motion to Vacate and on the Motion for Clarification.

Nowhere in the Motion to Exclude do the Defendants even attempt to address the scope of the Court's rulings on the Motion to Vacate and Motion for Clarification or claim the Court did not authorize such expert disclosure in ruling on those motions. Instead, the Defendants ignore the import of the Court's prior rulings, repeat their prior arguments and hope the Court will have a different view of the issue now than it did in May 2007. The Defendants' Motion to Exclude is not only meritless, but is a blatant and improper attempt to relitigate the Court's prior rulings that Eureka can disclose a damages expert on its Third Count under the FFHA, as well as its new Fourth Count.

## BACKGROUND

### A.    Eureka's Complaint

Plaintiff's First Amended Complaint, dated July 26, 2002, contained three counts based upon Ridgefield's improper attempts to take Eureka's property to stop affordable housing on the site, including the Third Count under the FFHA.

On April 5, 2007, Eureka filed a motion to amend its complaint to add additional factual allegations and a new Fourth Count under the FFHA arising out of the Planning and Zoning Commission's adoption on March 20, 2007 of new zoning regulations whereby Ridgefield has sought to preclude Eureka from making further applications under Connecticut's Affordable Housing Appeals Procedure, Conn. Gen. Stat. §8-30g. The motion to amend was granted on April 26, 2007.

      **B.**     **Eureka's Motion to Vacate the Stay, for Expedited Discovery and for an Order Governing Expert Disclosure on its FFHA Counts**

In its April 5, 2007 Motion to Vacate (Docket No. 103), filed simultaneously with its motion to amend the complaint, Eureka requested three distinct orders: (i) an order vacating the stay, (ii) an order permitting fact discovery on its new allegations and new Fourth Count under the FFHA, and (iii) "an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts." Motion to Vacate at ¶6 (Docket No. 103). *See also* Motion for Clarification at 1 (where Defendants acknowledge the three distinct orders that were sought) (Docket No. 113).

The Defendants objected to the Motion to Vacate, including making a separate objection to Eureka's request for an "order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts." *See* Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery at 3-4 (Objection #3) (Docket No. 107). With respect to expert disclosure the Defendants argued as follows:

> Eureka requests "that the Court enter an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts." Eureka's Motion at 3. However, Eureka gives no explanation for its failure to disclose any such expert prior to the September 20, 2002 discovery deadline, and no information regarding purported expert testimony. Eureka failed to disclose an expert witnesses on its Federal Fair Housing Act count which had been pled well before the close of discovery and the deadline for disclosing experts and, accordingly, it should not be permitted to reopen discovery to disclose experts now. Furthermore, if a continuance is granted and Eureka is allowed more time to disclose experts and conduct discovery, this will be costly and disrupt the litigation, thereby severely prejudicing Defendants.

*Id.* at 3-4. Thus, the Defendants claimed that disclosure of damages experts on the Third Count would be untimely and prejudicial.

In Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery, dated May 21, 2007 (Docket No. 108) ("Pl. Reply"), Eureka addressed these issues at length, particularly as it related to expert disclosure on its Third Count, which was first pled in July 2002. *Id.* at 3-6. As to the timeliness of its motion and the nature of the proposed expert testimony, Eureka stated as follows:

> [T]his case was commenced in February 2002 and originally was to be tried in October 2002. *See* Docket No. 36, Scheduling Order dated July 29, 2002. Eureka did not initially disclose a **damages expert on Count Three of the Amended Complaint, its original Fair Housing Act claim,** because of the close proximity between the filing of the claim and the expected trial. Through no fault of Eureka (or the Court), trial was delayed for a variety of reasons, including the Defendants' filing of a baseless motion for summary judgment, the pendency of *Kelo v. New London*, 268 Conn. 1, 843 A.2d 500 (2004), *aff'd* 545 U.S. 469 (2005), and also to permit a settlement procedure that Eureka pursued in good faith but which failed. *See e.g.* Docket Nos. 76, 84, 85, 86, 87, 88, 89. Unfortunately, delay has been the Defendants' objective throughout its dealings with Plaintiff's development of the Property, as they have tried desperately to stop affordable housing on the site.

*Id.* at 4 (emphasis added).

With respect to Defendants' claims of prejudice, Eureka responded as follows:

> Moreover, Ridgefield's claims of prejudice if Eureka is allowed to disclose experts and conduct discovery -- "because it will be costly and disrupt the litigation" (Def. Obj. at 3-4) -- rings hollow. The addition of a damages expert is hardly going to overcomplicate this case. Moreover, since the Defendants can't seriously challenge Eureka's right to disclose experts on its new claim, any additional discovery will not be disruptive or prejudicial, particularly since a trial date has not been set. Defendants will have ample time to disclose experts and take discovery of Eureka's experts and therefore they will suffer no prejudice. *See generally Feeney v. Dunham,* 2007 WL 1186046, at *3 (D. Conn. 2007) (Squatrito, J.).

*Id*. at 4-5.[1]

---

[1] Eureka also analyzed the four factors governing modification of a scheduling order identified in *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997). (Docket No. 107.) *See* Pl. Br. at 5-6.

4

Eureka also distinguished the one case cited by the Defendants on this issue, *Dunn v. Zimmer, Inc.,* 2005 U.S. Dist. LEXIS 3505 (D. Conn. 2005), *reversed in part on other grounds*, 165 Fed. Appx. 883 (2d Cir. 2006) (Def. Obj. at 4), as follows:

> First, it involved a surprise witness and an expert and expert report disclosed for the first time in response to a summary judgment motion. Second, there was demonstrable prejudice to the Defendant because its expert was unable to consider the opposing expert's report in preparing its motions for summary judgment. Third, allowing the expert disclosure would have been disruptive to the litigation given the disclosure for the first time during the summary judgment motions. Here, by contrast, there would be no surprise to the Defendant, it would not be disruptive to the proceeding and there would be no prejudice to the Defendants.

*Id*. at 5.

Finally, Eureka summarized its request to the Court as follows:

> Accordingly, under the circumstances Plaintiff has demonstrated good cause for a modification of the scheduling order to (i) permit the discovery on Plaintiff's new claim and new allegations, (ii) **for disclosure of damages experts on Plaintiff's Third Count under the Federal Fair Housing Act**, and (iii) for disclosure of damage experts on Plaintiff's Fourth Count, under the Federal Fair Housing Act.

*Id.* at 6 (Emphasis added.)

Thus, it could not have been clearer that Eureka was requesting permission to disclose damages experts on its Third Count under the FFHA, which was first pled in Plaintiff's First Amended Complaint filed July 26, 2002, as well as its new Fourth Count under the FFHA, that all parties fully briefed this issue and the issue was squarely before the Court when it decided the Motion to Vacate.

The court granted Eureka's Motion to Vacate by order entered May 21, 2007 and set deadlines for completion of discovery. (Docket No. 110.)

Defendants responded to the Court's order with a Motion for Clarification with respect to "Eureka's separate request that 'the Court enter an order regarding expert

5

disclosures and discovery of experts on its Federal Fair Housing Act **counts**.'" Motion for Clarification at 2 (Emphasis added) (Docket No. 113). The Defendants' Motion for Clarification referenced the Defendants' "separate[] objection to Eureka's seeking an order allowing it to disclose experts on its Federal Fair Housing Act counts," makes three references to the Plaintiff's "request for late disclosure" of an expert pertaining to its existing Third Count, and states that "Eureka's Federal Fair Housing Act claims [Count Three] pre-existed its new Fourth Count well before that September 20, 2002 deadline." *Id.* at 2. The Defendants further stated "[i]f the court intended to grant Eureka permission for late disclosure of expert witnesses, there is no scheduling order for such disclosure, for deposition of any such experts, for disclosure of any experts the defendants may want to testify at trial in response to Eureka's expert, or for deposition of any such defendants' experts." *Id.* at 2. Thus, in the Motion for Clarification the Defendants again argued that Eureka should not be permitted to disclose a damages expert on its Third Count, which had been pending since 2002, and requested the Court to enter a scheduling order for such disclosure if the Court intended that Eureka be permitted to disclose damages experts on its Third Count under the FFHA.

> In its response to the Motion to Clarify, Eureka stated as follows:
>
> Under the guise of a motion for clarification, the Defendants seek to reargue a motion they have already lost. In granting the Plaintiff's motion, the court clearly authorized expert disclosure on Plaintiff's Federal Fair Housing Act claims, Counts Three and Four of the Second Amended Complaint, even though it did not set specific deadlines for those disclosures. It is up to the Court to decide when it wishes to set those deadlines, and if it wishes to do so in response to this Motion of course we have no objection.

6

Plaintiff's Response to Motion for Clarification of Order Dated May 21, 2007 at 1-2 (Docket No. 114).

The Court granted the Motion to Clarify on May 24, 2007 and ordered that "[a]ll discovery, *including but not limited to expert depositions and reports*, shall be completed by August 24, 2007." (Emphasis added.) (Docket No. 115.)  Thus, the Court undeniably granted Plaintiff's request that it be allowed to disclose damages experts on both its Third and new Fourth Count under the FFHA.  Significantly, in their Motion to Exclude the Defendants do not claim otherwise.  In fact, conspicuously absent from the Defendants' Motion is any explanation of why they believe the Court has not already decided this issue and why they think they have the right to relitigate an issue already decided by this Court.

        **C.**    **Eureka's Disclosure of a Damages Expert on its FFHA Claims**

Eureka proceeded diligently following the Court's orders and engaged an expert, Professor Walter Dolde, who, at significant expense, prepared a report detailing Plaintiff's damages on the Third and Fourth Counts of its Second Amended Complaint. On July 25, 2007, Plaintiff served Professor Dolde's report and its Rule 26 Supplemental Expert Disclosure, well within the timeframes of the Court's May 24, 2007 order.   The Defendants chose not to depose Professor Dolde prior to expiration of the August 24, 2007 discovery cut-off, and instead filed a motion for an extension of time to complete discovery, which was granted.

        **D.**    **Defendants' Motion to Exclude**

The Defendants have filed a motion to exclude Professor Dolde's report and related testimony on the grounds that the disclosure of a damages expert on the Third

Count is untimely, that any expert testimony should be limited to the new Fourth Count only, and Defendants will be prejudiced if the Court permits the report and testimony as it pertains to the Third Count. These are the very same grounds and arguments made in the Defendants' Objection to Plaintiff's Motion to Vacate and Motion for Clarification, which were rejected by this Court.

## ARGUMENT

I.  **THE MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY SHOULD BE DENIED BECAUSE IT IS MERITLESS AND IS AN IMPROPER ATTEMPT BY THE DEFENDANTS TO RELITIGATE ISSUES ALREADY DECIDED BY THIS COURT.**

The Defendants seek to preclude Eureka from introducing at trial the expert report and testimony of Professor Dolde, Eureka's damages expert on its FFHA claims. The Defendants object to Professor Dolde's report containing a damages claim on Eureka's Third Count, claim they are prejudiced by such "late" disclosure and argue that Plaintiff's expert disclosure must be limited to "the Fourth Count of Plaintiff's Second Amended Complaint, because the Fourth Count is the only 'new claim.'" Def. Mot. at 5 - 6.

As the Court is by now painfully aware, the precise arguments made by the Defendants in the Motion to Exclude were previously made by the Defendants (i) in opposing Eureka's Motion to Vacate and (ii) in Defendants' Motion to Clarify and were flatly rejected by the Court on both occasions. Thus, the Court has already ruled on the issues raised in the Motion to Exclude and the Defendants have not advanced any reasons why the Court should even entertain this motion, which seeks reversal of a prior ruling, let alone actually grant it.

The Defendants accuse the Plaintiff of attempting to introduce through the "back door, expert testimony related to its Third Count." Motion to Exclude at 7. Nothing

8

could be farther from the truth. Eureka's request to disclose damages experts on its Third Count was made through the "front door," as it was unambiguously made in its Motion to Vacate and was fully litigated by the parties and decided by the Court on that motion and the Defendants' Motion for Clarification. The Court unequivocally authorized such disclosure; if the Court had intended to limit Eureka's expert disclosure on damages to just the Fourth Count – as the Defendants explicitly asked the Court to do – it would have done so in ruling on those motions. It did not and in reliance upon the Court's rulings, Eureka retained an expert and devoted considerable resources, financial and otherwise, to formulation of its damages report including as it pertains to the Third Count.

In pages 7- 8 of the Motion to Exclude the Defendants again argue the expert report is a "late disclosure" and, citing to *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997), argue that the report should be excluded based upon the four factors relevant to expert disclosure after the time contained in a Scheduling Order. This entire argument is irrelevant because the Court's order on the Motion for Clarification, which ordered that "[a]ll discovery, *including but not limited to expert depositions and reports*, shall be completed by August 24, 2007" (emphasis added.) (Docket No. 115), is the Court's scheduling order regarding discovery and expert disclosure. Therefore, there simply is no issue of "late disclosure." Moreover, the Defendants fail to apprise the Court that (i) *Softel* is the very case they relied on in their Objection to Motion to Vacate, (ii) the Defendants addressed those four factors at that time in arguing that Eureka should not be allowed to disclose experts on its Third and Fourth Counts under the FFHA (s*ee* Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery at 3-4 (Objection #3) (Docket No. 107)); and

9

(iii) Eureka also addressed those four factors in Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery, dated May 21, 2007 at 5-6 (Docket No. 108) (which discussion is incorporated herein by reference). As noted, following full briefing on these issues the Court ordered that Eureka could disclose a damages expert on its Third and Fourth Counts.

Defendants' claims of prejudice (Def. Mot. at 8 - 9), in addition to already having been rejected by the Court, are baseless. The Defendants have had Professor Dolde's report since mid-July, and while they chose not to depose Professor Dolde before the expiration of the discovery cut-off of August 24, 2007, the Court has granted an extension of time until 45 days after the Court rules on the motions to dismiss for completion of discovery, including of experts. This is ample time for the Defendants to disclose a rebuttal expert and for depositions to be taken. Moreover, Fed. R. Civ. P. 26 (2) (C) provides for disclosure of rebuttal experts "within 30 days after the disclosure made by the other party," evidencing a strong presumption that 30 days is sufficient time to disclose rebuttal experts. Under these circumstances, particularly where a trial date has not been set, it is ludicrous for the Defendants to suggest that 45 days after the Court rules on the motions to dismiss is not enough time for them to disclose a rebuttal expert and for expert depositions to be taken.

The Defendants' argument that it would be costly for them to have to hire their own damages expert (Def. Mot. at 8-9) is hardly prejudicial and is the same tired argument made in the Objection to Motion to Vacate and rejected by the Court. The Defendants even cite the same case, *Dunn v Zimmer*, in both the Objection to Motion to Vacate and the instant motion in support of their claim of prejudice. *See* Defendants'

Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery at 4 (Docket No. 107) and Motion to Exclude at 8-9 (Docket No. 148).

The Defendants' falsely claim that the Plaintiff "has been disingenuous with respect to these discovery issues." (Def. Mot. at 9). The Defendants' Second Set of Interrogatories and Requests for Production of Documents to Eureka V LLC, dated July 17, 2007, was served after the Court's order expressly limiting the scope of the Plaintiff's fact discovery of the Defendants to the new zoning regulations and new Fourth Count. The Defendants then turned around and sought discovery of Eureka on its Third Count, without Court permission, and Eureka understandably objected to such contradictory positions on discovery. More importantly, however, the language the Court referenced in ruling on the motions to limit discovery in this phase, specifically regarding the new zoning regulations (cited in the Motion to Exclude at 5 ¶ 14), was from Plaintiff's Motion to Vacate, the very motion wherein the Court ruled that Eureka could disclose experts on its existing Third Count and new Fourth Count. It is absurd for the Defendants to now argue that language contained in the Motion to Vacate, the motion where the Court already ordered that Eureka could disclose damages experts on its FFHA counts (including the Third Count), somehow provides a basis for the Court to reverse its ruling on that very motion some four months later.

Disclosure of damages experts on Eureka's FFHA claims is an entirely separate and distinct issue from the scope of fact discovery. The Defendants themselves have recognized the distinction in their filings with this Court wherein (i) they have consistently made separate objections relating to expert disclosure and fact discovery and (ii) acknowledged that Eureka's sought three distinct orders from the Court in its Motion

11

to Vacate. *E.g.* Motion for Clarification at 2 ("On May 7, 2007, Defendants filed their objection to Eureka's motion, addressing *separately* their objection to Eureka's seeking an order allowing it to disclose experts on its Federal Fair Housing Act counts.") (emphasis added); Defendants' Motion for Clarification (Docket No. 113) (listing the three "distinct" orders sought by Eureka).

Finally, it is true, as the Defendants' claim, that Plaintiff would not have had a damages expert on the Third Count if trial had occurred when originally scheduled in 2002. Def. Mot. at 10. It is also true, however, that Eureka did not disclose an expert at that time because of the proximity between filing of the Complaint and scheduled trial in 2002. Eureka sustained huge damages as a result of the delay in this action through absolutely no fault of Eureka or the Court, and the Court was well within its discretion in entering an order that Eureka could disclose a damages expert on its Third Count. Moreover, this is also a repeat of an argument the Defendants previously made to the Court, which was addressed by Eureka in it Motion To Vacate and rejected by the Court:

> Here, the reason the Plaintiff did not previously disclose a damage expert on Count Three, its Federal Fair Housing Act claim, was, as noted, the fact the case was on the fast track and trial was originally planned well within a year of filing. Second, a damages expert would be relevant and necessary regarding the damages Eureka has sustained given that trial is at least five years later than originally expected. There is no prejudice to the Defendants since it will have ample time to depose Eureka's damages expert(s) and disclose their own rebuttal expert(s). While there is no prejudice to the Defendants, by contrast Eureka will be prejudiced if it is unable to or is limited in its ability to prove damages by reason of being unable to disclose a damages expert, particularly where the passage of time has directly impacted Eureka's damages.

Pl. Reply at 6 (footnote omitted) (Docket No. 108).[2]

---

[2] The Defendants have effectively conceded that they are rearguing an issue previously litigated and lost by explicitly challenging an argument made in Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery dated May 21, 2007. *See* Def. Motion at 7-8.

In conclusion, the Defendants' motion to exclude Eureka's damages report and related testimony because it pertains to Eureka's Third Count should be denied because it is a blatant attempt by the Defendants to relitigate issues previously litigated and decided against it by the Court. In addition, in all events, for the same reasons previously articulated by Eureka on the Motion to Vacate and Motion to Clarify, the first two times the Court considered this issue, the Motion to Exclude is meritless and should be denied.[3]

WHEREFORE, Plaintiff requests that the Motion to Exclude be denied.

>THE PLAINTIFF,
>
>By: /s/ Matthew C. Mason
>   Matthew C. Mason (ct 15291)
>   Gregory and Adams, P.C.
>   190 Old Ridgefield Road
>   Wilton, CT 06897
>   (203) 762-9000 (Tel.)
>   (203) 834-1628 (Fax)
>   mmason@gregoryandadams.com

---

[3] Eureka also objects to the Defendants' attempt to "reserve the right to further challenge Plaintiff's expert testimony and/or evidence on grounds not addressed in this Motion . . . ." Def. Mot. at 1 n. 1. The Defendants should not be permitted to make a series of motions directed to the expert report and testimony. By failing to include any other grounds or "challenges" to Professor Dolde's report and testimony in this Motion the Defendants have waived their right to do so.

## **CERTIFICATION**

I certify that on October 12, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>           /s/ Matthew C. Mason
> Matthew C. Mason (ct15291)
> Gregory and Adams, P.C.
> 190 Old Ridgefield Rd.
> Wilton, CT 06897
> (203) 762-9000
> Fax: (203) 834-1628
> E-mail: mmason@gregoryandadams.com

14