UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUREKA V LLC | CIVIL ACTION NO: |
| Plaintiff, | 3:02 CV 356 (DJS) |
| VS. | |
| THE TOWN OF RIDGEFIELD, ET AL. | |
| Defendants. | OCTOBER 26, 2007 |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY**

Defendants The Town of Ridgefield, The Board of Selectmen of the Town of Ridgefield, The Board of Finance of the Town of Ridgefield, The Economic Development Commission of the Town of Ridgefield, The Bennett's Farm Development Authority, and Barbara Serfilippi, in her official capacity as the Town Clerk of the Town of Ridgefield (the "Moving Defendants") hereby respond to Plaintiffs' Memorandum In Opposition to Defendants' Motion to Exclude Expert Report and Testimony dated October 12, 2007 ("Plaintiff's Memorandum").

Plaintiff's Memorandum unfairly characterizes Defendants' Motion to Exclude Expert Report and Testimony ("Defendants' Motion") as "a blatant and improper attempt to relitigate the Court's prior rulings that Eureka can disclose a damages expert on its Third Count under the FFHA, as well as its new Fourth Count." Plaintiff's Memorandum

at 2. Plaintiff's Memorandum presents an unfair characterization of Defendants' Motion for the following reasons:

    1)    Plaintiff continues to ignore the fact that it has presented conflicting positions to the Court. Plaintiff maintains that the Court's orders clearly allow discovery on Plaintiff's Third Count as well as its new Fourth Count because Plaintiff specifically requested permission to disclose "damages experts on Plaintiff's Third Count under the Federal Fair Housing Act. . ." Plaintiff's Memorandum at 5. However, in previous papers filed with the Court, Plaintiff specifically requested that the Court allow discovery based *only* on the allegations made in the new Fourth Count. See Defendants' Motion at 3-4.[1]

    2)    Plaintiff ignores the fact that the Court has not explicitly identified the scope of expert disclosure. As set forth in Defendants' Motion, in light of the recent requests for additional discovery made by Plaintiff, and the background of this case, including the fact that Plaintiff pled the Third Count well before the close of discovery and the deadline for disclosing experts in 2002, it is reasonable for the Moving Defendants to interpret the Court's recent orders as limiting expert disclosure to the new

---

[1] Plaintiff also presents inconsistent positions because it claims that it is too late for the Moving Defendants to obtain additional discovery as to allegations in the Third Count, while maintaining that it is entitled to disclose an expert on damages with respect to allegations in the Third Count. See Defendants' Motion at 9-10.

Fourth Count. Therefore, it is reasonable for the Moving Defendants to object to Plaintiff's disclosure of an expert on the Third Count.

3) Plaintiff disregards the fact that Defendants' Motion is necessarily a motion dealing with a matter that has not been fully addressed previously, because it relates to Plaintiff's recent disclosure of an expert witness. The Moving Defendants could not have objected to Plaintiff's expert and his report when they filed their Objection to Plaintiff's Motion to Vacate Stay and Motion for Clarification because Plaintiff had not yet filed its expert disclosure when the Moving Defendants' previous Objection and Motion were filed. Defendants' Motion addresses issues related to a specific expert and a specific report, whereas the Moving Defendants' previous filings addressed new discovery from a general standpoint. Although arguments advanced by the Moving Defendants in their previous Objection and Motion are similar to arguments advanced in Defendants' Motion, they are not identical. Because Defendants' Motion for the first time addresses a specific expert and a specific report, the relief requested in Defendants' Motion is necessarily different from that previously requested as well.[2]

---

[2] The Moving Defendants further point out that there is no support for Plaintiff's contention that "[b]y failing to include any other grounds or 'challenges' to Professor Dolde's report and testimony in [Defendants' Motion] the Defendants have waived their right to do so." Plaintiff's Memorandum at 13 n. 3. The Moving Defendants have explicitly reserved their right to further challenge Plaintiff's expert testimony and/or evidence and, therefore, have waived nothing. Defendants' Motion at 1 n. 1. If the Court denies Defendants' Motion, the Moving Defendants still have the right to object to his testimony and his report on all grounds not addressed in Defendants' Motion, including challenges based on Daubert and other substantive grounds.

For all of the foregoing reasons and the reasons set forth in Defendants' Motion, the Moving Defendants respectfully request that this Court preclude Plaintiff from introducing the expert report of Plaintiff's new expert, Walter Dolde, PhD, and that Dolde be precluded from testifying at trial.

THE DEFENDANTS,
THE TOWN OF RIDGEFIELD, THE
ECONOMIC DEVELOPMENT
COMMISSION OF THE TOWN OF
RIDGEFIELD, THE BENNETT'S FARM
DEVELOPMENT AUTHORITY, AND
BARBARA SERFILIPPI, IN HER
OFFICIAL CAPACITY AS THE TOWN
CLERK OF THE TOWN OF RIDGEFIELD

By: _____
Stewart I. Edelstein, Esq. (ct06021)
Jonathan S. Bowman, Esq. (ct08526)
Monte E. Frank, Esq. (ct13666)
Cohen and Wolf, P. C.
1115 Broad Street
Bridgeport, CT 06604
Tel: 203/368-0211
Fax: 203/576-8504
sedelstein@cohenandwolf.com

## CERTIFICATION OF SERVICE

I hereby certify that on October 26, 2007, a copy of Defendants' Reply to Plaintiff's Memorandum In Opposition to Defendants' Motion to Exclude Expert Report and Testimony dated October 26, 2007, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein