UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------
                                    x
EUREKA V LLC,                       :
                                    :
              Plaintiff,         :  CIVIL NO.
                                    :  3: 02 CV 356 (DJS)
                                    :
       VS.                          :
                                    :
THE TOWN OF RIDGEFIELD, et al,      :
                                    :
              Defendants.       :
                                    :  NOVEMBER 2, 2007
---------------------------------   x

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' <u>MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY</u>**

Plaintiff Eureka V LLC submits this sur-reply to the Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Expert Report and Testimony ("Reply").

1.  Contrary to the Defendants' claim, Plaintiff has not presented conflicting positions to the Court. (Reply at 2.) In its April 5, 2007 Motion to Vacate Stay and for Expedited Discovery (the "Motion"), Plaintiff requested that the Court: (i) vacate the stay, (ii) permit fact discovery of the Defendants relating to Plaintiff's new claim and the change in zoning regulations, and (iii) "that the Court enter an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act count**s**" i.e. its existing Third Count and new Fourth Count  (emphasis added as to count**s)**. Motion to Vacate at ¶6 (Docket No. 103). *See also* Defendants' Motion for Clarification at 1

(where Defendants acknowledge the three distinct orders that were sought) (Docket No. 113).

In the Motion and Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery (Docket No. 108) ("Plaintiff's Reply"), Eureka fully explained the reasons for its separate requests, including differentiating between fact discovery on its new Fourth Count and disclosure of damages experts, particularly on its existing Third Count. The Defendants fully understood Eureka's different requests and positions, as they advanced different objections to the different requests in Eureka' Motion, and undoubtedly the Court understood the different requests and the bases for those requests as well.  Eureka has not been inconsistent with the positions it has advocated to the Court.

2. The scope of expert disclosure has already been decided by the Court. (Reply at 2-3.) Notwithstanding the fact that in its Motion Eureka specifically requested an order permitting expert disclosure on both of its Federal Fair Housing Act Counts, i.e. its long standing Third Count and new Fourth Count, which the Court granted over Defendants' strenuous objections, the Defendants claim that "it is reasonable for the Moving Defendants to interpret the Court's recent orders as limiting expert disclosure to the new Fourth Count."  (Reply at 3.)  This contention ignores the fact that:

- The Motion specifically requested "an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts." Motion at ¶6.

- In their objection to the Motion the Defendants separately objected to Eureka's request for "an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act counts," including claiming such disclosure on Eureka's Third Count was untimely and prejudicial.  *See* Defendants' Objection to Motion to Vacate Stay and for Expedited Discovery at 3-4 (Docket No. 107).

2

- In Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Vacate Stay and for Expedited Discovery dated May 21, 2007 (Docket No. 108), Eureka addressed at length the Defendants' objections, including the reasons for and timeliness of the request and the defendants' claims of prejudice as they related to the existing Third Count. Plaintiff's Reply at 2-6.

- In Plaintiff's Reply, Eureka summarized its requests as follows: "[U]nder the circumstances Plaintiff has demonstrated good cause for a modification of the scheduling order to (i) permit the discovery on Plaintiff's new claim and new allegations, (ii) for disclosure of damages experts on Plaintiff's Third Count under the Federal Fair Housing Act, and (iii) for disclosure of damage experts on Plaintiff's Fourth Count, under the Federal Fair Housing Act. *Id.* at 6.

- The court granted the Motion by order entered April 26, 2007. (Docket No. 110).

- Defendants filed a Motion for Clarification regarding that aspect of Plaintiff's motion that sought "an order regarding expert disclosures and discovery of experts on its Federal Fair Housing Act **counts**." Defendants' Motion for Clarification at 2 (Emphasis added) (Docket No. 113). The Defendants' Motion for Clarification referenced their "separate[] objection" to Eureka's request to disclose experts on its Federal Fair Housing Act counts, makes three references to the Plaintiff's "request for late disclosure" and specifically states that "Eureka's Federal Fair Housing Act claims [Count Three] pre-existed its new Fourth Count well before that September 20, 2002 deadline." *Id.*

- The Court granted the Motion for Clarification on May 24, 2007 and ordered that "[a]ll discovery, including but not limited to expert depositions and reports, shall be completed by August 24, 2007." (Docket No. 115.) This order unquestionably included damages experts on the Third Count.

- The Court's subsequent discovery orders dealt with fact discovery on the Fourth Count, not Eureka's right to disclose damages experts on its Third Count, which had already been decided by the Court.

In light of the above, it defies credulity for the Defendants to suggest that the Court did not rule that Eureka could disclose damages experts on its long standing Third Count, which is unrelated to the change in zoning regulations, particularly since a significant portion of the parties' briefs addressed that very issue. If the Court intended to limit Eureka's right to disclose experts to its Fourth Court it would have said so and

3

granted Eureka's motion only in part. It did not and Eureka properly relied on the Court's rulings in securing a damages expert who produced the report at issue.

3. The Defendants' disingenuously claim that their motion is proper "because it relates to Plaintiff's recent disclosure of an expert witness." (Reply at 3.) Given that Eureka has disclosed an expert and produced a report on its Third and Fourth Counts, precisely as authorized by the Court in its rulings on the Motion and the Motion for Clarification, this argument is entirely baseless. The Defendants have done nothing more than recycle their prior briefs to the Court in a transparent attempt to reargue the prior motions wherein the Court authorized Eureka to disclose damages experts including on its Third Count.

We respectfully submit that the Defendants repeated efforts to relitigate issues they have lost must come to end.

WHEREFORE, Plaintiff requests that the Defendants' Motion to Preclude be denied.

THE PLAINTIFF,

By: /s/ Matthew C. Mason
   Matthew C. Mason (ct 15291)
   Gregory and Adams, P.C.
   190 Old Ridgefield Road
   Wilton, CT 06897
   (203) 762-9000 (Tel.)
   (203) 834-1628 (Fax)
   mmason@gregoryandadams.com

## **CERTIFICATION**

I certify that on November 2, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew C. Mason
Matthew C. Mason (ct15291)
Gregory and Adams, P.C.
190 Old Ridgefield Rd.
Wilton, CT 06897
(203) 762-9000
Fax: (203) 834-1628
E-mail: mmason@gregoryandadams.com