UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUREKA V LLC | : | CIVIL ACTION NO: |
| Plaintiff, | : | 3:02 CV 356 (DJS) |
| VS. | : | |
| THE TOWN OF RIDGEFIELD, ET AL. | : | |
| Defendants. | : | JANUARY 4, 2008 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants hereby reply to Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss dated December 14, 2007 ("Plaintiff's Memorandum").

**I.    This Court Can Consider Evidentiary Matters Outside the Pleadings.**

Plaintiff submits that Defendants' reliance on matters outside the record is somehow improper. Plaintiff's Memorandum at 18. Plaintiff is wrong for two reasons.

First, as Plaintiff necessarily admits, when subject matter jurisdiction is challenged, as when a defendant raises mootness, the movant may present evidentiary matters. Plaintiff's Memorandum at 11; see also Defendants' Memorandum of Law In Support of Their Motion to Dismiss dated November 7, 2007 ("Defendants' First Memorandum") at 6.

1

Second, in a Fed. R. Civ. P. 12(b)(6) review:

> [T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint. . . . Furthermore, the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered. Accordingly, where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.

Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). A court also "may take judicial notice of records and reports of administrative bodies without converting a motion to dismiss into one for summary judgment." McBride v. Routh, 51 F.Supp.2d 153, 155 (D. Conn. 1999) (citation omitted).

Accordingly, in the present case, this Court may consider the Official Statement of the Ridgefield Planning and Zoning Commission (the "Commission") adopted on July 3, 2007 (the "Official Statement"), as both a record of an administrative body and a document referenced and relied on by Plaintiff (see paragraphs 94 and 96 of the Third Amended Complaint referencing the Official Statement). This Court also may consider the deposition testimony of the Town Planner, Betty Brosius ("Brosius") as a document

referenced and relied on by Plaintiff (see paragraph 77 of the Third Amended Complaint referencing that deposition).[1]

II.  **A Review of Documents This Court Can Consider Further Buttresses Defendants' Motion to Dismiss.**

The Official Statement, a copy of which is reproduced in full in Defendants' First Memorandum at 3, is referenced at paragraphs 94 and 96 of the Third Amended Complaint and discussed at length by Plaintiff. See Plaintiff's Memorandum at 13-15. The Official Statement makes explicit that the new zoning regulations that are the subject of the Fourth Count of the Third Amended Complaint (the "New Regulations") "are not subject to the industrial use exemption set forth in the Affordable Housing Statute . . . ." Defendants' First Memorandum at 3. Plaintiff strives to create equivocation out of this unequivocal pronouncement. The Official Statement leaves no doubt whatsoever that the industrial use exemption, about which Plaintiff expresses such concern, and which is the sole basis for its Fourth Count, does not apply in the CDD zone.

Plaintiff challenges the motivation of the Commission in adopting the Official Statement, speculating about what occurred at privileged executive sessions of the Commission and ignoring Brosius' testimony. Plaintiff's Memorandum at 14. Brosius testified that the change in the CDD zone regulations effective May 1, 2007 was made for the purpose of shortening and consolidating Ridgefield's zoning regulations. She further

---

[1] As set forth in Defendants' First Memorandum, a court also can take judicial notice of zoning regulations when considering a Rule 12(b)(6) motion. Defendants' First Memorandum at 13 n. 6.

3

testified that the change with regard to Sec. 5.5 was made to remove redundant language about residences, which was already covered by the continued allowance of accessory uses in a CDD zone. See excerpt from the August 21, 2007 deposition transcript of Betty Brosius, attached hereto as Exhibit A, and the revised Section 5.5 of the Ridgefield Zoning Regulations, set forth in full at pages 13-14 of Defendants' First Memorandum. Sub-paragraph 9 of Sec. 5.5 allows for "[u]ses accessory to the uses listed in Subsection 5.5D when located on the same lot."

This record makes explicit that the intent of the revised Section 5.5, the only subject of Plaintiff's new Fourth Count, is to shorten and consolidate Ridgefield's zoning regulations, this being just one change of many in this successful effort. Nothing in Plaintiff's litany of bullet points rebuts this self-evident fact. See Plaintiff's Memorandum at 14-15.

### III.   This Court Should Not Accept as True Plaintiff's Conclusory Allegations in Ruling On Defendants' Rule 12(b)(6) Motion.

Plaintiff contends that in ruling on a motion to dismiss such as this the Court must accept all facts alleged as true and draw all inferences in Plaintiff's favor. Plaintiff's Memorandum at 17. However, Plaintiff fails to qualify this statement appropriately. Courts do not accept as true conclusory legal allegations cast in the form of factual allegations. Western Mining Council v. Watts, 643 F. 2d 618, 624, cert. denied, 454 U.S. 1031 (9th Cir. 1981). Such conclusory allegations are among those central to Plaintiff's

opposition to Defendants' Motion to Dismiss, including paragraphs 96, 109, 110, and 111 of Plaintiff's Third Amended Complaint.

IV. **Plaintiff's Contentions Are Based On Pure Speculation and Distinguishable Authority.**

Even though Plaintiff admits that the New Regulations cannot affect its pending application to the Commission, it contends that the fact it filed its application before the New Regulations went into effect does not render its action moot. Plaintiff's contention is based on speculation that it may file new applications after the May 1, 2007 effective date. Plaintiff's Memorandum at 13. Plaintiff argues that voluntary cessation of an allegedly illegal activity does not render a case moot unless the Commission demonstrates that there is no reasonable expectation that the alleged violation will recur and that interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Plaintiff's Memorandum at 11.

That is precisely the situation here. Indeed, in the present case, there has not even been a violation and, consequently, there can be no effects of an alleged violation. Furthermore, there is no reasonable expectation that a violation will occur in the future. The New Regulation has never been applied, and the Commission's intent to interpret the New Regulation to *allow for* affordable housing has been made explicit by the Official Statement.

Case 3:02-cv-00356-DJS    Document 170    Filed 01/04/2008    Page 6 of 10

Plaintiff speculates that the Commission may, at some unknown time in the future, for reasons that can only be based on conjecture, change the Official Statement, and that this mere possibility is sufficient to avoid the mootness of Count Four. Plaintiff's Memorandum at 15. In support of its position, Plaintiff relies primarily on Tsombanidis v. West Haven Fire Dept., 352 F.3d 565 (2d Cir. 2003). Plaintiff's Memorandum at 15-16.

Tsombanidis is distinguishable from the present case because, in Tsombanidis, the issue was whether a case is moot when an agency *changes* its interpretation of an ordinance. In that case, the owner of a home for recovering drug addicts sued the West Haven Fire Department (the "Fire District"), under the Fair Housing Act and the Americans with Disabilities Act, because the Fire District had fined the plaintiff for running an illegal boarding home. According to the existing fire code, a boarding home was defined as any home where six or more unrelated individuals live together. The plaintiff's home, located in a single-family dwelling zone, housed six recovering drug addicts. The plaintiff was ordered to reduce the number of tenants to three. The plaintiff sued the Fire District, claiming that the Fire District's interpretation of the fire code had discriminatory effects. Id. at 570-71.

At trial, the chief of the Fire District testified that the Fire District would no longer consider the plaintiff's home an illegal boarding home. The Fire District then argued that since it changed its interpretation, the case was moot. The Court held that the

case was not moot because the agency could, at a later date, decide to revert back to its prior discriminatory interpretation. Id. at 573-74.

Tsombanidis is distinguishable from the present case for three reasons: (1) there has been no finding that Ridgefield's amended ordinance is discriminatory; (2) unlike the Fire District in Tsombanidis, Ridgefield has remained consistent in its interpretation of the New Regulations; and (3) unlike Ridgefield, which unanimously adopted the Official Statement on the record at a formal meeting, the Fire Chief's only statement with regard to the Fire District's changed interpretation came at trial.

V. **Even If the Commission Had Not Issued the Official Statement, the Commission Could Not Apply the Industrial Use Exemption to Property in the CDD Zone.**

The adoption of the New Regulations cannot affect the Commission's review of an affordable housing application, even independent of the Official Statement, because there is no legal basis upon which the Commission could apply the industrial use exemption to applications involving property in the CDD zone. Defendants' First Memorandum at 11-14. In response to this self-evident proposition, Plaintiff maintains only that Connecticut law construing the industrial use exemption is "sparse and it is therefore uncertain what is or will be Connecticut law on this issue." Plaintiff's Memorandum at 18. Nevertheless, Plaintiff cites no case supporting the proposition that where law is sparse on an issue the court can deny a motion to dismiss.

7

The Fourth Count that is the subject of Defendants' Motion to Dismiss pertains only to the revision in the CDD zone regulations, effective May 1, 2007. The only application Plaintiff filed was under the old zone regulations. Furthermore, just as before this revision, any applicant, including Plaintiff, can file an affordable housing application for property in a CDD zone, and the Commission must apply the heightened standard required by General Statutes Section 8-30g in reviewing that application. In doing so, the Commission cannot apply the industrial use exemption, about which Plaintiff speculates.

For the reasons set forth in Defendants' First Memorandum, and the reasons set forth herein, this Court should dismiss the Fourth Count of Plaintiff's Third Amended Complaint.

THE DEFENDANTS,
THE TOWN OF RIDGEFIELD, THE
ECONOMIC DEVELOPMENT
COMMISSION OF THE TOWN OF
RIDGEFIELD, THE BENNET'S FARM
DEVELOPMENT AUTHORITY, AND
BARBARA SERFILIPPI, IN HER
OFFICIAL CAPACITY AS THE TOWN
CLERK OF THE TOWN OF RIDGEFIELD

By: *[signature]*
Stewart I. Edelstein, Esq. (ct06021)
Monte E. Frank, Esq. (ct13666)
Barbara M. Schellenberg, Esq. (ct02400)
Cohen and Wolf, P. C.
1115 Broad Street
Bridgeport, CT 06604
Tel: 203/368-0211
Fax: 203/576-8504
sedelstein@cohenandwolf.com
mfrank@cohenandwolf.com
bschellenberg@cohenandwolf.com


THE DEFENDANT,
RIDGEFIELD PLANNING AND
ZONING COMMISSION

By: /s/ Thomas W. Beecher
Thomas W. Beecher, Esq. (ct301715)
Collins, Hannafin, Garamella, Jaber,
& Tuozzolo, P.C.
148 Deer Hill Avenue
Danbury, CT 06810
Tel: 203/744-2150
Fax: 203/791-1126
tbeecher@chgjtlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on January 4, 2008, a copy of Defendants' Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss dated January 4, 2008, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filing and this Certification of Service through the Court's system.

_____
Stewart I. Edelstein