UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUREKA V LLC, | : |
| Plaintiff, | : |
| v. | : No. 3:02CV00356 (DJS) |
| THE TOWN OF RIDGEFIELD, ET AL., | : |
| Defendants. | : |

## **MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION**

The plaintiff, Eureka V LLC ("the Plaintiff"), brought this action against the Town of Ridgefield, the Board of Selectmen of the Town of Ridgefield, the Board of Finance of the Town of Ridgefield, the Economic Development Commission of the Town of Ridgefield, the Bennett's Farm Development Authority, Barbara Serfilippi in her official capacity as the Town Clerk of the Town of Ridgefield, and the Planning and Zoning Commission of the Town of Ridgefield (collectively, "the Defendants") to enjoin the Defendants from (1) taking by eminent domain the Plaintiff's real property located in Ridgefield, Connecticut, and (2) implementing the Bennett's Farm Corporate Park Preliminary Project Plan. (Dkt. # 154, Third Amended Complaint, First and Second Counts.) The Plaintiff also sought money damages in connection with alleged violations of the Federal Fair Housing Act (the "FHA") (Dkt. # 154, Third Amended Complaint, Third and Fourth Counts.)

On February 4, 2011, the Court granted the Defendants' motion for summary judgment as to Counts Three and Four of the Third Amended Complaint, which alleged FHA violations, and denied that motion as to Counts One and Two of the Third Amended Complaint, which allege violations of certain Connecticut statutes, the Fifth and Fourteenth Amendments to the United States Constitution, and Article First, § 11 of the Connecticut Constitution. Now pending is the Plaintiff's motion pursuant to Fed. R. Civ. P. 54(b) requesting the entry of a final judgment as to Counts Three and Four. As further explained below, the Plaintiff's motion for Rule 54(b) certification **(dkt. # 213)** is **DENIED**.

## DISCUSSION

### STANDARD

Fed. R. Civ. P. 54(b) provides in pertinent part that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "For a proper entry of partial final judgment under Rule 54(b), three requirements must be satisfied: (1)[m]ultiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one

party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." Information Resources, Inc. v. Dun & Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002)(internal quotation marks omitted).

**APPLICATION OF RULE 54(b) STANDARD**

There is little doubt that the first two Rule 54(b) requirements have been satisfied: the Court's summary judgment ruling "ends the litigation [of the Plaintiff's FHA claims] and leaves nothing for the court to do but execute the judgment entered on th[ose] claim[s]." Information Resources, Inc., 294 F.3d at 451 (internal quotation marks omitted). The third factor "is addressed to the ultimate decision to direct the entry of judgment; given the permissive nature of rule 54(b) . . . , this decision is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." Id. (internal quotation marks omitted). "[A]lthough Rule 54(b) allows the district court to order the entry of a final partial judgment if it determines that there is no just reason for delay, thereby permitting an aggrieved party to take an immediate appeal, institutional respect for the historic federal policy against piecemeal appeals requires that such a certification not be granted routinely. Thus, we have

said that the power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Betancourt v. Giuliani, 30 F. App'x. 11, 12 (2d Cir. 2002)(internal quotation marks and citations omitted).

In Greer v. St. Bonaventure University, No. 02-CV-409S, 2004 WL 1563084, (W.D.N.Y. May 21, 2004), the court, having determined that some of the plaintiff's multiple claims had been finally decided by a ruling on a motion to dismiss, considered whether the entry of a final judgment under Rule 54(b) would be in the interest of sound judicial administration. The court declined to direct the entry of a final judgment as to the dismissed claims, noting that "a single factual scenario forms the basis of Plaintiff's Complaint," it was "extremely unlikely that Plaintiff's appeal of the dismissed claims would be resolved in time to be tried with the remaining claims," and that entry of final judgment would require the defendants "to litigate an appeal of the dismissed claims at the Second Circuit while simultaneously preparing for trial on the claims remaining before this Court." Id. at *2-*3.

Similar circumstances to those noted in the Greer court's denial of the plaintiff's motion for the entry of final judgment are present in this case. Counts Three and Four of the Third Amended Complaint (the dismissed FHA claims) rely extensively on

the same factual allegations as are contained in Counts One and Two. Additionally, "[i]t is a virtual certainty that an appeal of the dismissed claims would not be resolved in time to be tried with the remaining claim." Byrne v. Telesector Resources Group, Inc., No. 04-CV-0076S, 2007 WL 2403721, at *3 (W.D.N.Y. Aug. 20, 2007). Finally, "simultaneously litigating the remaining claim[s] and an appeal is not in the interest of sound judicial administration." Id. The Court agrees with the determination made in Greer that these circumstances do not warrant the entry of a final judgment pursuant to Rule 54(b).

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for Rule 54(b) certification **(dkt. # 213)** is **DENIED**.

**SO ORDERED** this 31st day of May, 2011.


          /s/ DJS
     **DOMINIC J. SQUATRITO**
     **UNITED STATES DISTRICT JUDGE**